IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCELERON, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>DELL INC.,<br><br>    Defendant. | Civil Action File Number<br><br>1:12-cv-4123-TCB<br><br>**JURY TRIAL DEMANDED** |

### DELL INC.'S ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO ACCELERON, LLC'S COMPLAINT

Defendant Dell Inc. ("Dell"), by and through its undersigned counsel, hereby files its Answer and Counterclaims to Plaintiff Acceleron, LLC's ("Acceleron") Complaint (the "Complaint").

### INTRODUCTION

1. Dell admits that Acceleron has brought an action for patent infringement of United States Patent No. 6,948,021, entitled "Cluster Component Network Appliance System and Method for Enhancing Fault Tolerance and Hot-Swapping" ("the '021 Patent"), but denies that this action has any legal merit. Dell denies that it manufactures, uses, sells, offers to sell and/or imports into the United States for subsequent use or sale any product or methods that infringe the

'021 Patent. Dell is without knowledge or information sufficient to form a belief as to whether Acceleron is the owner of the '021 Patent. Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.     Dell admits that Acceleron has brought an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1 *et. seq.* Dell admits that this Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

3.     Dell admits that venue is technically proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b), but Dell does not admit that this forum is the most convenient for this action. Dell further denies that it committed or continues to commit any acts of infringement in this or any other judicial district; and therefore denies that Acceleron is entitled to any relief. Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 3 of the Complaint.

4.     Dell admits that it is subject to the personal jurisdiction of this Court for this action. Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 4 of the Complaint.

5.    Admitted.

## PARTIES

6.    Dell is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint, and therefore denies them.

7.    Dell is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 7 of the Complaint, and therefore denies them.

8.    Admitted.

## COUNT ONE:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,948,021

9.    Dell re-asserts and incorporates herein the responses contained in Paragraphs 1 through 8 of the Complaint as if fully set forth herein.

10.   Dell admits that the '021 Patent was issued from the United States Patent and Trademark Office on September 20, 2005, and further admits that a copy of the '021 Patent was attached to the Complaint as Exhibit "A." Dell is without knowledge or information sufficient to form a belief as to whether Acceleron is the owner, by assignment, of all right, title and interest in and to the '021 Patent. Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 10 of the Complaint.

11. Dell admits that it makes, uses, sells, offer for sale and/or imports blade servers and associated enclosures and modules, including the following products: M420, M520, M600, M605, M610, M610x, M620, M710, M710HD, M805, M820, M910, M905, M915 and PowerEdge M1000e. Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 11 of the Complaint.

12. Dell denies each and every allegation contained in Paragraph 12 of the Complaint.

13. Dell denies that, in the unlikely event that Dell would be found to infringe upon any claim of the '021 Patent, such infringement is willful.

14. Dell denies each and every allegation contained in Paragraph 14 of the Complaint.

15. Dell denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Dell denies each and every allegation contained in Paragraph 16 of the Complaint.

17. Dell denies each and every allegation contained in Paragraph 17 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense (No Infringement)

On information and belief, Dell does not infringe and has not infringed any valid claim of the '021 Patent, either literally or under the doctrine of equivalents.

### Second Defense (Invalidity)

On information and belief, the claims of the '021 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, 112 and/or 132.

### Third Defense (Limitations on Damages)

Acceleron's recovery for alleged infringement of the '021 Patent, if any, is limited by 35 U.S.C. §§ 286, 287, and/or 288.

### Fourth Defense (Prosecution History Estoppel)

On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### Fifth Defense (Laches)

On information and belief, Acceleron's claims for damages derived from the '021 Patent are barred, in whole or in part, by the doctrine of laches.

### Sixth Defense (Failure to State a Claim)

Acceleron's Complaint fails to state a claim upon which relief can be granted against Dell.

### Seventh Defense (Adequate Remedy at Law)

Acceleron is not entitled to injunctive relief because any alleged injury to Acceleron is not immediate or irreparable, Acceleron has an adequate remedy at law, and the balance of hardship and public interest do not favor injunctive relief.

### Eighth Defense (No Willful Infringement)

In the unlikely event that the Court finds Dell has infringed or does infringe any claim of the '021 Patent, such infringement was not and is not willful.

### Ninth Defense (Equitable Defenses)

Acceleron's claims are barred by the doctrines of unclean hands and/or other equitable defenses.

### Tenth Defense (No Exceptional Case)

Acceleron cannot prove that this is an exceptional case justifying an award of attorney fees against Dell, pursuant to 35 U.S.C. § 285.

Reservation of Additional Defenses

Dell reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

**GENERAL DENIAL**

Dell denies each and every factual allegation contained in the Complaint that is not expressly admitted in the preceding paragraphs of this Answer.

**RESPONSE TO ACCELERON'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Dell Inc. prays that the Court enter judgment in its favor and against Plaintiff Acceleron, LLC, as follows:

A. Dismissing Acceleron's Complaint and entering a take-nothing judgment against Acceleron and in favor of Dell;

B. Denying Acceleron's request for damages under 35 U.S.C. § 284;

C. Denying Acceleron's allegation of willful infringement and denying the related request for increased damages under 35 U.S.C. § 284;

D. Denying Acceleron's request that the Court declare this case exceptional and denying the related request for attorneys' fees pursuant to 35 U.S.C. § 285;

7

E.    Denying Acceleron's request for any injunctive relief;

F.    Denying Acceleron's request for damages, including prejudgment or post-judgment interest;

G.    Denying Acceleron's request for all costs associated with this action; and

H.    Granting such other and additional relief to Dell as the Court deems just, equitable and proper.

## JURY DEMAND

In accordance with Rule 38(b) of the Federal Rule of Civil Procedure, Dell hereby demands a trial by jury on all issues related to Acceleron's claims.

## DELL INC.'S COUNTERCLAIMS

## THE PARTIES

1.    Counter-Plaintiff Dell Inc. ("Dell") is a Delaware corporation, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

2.    On information and belief, Counter-Defendant Acceleron, LLC ("Acceleron") is a Delaware limited liability company having its principal place of business at 3350 Riverwood Parkway, Suite 800, Atlanta, Georgia 30339.

## JURISDICTION AND VENUE

3.  Dell's counterclaims include claims for declaratory judgment of non-infringement and invalidity. Jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 100 *et. seq.*, as well as 28 U.S.C. §§ 1331 and 1338.

4.  Counter-Defendant has chosen this venue to enforce its patents. Venue is proper in this Court and judicial district for counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

5.  On or about November 28, 2012, Acceleron filed its Complaint in the United States District Court for the Northern District of Georgia, alleging that Dell has infringed United States Patent No. 6,948,021 ("the '021 Patent").

6.  Based upon the filing of the Complaint and the allegations contained therein, there exists an actual and justiciable controversy between Dell and Acceleron relating to at least Dell's alleged infringement of the '021 Patent and the validity of the '021 Patent. Thus, Dell requests a declaration from the Court in its favor with respect to the Counts listed below.

7. Dell reserves the right to amend the currently pled counterclaims or to add additional counterclaims as they become apparent in the course of this action.

## COUNT ONE - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

8. Dell reasserts all the facts and allegations contained in Paragraphs 1 through 7 of its Counterclaim.

9. Dell does not infringe and has not infringed any valid claim of the '021 Patent, either literally or under the doctrine of equivalents.

10. Dell demands a jury trial as to all elements so triable.

## COUNT TWO - DECLARATORY JUDGMENT OF INVALIDITY

11. Dell reasserts all the facts and allegations contained in Paragraphs 1 through 10 of its Counterclaim.

12. On information and belief, the claims of the '021 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, 112 and/or 132.

13. Dell demands a jury trial as to all elements so triable.

## DELL'S PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiff, Dell Inc., respectfully prays that judgment be entered in its favor and against Counter-Defendant, Acceleron, LLC, as follows:

A.  that Acceleron's Complaint against Dell be dismissed with prejudice and that a take-nothing judgment be entered against Acceleron and in favor of Dell;

B.  that judgment be entered in Dell's favor that it has not and does not infringe any claim of the '021 Patent;

C.  that judgment be entered in Dell's favor that each and every claim of the '021 Patent is invalid;

D.  that judgment be entered in Dell's favor that, any infringement on its part was not and is not willful;

E.  that this case is exceptional and awarding Dell its attorney fees and costs under 35 U.S.C. § 285; and

F.  that Dell be awarded any other relief as the Court deems just and proper.

January 25, 2013                    Respectfully submitted,

                                    ARNALL GOLDEN GREGORY LLP


                                    s/ Anuj Desai
                                    Scott E. Taylor
                                    Georgia Bar. No. 785596
                                    Andrew B. Flake
                                    Georgia Bar No. 262425
                                    Anuj Desai
                                    Georgia Bar No. 193889

                                    Attorneys for Defendant/Counterclaimant,
                                    DELL INC.

                                    171 17th Street Northwest
                                    Suite 2100
                                    Atlanta, Georgia 30363
                                    Ph:  (404) 873-8658
                                    Fax: (404) 873-8659
                                    *anuj.desai@agg.com*

Of Counsel:

Kevin J. Meek (*pro hac vice* pending)
Paula D. Heyman (*pro hac vice* pending)
Nicholas A. Schuneman (*pro hac vice* pending)
Catherine Garza (*pro hac vice* pending)
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard, Suite 1500
Austin, Texas  78701-4078
Telephone:  (512) 322-2500
Facsimile:   (512) 322-2501
E-mail:   *kevin.meek@bakerbotts.com*
E-mail:   *paula.heyman@bakerbotts.com*
Email:   *nick.schuneman@bakerbotts.com*
E-mail:   *catherine.garza@bakerbotts.com*

Roger Fulghum (*pro hac vice* pending)
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone:  (713) 229-1234
Facsimile:   (713) 229-1522
E-mail:   *roger.fulghum@bakerbotts.com*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCELERON, LLC,<br><br>        Plaintiff,<br>v.<br><br>DELL INC.<br><br>        Defendant. | Civil Action File No.<br><br>1:12-cv-04123-TCB<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing upon all counsel of record by ECF filing and by causing a copy of the same to be filed with the Clerk using the electronic CM/ECF filing system, which will automatically cause copies of the same to be delivered to:

>Dan R. Gresham, Esq.
>Eric G. Maurer, Esq.
>Norman Andrew Crain, Esq.
>THOMAS HORSTEMEYER LLP
>Suite 1600 * 400 Interstate North Parkway
>Atlanta, Georgia 30309.

This 25th day of January, 2013.

>s/ Anuj Desai
>Anuj Desai
>Attorney for Defendant/
>Counterclaimant, DELL INC.

14