IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCELERON, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NUMBER 1:12-cv-4123-TCB |
| DELL INC., ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Defendant Dell Inc.'s emergency motion to stay discovery and pretrial deadlines pending the Court's ruling on its motion to transfer this patent infringement action [22]. Courts have the inherent power to control their own dockets, including the power to stay proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). In deciding whether to grant a stay, the Court considers the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date

has been set. *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008). After carefully weighing each factor, the Court has determined that a stay will serve the interests of justice. *See In re Fusion-IO, Inc.*, 489 F. App'x 465, 465 (Fed. Cir. 2012) (directing district court to decide motion to stay and pending motion to transfer before proceeding to any motion on the merits); *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970) ("Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts.").

Accordingly, Dell's motion to stay [22] is GRANTED.

IT IS SO ORDERED this 18th day of March, 2013.

Timothy C. Batten, Sr.
United States District Judge