## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| ACCELERON, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>DELL INC.,<br><br>Defendant. | Civil Action File Number<br><br>1:12-cv-4123-TCB<br><br>**JURY TRIAL DEMANDED** |

## DELL INC.'S ANSWER WITH
## AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
## TO ACCELERON, LLC'S FIRST AMENDED COMPLAINT

Defendant Dell Inc. ("Dell"), by and through its undersigned counsel, hereby files its Answer with Affirmative Defenses and Counterclaims to Plaintiff Acceleron, LLC's ("Acceleron") First Amended Complaint (the "First Amended Complaint").

## **INTRODUCTION**

1.     Dell admits that Acceleron has brought an action for patent infringement of United States Patent No. 6,948,021, entitled "Cluster Component Network Appliance System and Method for Enhancing Fault Tolerance and Hot-Swapping" ("the '021 Patent"), but denies that this action has any legal merit. Dell

denies that it manufactures, uses, sells, offers to sell and/or imports into the United States for subsequent use or sale any products or methods that infringe the '021 Patent. Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 1 of the First Amended Complaint.

## JURISDICTION AND VENUE

2.     Dell admits that Acceleron has brought an action for patent infringement under the patent laws of the United States of America, 35 U.S.C. § 1 *et. seq.* Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 2 of the First Amended Complaint.

3.     Dell denies each and every allegation contained in Paragraph 3 of the First Amended Complaint.

4.     Dell admits that it is subject to the personal jurisdiction of this Court for this action. Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 4 of the First Amended Complaint.

5.     Admitted.

## PARTIES

6.     Dell is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 6 of the First Amended Complaint, and therefore denies them.

7.     Dell denies each and every allegation contained in Paragraph 7 of the First Amended Complaint.

8.     Admitted.

## COUNT ONE:
## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,948,021

9.     Dell admits that the '021 Patent was issued from the United States Patent and Trademark Office on September 20, 2005, and further admits that a copy of the '021 Patent was attached to the First Amended Complaint as Exhibit "A." Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 9 of the First Amended Complaint.

10.     Dell admits that it made, used, sold, offered for sale, and/or imported the following platforms: Dell's FX2 Blade Enclosure, Dell's PowerEdge M1000e Blade Enclosure, Dell's VRTX Blade Enclosure, Dell's 1855 Blade Enclosure, M420, M520, M600, M605, M610, M610x, M620, M710, M710HD, M805, M820, M910, M905, M915, and respective compatible Power Supply Units ("PSUs"), respective compatible Input/Output Modules ("IOMs"), and respective compatible Chassis Management Controllers ("CMCs"). Dell interprets "associated modules" as PSUs, IOMs and CMCs. Dell denies that it ever made, used, sold, offered for sale, and/or imported a platform called the "1955 Blade Enclosure." Dell admits that Exhibit B appears to be an excerpt of Acceleron's

infringement contentions. Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 10 of the First Amended Complaint.

11.     Dell denies each and every allegation contained in Paragraph 11 of the First Amended Complaint.

12.     On information and belief, Dell admits it did not respond to any alleged "second letter." Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 12 of the First Amended Complaint.

**COUNT ONE:**
**ALLEGED DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,948,021**

13.     Dell re-asserts and incorporates herein responses contained above in Paragraphs 1 through 12 as if fully set forth herein.

14.     Dell denies each and every allegation contained in Paragraph 14 of the First Amended Complaint.

15.     Dell denies each and every allegation contained in Paragraph 15 of the First Amended Complaint.

16.     Dell denies each and every allegation contained in Paragraph 16 of the First Amended Complaint.

17.     Dell denies each and every allegation contained in Paragraph 17 of the First Amended Complaint.

18.     Dell denies each and every allegation contained in Paragraph 18 of the First Amended Complaint.

19.     Dell denies each and every allegation contained in Paragraph 19 of the First Amended Complaint.

20.     Dell denies each and every allegation contained in Paragraph 20 of the First Amended Complaint.

## COUNT TWO:
## ALLEGED INDIRECT INFRINGEMENT OF U.S. PATENT NO. 6,948,021

21.     Dell re-asserts and incorporates herein responses contained above in Paragraphs 1 through 20 as if fully set forth herein.

22.     Dell denies each and every allegation contained in Paragraph 22 of the First Amended Complaint.

23.     Dell admits that it has separately sold the following platforms in the United States: Dell's FX2 Blade Enclosure, Dell's PowerEdge M1000e Blade Enclosure, Dell's VRTX Blade Enclosure, Dell's 1855 Blade Enclosure, M420, M520, M600, M605, M610, M610x, M620, M710, M710HD, M805, M820, M910, M905, M915, and respective compatible PSUs, IOMs, and CMCs. Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 23 of the First Amended Complaint.

24.     Dell admits that Dell has provided user's guides, owner's manuals, and configuration guides concerning Dell's platforms to Dell's United States customers. Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 24 of the Complaint.

25.     Dell denies each and every allegation contained in Paragraph 25 of the First Amended Complaint.

26.     Dell denies each and every allegation contained in Paragraph 26 of the First Amended Complaint.

## COUNT THREE:
## ALLEGED CONTRIBUTORY INFRINGEMENT OF
## U.S. PATENT NO. 6,948,021

27.     Dell re-asserts and incorporates herein responses contained above in Paragraphs 1 through 26 as if fully set forth herein.

28.     Dell denies each and every allegation contained in Paragraph 28 of the First Amended Complaint.

29.     Dell admits that it has separately sold the following platforms in the United States: Dell's FX2 Blade Enclosure, Dell's PowerEdge M1000e Blade Enclosure, Dell's VRTX Blade Enclosure, Dell's 1855 Blade Enclosure, M420, M520, M600, M605, M610, M610x, M620, M710, M710HD, M805, M820, M910, M905, and M915, and respective compatible PSUs, IOMs, and CMCs.

Except as explicitly admitted, Dell denies each and every allegation contained in Paragraph 29 of the First Amended Complaint.

30.     Dell denies each and every allegation contained in Paragraph 30 of the First Amended Complaint.

31.     Dell denies each and every allegation contained in Paragraph 31 of the First Amended Complaint.

32.     Dell denies each and every allegation contained in Paragraph 32 of the First Amended Complaint.

33.     Dell denies each and every allegation contained in Paragraph 33 of the First Amended Complaint.

34.     Dell denies each and every allegation contained in Paragraph 34 of the First Amended Complaint.

35.     Dell denies each and every allegation contained in Paragraph 35 of the First Amended Complaint.

**COUNT FOUR:**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,948,021**
**UNDER 35 U.S.C. § 271(f)**

36.     Dell re-asserts and incorporates herein responses contained above in Paragraphs 1 through 35 as if fully set forth herein.

7

37.     Dell denies each and every allegation contained in Paragraph 37 of the First Amended Complaint.

38.     Dell denies each and every allegation contained in Paragraph 38 of the First Amended Complaint.

39.     Dell denies each and every allegation contained in Paragraph 39 of the First Amended Complaint.

40.     Dell denies each and every allegation contained in Paragraph 40 of the First Amended Complaint.

41.     Dell denies each and every allegation contained in Paragraph 41 of the First Amended Complaint.

42.     Dell denies each and every allegation contained in Paragraph 42 of the First Amended Complaint.

43.     Dell denies each and every allegation contained in Paragraph 43 of the First Amended Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense (No Infringement)

Dell does not and has not directly infringed, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), induced infringement under 35

U.S.C. § 271(b), contributed to infringement under 35 U.S.C. § 271(c) or infringed under 35 U.S.C. § 271(f) any valid claim of the '021 Patent.

## Second Defense (Invalidity)

The asserted claims of the '021 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, 112 and/or 132.

## Third Defense (Limitations on Damages)

Acceleron's recovery for alleged infringement of the '021 Patent, if any, is limited by 35 U.S.C. §§ 286, 287, and/or 288.

## Fourth Defense (Prosecution History Estoppel)

On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

## Fifth Defense (Failure to State a Claim)

Acceleron's First Amended Complaint fails to state a claim upon which relief can be granted against Dell.

### Sixth Defense (Adequate Remedy at Law)

Acceleron is not entitled to injunctive relief because any alleged injury to Acceleron is not immediate or irreparable, Acceleron has an adequate remedy at law, and the balance of hardship and public interest do not favor injunctive relief.

### Seventh Defense (No Willful Infringement)

In the unlikely event that the Court finds Dell has infringed or does infringe any claim of the '021 Patent, such infringement was not and is not willful.

### Eighth Defense (Equitable Defenses)

Acceleron's claims are barred by the doctrines of unclean hands and/or other equitable defenses, including equitable estoppel.

### Ninth Defense (No Exceptional Case)

Acceleron cannot prove that this is an exceptional case justifying an award of attorney fees against Dell, pursuant to 35 U.S.C. § 285.

### Tenth Defense (28 U.S.C. § 1498)

Acceleron's damages are limited, in whole or in part, by 28 U.S.C. § 1498.

### Eleventh Defense: Lack of Standing

Acceleron's claims are barred by a lack of standing.

<u>Twelfth Defense: License and Exhaustion</u>

Acceleron's ability to recover is barred or limited by license and/or exhaustion.

<u>Reservation of Additional Defenses</u>

Dell reserves all defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## **GENERAL DENIAL**

Dell denies each and every factual allegation contained in the First Amended Complaint that is not expressly admitted in the preceding paragraphs of this Answer.

## **RESPONSE TO ACCELERON'S PRAYER FOR RELIEF**

WHEREFORE, Defendant Dell Inc. prays that the Court enter judgment in its favor and against Plaintiff, Acceleron, LLC, as follows:

A.      Dismissing Acceleron's First Amended Complaint and entering a take-nothing judgment against Acceleron and in favor of Dell;

B.      Denying Acceleron's request for damages under 35 U.S.C. § 284;

C.     Denying Acceleron's allegation of willful infringement and denying the related request for increased damages under 35 U.S.C. § 284;

D.     Denying Acceleron's request that the Court declare this case exceptional and denying the related request for attorneys' fees pursuant to 35 U.S.C. § 285;

E.     Denying Acceleron's request for any injunctive relief;

F.     Denying Acceleron's request for damages, including prejudgment or post-judgment interest;

G.     Denying Acceleron's request for all costs associated with this action; and

H.     Granting such other and additional relief to Dell as the Court deems just, equitable and proper.

## JURY DEMAND

In accordance with Rule 38(b) of the Federal Rule of Civil Procedure, Dell hereby demands a trial by jury on all issues related to Acceleron's claims.

## DELL INC.'S COUNTERCLAIMS

## THE PARTIES

1.     Counter-Plaintiff Dell Inc. ("Dell") is a Delaware corporation, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

2.     On information and belief, Counter-Defendant Acceleron, LLC ("Acceleron") is a Delaware limited liability company having its principal place of business at 3350 Riverwood Parkway, Suite 800, Atlanta, Georgia 30339.

## JURISDICTION AND VENUE

3.     Dell's counterclaims include claims for declaratory judgment of non-infringement and invalidity. Jurisdiction is proper under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 100 *et. seq.,* as well as 28 U.S.C. §§ 1331 and 1338.

4.     Counter-Defendant has chosen this venue to enforce its patents. Venue is proper in this Court and judicial district for counterclaims pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

5.     On or about August 23, 2018, Acceleron filed its First Amended Complaint in the United States District Court for the Northern District of Georgia, alleging that Dell has infringed United States Patent No. 6,948,021 ("the '021 Patent").

6.     Based upon the filing of the First Amended Complaint and the allegations contained therein, there exists an actual and justiciable controversy between Dell and Acceleron relating to at least Dell's alleged infringement of the

'021 Patent and the validity of the '021 Patent. Thus, Dell requests a declaration from the Court in its favor with respect to the Counts listed below.

7.     Dell reserves the right to amend the currently pled counterclaims or to add additional counterclaims as they become apparent in the course of this action.

## COUNT ONE - DECLARATORY JUDGMENT OF NON-INFRINGEMENT

8.     Dell reasserts all the facts and allegations contained in Paragraphs 1 through 7 of its Counterclaim.

9.     Dell does not and has not directly infringed, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), contributed to infringement under 35 U.S.C. § 271(c) or infringed under 35 U.S.C. § 271(f) any valid claim of the '021 Patent.

10.    Dell demands a jury trial as to all elements so triable.

## COUNT TWO - DECLARATORY JUDGMENT OF INVALIDITY

11.    Dell reasserts all the facts and allegations contained in Paragraphs 1 through 10 of its Counterclaim.

12.    The asserted claims of the '021 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, 112 and/or 132.

13.    Claims 1, 2, 4, 6–13, 18, 19, and 30 of the '021 Patent have been determined to be invalid by the United States Patent and Trademark Office.

14.    Claims 1, 2, 4, 6–13, 18, 19, and 30 of the '021 Patent are prior art to the asserted claims. The subject matter of claims 1, 2, 4, 6–13, 18, 19, and 30 of the '021 Patent were available to the public before the priority date of the '021 Patent. All elements of Claims 1, 2, 4, 6–9, 13, 18, and 19 were described in U.S. Patent No. 6,757,748 B1, issued June 29, 2004 ("Hipp") before the priority date of the '021 Patent. All elements of Claims 10–12 and 30 were obvious before the priority date of the '021 Patent to a person having ordinary skill in the art in light of the combination of Hipp and U.S. Patent No. 6,157,974, issued Dec. 5, 2000 ("Gasparik").

15.    The asserted claims of the '021 Patent are invalid for failure to comply with one or more provisions of the patent laws of the United States of America, Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 102, 103, 112 and/or 132.

16.    The only element of Claim 3 that was allegedly not available to the public before the priority date of the '021 Patent is the addition of "caddies providing air flow from the front to the rear of the chassis" to prior art Claim 2 and prior art Claim 1.

17.   The only element of Claim 14 that was allegedly not available to the public before the priority date of the '021 Patent is the addition to the CPU module of Claim 1 of a "hardware BIOS for configuring the CPU module and instructing a network attached storage (NAS) to locate an operating system (OS) from which to boot."

18.   The only element of Claim 15 that was allegedly not available to the public before the priority date of the '021 Patent is the addition to the CPU module of Claim 1 of "is configured to boot remotely from an OS located in an NAS, and wherein the computer network appliance is free of a local hard disk drive (HDD)."

19.   The only elements of Claim 16 that were allegedly not available to the public before the priority date of the '021 Patent are the elements allegedly not available to the public before the priority date of the '021 Patent claimed via intervening Claim 15 and the addition to the CPU module of "wherein remote booting of a CPU module allows the CPU module to run different types of operating systems."

20.   The only elements of Claim 17 that were allegedly not available to the public before the priority date of the '021 Patent are the elements allegedly not available to the public before the priority date of the '021 Patent claimed via intervening Claim 15 and the addition to the CPU module of "wherein effects of a

lack of a local HDD include increased mean time between failure (MTBF) and decreased mean time to repair (MTTR) of the computer network appliance."

21.   Claim 20, Claim 24, and prior art Claim 1 each have a preamble directed to a "computer network appliance." Claim 20, Claim 24, and prior art Claim 1 each include at least one "hot-swappable CPU module." Claim 20, Claim 24, and prior art Claim 1 each include at least one "hot-swappable power module." Claim 20, Claim 24, and prior art Claim 1 each include at least one "hot-swappable ethernet switch module." Claim 20, Claim 24, and prior art Claim 1 each include at least one "backplane board having a plurality of hot swap mating connectors."

22.   A computer network appliance with a hot-swappable CPU module was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable power module was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable CPU module and a hot-swappable power module was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable ethernet switch module was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable ethernet switch module and a hot-swappable CPU module was available to the public before the priority date of the '021 Patent. A computer

network appliance with a hot-swappable ethernet switch module and a hot-swappable power module was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable ethernet switch module, a hot-swappable CPU module, and a hot-swappable power module was available to the public before the priority date of the '021 Patent. A computer network appliance with a backplane board having a plurality of hot swap mating connectors was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable CPU module and a backplane board having a plurality of hot swap mating connectors was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable power module and a backplane board having a plurality of hot swap mating connectors was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable ethernet switch module and a backplane board having a plurality of hot swap mating connectors was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable power module, a hot-swappable CPU module, and a backplane board having a plurality of hot swap mating connectors was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable ethernet switch module, a hot-swappable

CPU module, and backplane board having a plurality of hot swap mating connectors was available to the public before the priority date of the '021 Patent. A computer network appliance with, a hot-swappable ethernet switch module, a hot-swappable power module, and a backplane board having a plurality of hot swap mating connectors was available to the public before the priority date of the '021 Patent. A computer network appliance with a hot-swappable ethernet switch module, a hot-swappable CPU module, a hot-swappable power module, and a backplane board having a plurality of hot swap mating connectors was available to the public before the priority date of the '021 Patent.

23.     The only elements of Claim 20 that were allegedly not available to the public before the priority date of the '021 Patent are "a microcontroller module and a dedicated ethernet path, wherein the dedicated ethernet path is separate from a switched fast ethernet connection and provides the microcontroller module with a connection to remotely poll the CPU module, the power module and the ethernet switch module" and "wherein each of the CPU module, the power module and the ethernet switch module includes a hot swap connector for connecting with a specific hot swap mating connector of the backplane board."

24.     The only elements of Claim 22 that were allegedly not available to the public before the priority date of the '021 Patent are the elements allegedly not

available to the public claimed via intervening Claim 20 and "wherein the microcontroller module polls the CPU module on the status of an OS."

25.    The only elements of Claim 23 that were allegedly not available to the public before the priority date of the '021 Patent are the elements allegedly not available to the public claimed via intervening Claim 22 and "wherein the microcontroller module performs a remote reset of the CPU module if the OS of the CPU module is determined to be unstable or have crashed."

26.    The only elements of Claim 24 that were allegedly not available to the public before the priority date of the '021 Patent are "wherein each of the CPU module, the power module and the ethernet switch module includes a hot swap connector for connecting with a specific hot swap mating connector of the backplane board" and "wherein the ethernet switch module filters communications internal and external to the computer network appliance to limit collisions caused by communications traffic."

27.    The only elements of Claim 34 that were allegedly not available to the public before the priority date of the '021 Patent are "remotely booting a CPU module in a computer network appliance, comprising: locating an OS in an NAS to boot the CPU module" and "remotely booting the CPU module using the located

OS; wherein the computer network appliance is free of a local HDD in remotely booting the CPU module."

28.     The only elements of Claim 35 that were allegedly not available to the public before the priority date of the '021 Patent is the element allegedly not available to the public claimed via intervening Claim 34 and "wherein the remote booting of the CPU module allows the CPU module to run different types of operating systems."

29.     The only elements of Claim 36 that were allegedly not available to the public before the priority date of the '021 Patent are the elements allegedly not available to the public claimed via intervening Claim 34 and "wherein effects of a lack of a local HDD include increased MTBF and decreased MTTR of the computer network appliance."

30.     Dell demands a jury trial as to all elements so triable.

### **DELL'S PRAYER FOR RELIEF**

WHEREFORE, Counter-Plaintiff, Dell Inc., respectfully prays that judgment be entered in its favor and against Counter-Defendant, Acceleron, LLC, as follows:

A.      that Acceleron's First Amended Complaint against Dell be dismissed with prejudice and that a take-nothing judgment be entered against Acceleron and in favor of Dell;

B.      that judgment be entered in Dell's favor that it has not and does not infringe any claim of the '021 Patent;

C.      that judgment be entered in Dell's favor that each and every claim of the '021 Patent is invalid;

D.      that judgment be entered in Dell's favor that, any infringement on its part was not and is not willful;

E.      that this case is exceptional and awarding Dell its attorney fees and costs under 35 U.S.C. § 285; and

F.      that Dell be awarded any other relief as the Court deems just and proper.

Dated: September 13, 2018          Respectfully submitted,

*Kevin J. Meek*

Kevin J. Meek

Scott E. Taylor
(Georgia Bar No. 785596)
Andrew B. Flake (Georgia
Bar No. 262425)
Anuj Desai
(Georgia Bar No. 193889)
**ARNALL GOLDEN GREGORY LLP**
171 17th Street Northwest, Suite 2100
Atlanta, Georgia  30363
Telephone: (404) 873-8728
Facsimile:  (404) 873-8729
scott.taylor@agg.com
andrew.flake@agg.com
anuj.desai@agg.com

*Of Counsel:*

Kevin J. Meek (admitted *pro hac vice*)
Paula D. Heyman (admitted *pro hac vice*)
Nick Schuneman (admitted *pro hac vice*)
Jennifer Librach Nall (admitted *pro hac vice*)
Valerie K. Barker (admitted *pro hac vice*)
Bailey P. Morgan (admitted *pro hac vice*)
Ryan Clark (admitted *pro hac vice*)
**BAKER BOTTS  L.L.P.**
98 San Jacinto Boulevard, Suite 1500
Austin, Texas  78701-4078
Telephone: (512) 322-2500
Facsimile:  (512) 322-2501
kevin.meek@bakerbotts.com
paula.heyman@bakerbotts.com
nick.schuneman@bakerbotts.com
jennifer.nall@bakerbotts.com

valerie.barker@bakerbotts.com
bailey.morgan@bakerbotts.com
ryan.clark@bakerbotts.com

Roger Fulghum (admitted *pro hac vice*)
**BAKER BOTTS  L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas  77002-4995
Telephone: (713) 229-1234
Facsimile:  (713) 229-1522
roger.fulghum@bakerbotts.com

***ATTORNEYS FOR DEFENDANT/
COUNTERCLAIMANT, DELL INC.***

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing **DELL'S ANSWER AND COUNTERCLAIMS TO ACCELERON'S FIRST AMENDED COMPLAINT** was served on all counsel of record by causing a copy of the same to be filed electronically through the Court's ECF system which will automatically send email notification of such filings to all registered counsel as follows:

N. Andrew Crain
Dan R. Gresham
Eric Maurer
Robert Duncan Gravois
Wesley A. Roberts
**THOMAS |HORSTEMEYER, LLP**
3200 Windy Hill Road, SE. Suite 1600E
Atlanta, GA 30339
Tel:  (770) 933-9500
Fax: (770) 951-0933
andrew.crain@thomashorstemeyer.com
dan.gresham@thomashorstemeyer.com
eric.maurer@thomashorstemeyer.com
robert.gravois@thomashorstemeyer.com
wesley.roberts@thomashorsteyemer.com

Dated:  September 13, 2018.

/s/ Kevin J. Meek
Kevin J. Meek