# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ACCELERON, LLC,

                Plaintiff,

v.

DELL INC.,

                Defendant.

Civil Action File No.:

1:12-cv-04123-TCB

JURY TRIAL DEMANDED

# BRIEF IN SUPPORT OF DELL'S MOTION TO STRIKE
# PLAINTIFF ACCELERON LLC'S
# <u>THIRD AMENDED INFRINGEMENT CONTENTIONS</u>

## **TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................1

II.    BACKGROUND .......................................................................3

III.   ACCELERON'S UNAUTHORIZED AMENDED CONTENTIONS
VIOLATE THE PATENT LOCAL RULES...................................5

IV.   LPR 4.5(C) DOES NOT PROVIDE A BASIS FOR ACCELERON
TO ADD NEW DOCTRINE OF EQUIVALENTS CONTENTIONS..........8

     A.    LPR 4.5(c) Does Not Give Acceleron the Right to add
Doctrine of Equivalents Theories Based on the Disclosures in
Dell's Second Amended Response ........................................9

     B.    Dell's Non-Infringement Positions Were Disclosed Well
Before Dell's Second Amended Response .........................................11

          1.    "CPU Module(s)" Claim Limitation.........................................14

          2.    "Ethernet Switch Module" Claim Limitation ...........................15

          3.    "Backplane Board" Claim Limitation......................................16

          4.    "Caddies for Providing Air Flow" Claim Limitation ...............17

V.    ACCELERON'S AMENDED CONTENTIONS WOULD RESULT
IN PREJUDICE TO BOTH DELL AND THE COURT .............................18

VI.   CONCLUSION...........................................................................22

# TABLE OF AUTHORITIES

CASES                                                                              Page(s)

*Bayer Healthcare Pharm., Inc. et al. v. River's Edge Pharm., LLC et al.*,
     No. 1:11-CV-1634-HLM, Dkt. 454 (N.D. Ga. May 21, 2015) .........................10

*Biscotti Inc. v. Microsoft Corp.*,
     No. 2:13-CV-1015, 2017 WL 2267283 (E.D. Tex. May 24, 2017) ..................20

*Capital Security Sys., Inc. v. NCR Corp., et al.*,
     No. 1:14-CV-1516-WSD, Dkt. 191 (N.D. Ga. May 31, 2017)
     (Duffey, J.) .....................................................................................12, 13

*Schutz Container Sys., Inc. v. Mauser Corp.*,
     No. 1:09-cv-3609-RWS, 2010 WL 2408983 (N.D. Ga. June 11, 2010)
     (Story, J.)...........................................................................................6

*Sipco, LLC v. Control4 Corp.*,
     No. 1:11-cv-0612-JEC-ECS, 2012 WL 12008144 (N.D. Ga. Sept. 29,
     2012) .............................................................................................5, 6

*STS Software Sys., Ltd. v. Witness Sys., Inc.*,
     No. 1:04-CV-2111-RWS, Dkt. 285 (N.D. Ga. Jun. 26, 2007)
     (Story, J.)...........................................................................................9

*Sycamore IP Holdings LLC v. AT&T Corp., et al.*,
     No. 2:16-CV-588-WCB, 2017 WL 4517953 (E.D. Tex. Oct. 10,
     2017) (Bryson, J.) .........................................................................19, 20

OTHER AUTHORITIES

Federal Rule of Civil Procedure Rule 33 ..................................................7

Local Patent Rule 1.2(a) ......................................................................1

Local Patent Rule 3.1(a)(2)...............................................................5, 7

Local Patent Rule 4.1 .......................................................................7, 10

Local Patent Rule 4.1(b)(4)..............................................1, 2, 4, 5, 6, 8, 9

Local Patent Rule 4.2 ........................................................................9, 10, 13, 16, 18

Local Patent Rule 4.2(a) ...................................................................................12

Local Patent Rule 4.2(a)(1) ..........................................................................13, 14

Local Patent Rule 4.3 .........................................................................................16

Local Patent Rule 4.4 .........................................................................................10

Local Patent Rule 4.4(b) ....................................................................................13

Local Patent Rule 4.5(a) ......................................................................................7

Local Patent Rule 4.5(b) ...................................................................................5, 7

Local Patent Rule 4.5(c) ........................................... 1, 2, 8, 9, 10, 11, 12, 18, 21, 22

## <u>TABLE OF EXHIBITS</u>

| Exhibit | Title |
|---|---|
| 1 | Excerpts from Defendant Dell Inc.'s Amended Invalidity Contentions (Oct. 31, 2018) |

## I.    INTRODUCTION

Defendant Dell Inc. ("Dell") requests that the Court strike Acceleron LLC's Third Amended Infringement Contentions ("Third Amended Contentions") served on February 12, 2019 not only because these contentions are untimely but also because they contain new theories of infringement in violation of the Court's Local Patent Rules and the Federal Rules of Civil Procedure. As explained in Dell's Motion to Strike Portions of Plaintiff Acceleron's LLC's Infringement Contentions ("First Motion to Strike"), the boilerplate reservation of rights to later assert infringement under the doctrine of equivalents ("DOE") in Acceleron's Second Amended Infringement Contentions ("Second Amended Contentions") is insufficient and improper under LPR 4.1(b)(4). *See* Dkt. 203-1; Dkt. 231. Instead of defending its contentions, Acceleron LLC ("Acceleron") served the Third Amended Contentions one day before filing its Response[1] (Dkt. 222) and 25 days **after** the date set by this Court as the deadline to respond to outstanding written discovery. Dkt. 201 at 1.[2]

The Court's Local Patent Rules were adopted "to facilitate the speedy, fair and efficient resolution of patent disputes." LPR 1.2(a). LPR 4.5(c) allows for

---

[1]   Dell stipulated to Acceleron's request for an extension on its Response deadline, unaware that Acceleron was using the extension to time its filing to allow for the service of the Third Amended Contentions.

[2]   The parties agreed to, and the Court granted, a short extension of fact discovery setting January 18, 2019 as the deadline for "[c]ompletion of responses to and supplementation of outstanding timely-served written discovery."

amendments to the parties' contentions only when they are "***required***" by a modification of an opposing party's response. Acceleron's interpretation of LPR 4.5(c) as allowing it to provide new infringement theories based on Dell's non-infringement positions not only renders LPR 4.1(b)(4), which requires a party to allege infringement under DOE with specificity, meaningless, but would lead to an impractical and endless cycle where Acceleron gets to amend its contentions ***again*** every time Dell responds to Acceleron's prior amendments to its contentions.

Additionally, even if Acceleron's reading of LPR 4.5(c) is correct—it is not—Acceleron cannot make an adequate showing that its new DOE theories in the Third Amended Contentions were "required" by Dell's Second Amended Response to Plaintiff's Second Amended Infringement Contentions ("Second Amended Response"). Acceleron has been aware of Dell's positions at various times throughout fact discovery, including during claim construction briefing, but at the very latest since October 31, 2018 when Dell served its First Amended Response to Plaintiff's First Amended Infringement Contentions ("First Amended Response"). Further, allowing Acceleron to advance new theories in the Third Amended Contentions and take new positions after the end of fact discovery would result in prejudice both to Dell's ability to conduct adequate discovery and prepare its case and to the Court's ability to manage its calendar.

Accordingly, Dell respectfully requests that the Court strike the Third Amended Contentions, including the new DOE-based theories, and preclude Acceleron from raising the theories in its expert reports.

## II.   BACKGROUND

Acceleron served its initial infringement contentions on June 16, 2017. The contentions contained a single sentence reserving the right to later assert infringement under DOE. Dkt. 203-8 at 4 ("To the extent that any element of the Asserted Claims is found to not be literally present in the respective Dell Accused Instrumentality, Acceleron asserts that such element is present in the respective Dell Accused Instrumentality under the doctrine of equivalents."). Acceleron's claim charts also included nearly identical language as a place holder in the very last sentence for every limitation of each asserted claim. *E.g.* Dkt. 203-9 at 7, 12, 19, 22–23, 29–30, 34, 45, 52, 54–55, 61, 66, 73, 77, 90, 94, 99, 105, 110, 117, 121, 127–28, 137, 147, 156–57, 159, 161–62.[3] Each of Acceleron's First and Second Amended Contentions, respectively served on October 1, 2018 and December 14, 2018, again included the same boilerplate reservation of rights in both the cover document and the charts[4] for every limitation of each of the asserted claims. *E.g.* Dkt. 203-13 at 4; Dkt. 203-2 at 4; *see also* Dkt. 203-3 at 21, 26, 39, 49, 58, 64, 75,

---

[3]   Except for where noted, Dell cites to the chart for the accused PowerEdge M1000e system throughout this motion, which is representative of the charts for other accused systems.

[4]   Acceleron did not amend the chart for the accused PowerEdge M1000e system in the First Amended Contentions.

99, 109, 113–15, 162, 169, 175–77, 182. These boilerplate statements represented the totality of Acceleron's disclosure alleging infringement based on DOE.

Dell initially notified Acceleron that its boilerplate reservation of rights was insufficient under LPR 4.1(b)(4) in its non-infringement contentions served on July 17, 2017 (Dkt. 203-10 at 12–14) and followed up with a detailed letter on January 5, 2018 (Dkt. 203-11 at 7–8). Dell continued to notify Acceleron of its deficient DOE contentions. Dkt. 203-14 at 11–13; Dkt. 203-16 at 11–13. On November 16, 2018, after the Court issued the claim construction order and prior to the original close of fact discovery, Dell sent another letter detailing the deficiencies of Acceleron's DOE allegations. Dkt. 203-15 at 1–2. Although Acceleron served its Second Amended Contentions on December 14, 2018 after receiving Dell's second letter, Acceleron again failed to state how the accused products allegedly infringe based on DOE. It was not until February 12, 2019, when it served its untimely and improper Third Amended Contentions, that Acceleron articulated *any* DOE theories. Dkt. 221-1 at 1; Dkt. 222-1 at 21–22, 40–41, 77, 116-117, 178; Dkt. 222-2 at 17–18, 34–35, 57, 71, 119; Dkt. 222-3 at 11–12, 20–21, 25–26, 44, 53[5], 55-56, 101; Dkt. 222-4 at 11–12, 23–24, 32–33, 48–49, 62-63, 109; Dkt. 222-5 at 12–13, 37–38, 47–48, 67–68, 71-72, 91-92.

---

[5]   Dell notes that chart for the accused PowerEdge FX2 system appears to still include a boilerplate doctrine of equivalents contention with respect to Claim 15 despite Plaintiff's representations that it "removed all instances of the statement

4

### III.   ACCELERON'S UNAUTHORIZED AMENDED CONTENTIONS VIOLATE THE PATENT LOCAL RULES

The Third Amended Contentions are both untimely and improper under this Court's Patent Local Rules and the Federal Rules of Civil Procedure. Specifically, LPR 4.1(b)(4) requires Acceleron to provide contentions that include an explanation of how the accused instrumentalities infringe under DOE and LPR 3.1(a)(2) and LPR 4.5(b) require that the contentions be supplemented in the same manner as a response to an interrogatory. Here, Acceleron failed to provide any explanation of how the accused Dell products allegedly infringe under DOE during fact discovery, but instead violated these rules by adding entirely new theories of infringement after the deadline for supplementing responses to written discovery.

All versions of Acceleron's infringement contentions served during fact discovery, including the Second Amended Contentions served on December 14, 2018, merely contain a boilerplate statement that "[t]o the extent that any element of the Asserted Claims is found to not be literally present in the respective Dell Accused Instrumentality … such element is present in the respective Dell Accused Instrumentality under the doctrine of equivalents." Dkt. 203-2 at 4; *see e.g.* Dkt. 203-3 at 21, 26, 39, 49, 58, 64, 75, 99, 109, 113–15, 162, 169, 175–77, 182. This type of boilerplate statement, which fails to explain how any alleged differences between the asserted claims and the accused products are insubstantial,

---

reserving the right to later assert the doctrine of equivalents." Dkt. 222 at 1; *see also id.* at 7–8, 11.

fails to comply with LPR 4.1(b)(4). *Sipco, LLC v. Control4 Corp.*, No. 1:11-cv-0612-JEC-ECS, 2012 WL 12008144, at *5 (N.D. Ga. Sept. 29, 2012) (Scofield, M.J.) (determining that the plaintiff's boilerplate statements did not comply with LPR 4.1(b)(4) because the plaintiff did "not fully disclose[] the claim elements for which it will rely on the DOE, nor [did] it explain[] how any differences allege[] to exist between the Asserted Claims and the Accused Instrumentalities are insubstantial"); *see also Schutz Container Sys., Inc. v. Mauser Corp.*, No. 1:09-cv-3609-RWS, 2010 WL 2408983, at *2 (N.D. Ga. June 11, 2010) (Story, J.) ("[B]oilerplate contentions do not comply with the requirements of Local Rule 4.1(b)(4), which is crafted to encourage parties to take positions as to the asserted claims.").[6] Thus, as fully explained in the First Motion to Strike, the Second Amended Contentions, which were the operative contentions at the close of fact discovery, are deficient for failing to describe how the accused products infringe under DOE. *See generally* Dkt. 203-1; Dkt. 231.

Dell notified Acceleron of these deficiencies several times prior to the close of fact discovery, including in two detailed letters on January 5, 2018 and November 16, 2018. Dkt. 203-11 at 7–8; Dkt. 203-15 at 1–2. Acceleron ignored Dell's letters (and the Court's rules) by waiting until after the January 18, 2019 deadline for supplementing responses to written interrogatories to assert—for the

---

[6] As noted in the First Motion to Strike, the Courts in *Sipco* and *Schutz* allowed the plaintiffs to amend their contentions because the case was at an early stage. Dkt. 203-1 at n. 3 and n. 4. Here, the case is in the expert discovery stage.

first time—DOE infringement theories. *See* Dkt. 201. Specifically, the Third Amended Contentions served on February 12, 2019 contain new DOE-based contentions for four claim limitations, three of which apply to all asserted claims.[7]

Acceleron's DOE theories in the Third Amended Contentions violate both the Local and Federal Rules. Specifically, LPR 3.1(a)(2) treats infringement contentions like a "discovery request made under the Federal Rules of Civil Procedure" and LPR 4.5(a) states that disclosures under LPR 4.1 "shall have such binding effect on a party as a response to an interrogatory under Rule 33 of the Federal Rules of Civil Procedure." Furthermore, LPR 4.5(b) requires that infringement contentions "be supplemented or amended pursuant to the rules for supplementation and amendment of discovery responses generally provided for under the Federal Rules of Civil Procedure." As such, Acceleron was required to disclose all infringement theories prior to the January 18, 2019 deadline for responding to written discovery. Because Acceleron did not add its doctrine of equivalent theories "in a timely manner" as required by LPR 4.5(b) and the Federal

---

[7]  *E.g.* Dkt. 222-5 at 12–13 (asserting DOE for the "CPU module" limitation of claim 1 from which asserted claims 3 and 14–17 depend); 37–38 (asserting DOE for the "ethernet switch module" limitation of claim 1 from which asserted claims 3 and 14–17 depend); 47–48 (asserting DOE for the "backplane board" limitation of claim 1 from which asserted claims 3 and 14–17 depend); 67–68 (asserting DOE for the "caddies" limitation of asserted claim 3); 71–72 (incorporating by reference in asserted claim 20 the allegations for "CPU module," "ethernet switch module," and "backplane board" from claim 1); 91–92 (incorporating by reference in asserted claim 24 the allegations for "CPU module," "ethernet switch module," and "backplane board" from claim 1).

Rules of Civil Procedure, the Court should strike Acceleron's Third Amended Contentions and preclude Acceleron from relying on these theories in its expert report.

## IV.   LPR 4.5(C) DOES NOT PROVIDE A BASIS FOR ACCELERON TO ADD NEW DOCTRINE OF EQUIVALENTS CONTENTIONS

Acceleron cannot rely on LPR 4.5(c) as a basis to add its new DOE infringement theories. LPR 4.5(c) only allows for an "amendment or modification of [Infringement Contentions] *which a party believes are required* in light of . . . a modification of an opposing party's . . . Response." (Emphasis added). The letter and spirit of this rule cannot mean that Acceleron has a right to add DOE theories based on Dell's non-infringement defenses, as Acceleron contends. *See* Dkt. 222 at 1. Under this interpretation, LPR 4.1(b)(4) would be rendered meaningless because patent owners could lie in wait, withholding their infringement theories—the basis on which the patent owner allegedly filed suit in the first place—until the defendant has shown its cards by revealing how the accused products do not infringe. And under Acceleron's view of the rules, parties could modify their contentions *ad infinitum*, even after written discovery is closed. Moreover, even if LPR 4.5(c) allows new infringement contentions to be added to the case based on disclosed non-infringement defenses, Acceleron cannot make an adequate showing that its new theories in the Third Amended Contentions were required by Dell's Second Amended Response.

**A.    LPR 4.5(c) Does Not Give Acceleron the Right to add Doctrine of Equivalents Theories Based on the Disclosures in Dell's Second Amended Response**

LPR 4.5(c) provides only a limited right to amend disclosures and responses when "required" by a modification of an opposing party's disclosure or response. Acceleron, however, appears to interpret this rule to allow it to not only amend its contentions but also wait to provide any DOE theories until Dell discloses its non-infringement contentions. *See* Dkt. 222-1 at 1 ("By finally asserting a specific basis for non-infringement, rather than a generic denial, Dell provided Acceleron with new arguments … thereby providing Acceleron the right to amend its infringement contentions."). As noted above, Acceleron's interpretation of the rule renders LPR 4.1(b)(4) meaningless and also would lead to an unmanageable situation where the parties can supplement contentions *ad infinitum*. As recognized by other courts in this district, an "endless cycle of supplementation" is "*theoretically possible*" based on the plain language of LPR 4.5(c). *See STS Software Sys., Ltd. v. Witness Sys., Inc.*, No. 1:04-CV-2111-RWS, Dkt. 285 at 20–21 (N.D. Ga. Jun. 26, 2007) (Story, J.). However, the court recognized that this possibility is unlikely to occur based on "the parties' duty to act in good faith and to avoid undue delay." *Id.* at 21.

Unfortunately, this "theoretical possibility" appears to have become reality here. As noted above in Section III, Acceleron failed to provide any DOE contentions prior to the deadline for supplementing responses to written discovery. If LPR 4.5(c) allows the Third Amended Contentions, then Dell would also be entitled to amend its non-infringement contentions under both LPR 4.2 and 4.5(c)

9

to respond to Acceleron's new DOE contentions. In fact, out of an abundance of caution, Dell served its Third Amended Non-Infringement Contentions ("Third Amended Response") on March 15, 2019 in response to the Third Amended Contentions. Under Acceleron's view of the rules, it could now serve Fourth Amended Contentions based on Dell's Third Amended Response, and under LPR 4.5(c), Acceleron would have until April 14, 2019 to do so, which would mean that this amendment would be due *after* Acceleron's opening expert report on infringement is due. Dkt. 201 at 1 (setting April 1, 2019 as the date for "Expert witness disclosures required by Rule 26 on issues on which each bears the burden of proof). And Dell would be entitled under LPR 4.2 and 4.5(c) to amend its non-infringement contentions on May 14, 2019 and after expert rebuttal reports are due. *Id.* at 2 (setting May 1, 2019 as the date for rebuttal reports). This cannot possibly be what was intended by LPR 4.5(c) or the Local Patent Rules in general.

LPRs 4.1 and 4.4 require Acceleron to disclose its infringement theories early in the case, but Acceleron failed to disclose any DOE theories until serving its Third Amended Contentions. As the plaintiff and patent owner, Acceleron has the burden to prove infringement and should have developed its theories of infringement, including its DOE theories, prior to bringing this lawsuit. At this late stage of litigation, Acceleron cannot claim that its new theories are "required" by Dell's non-infringement defenses simply because they failed to anticipate Dell's defense. *See Bayer Healthcare Pharm., Inc. et al. v. River's Edge Pharm., LLC et*

*al.*, No. 1:11-CV-1634-HLM, Dkt. 454 at 11-12, n.5 (N.D. Ga. May 21, 2015) (Special Master's Report and Recommendation adopted at Dkt. 455 and stating that, although amendments may be made under LPR 4.5(c) when required, "[t]his opportunity . . . is not a "do-over," and should not be read as allowing either party to freely introduce previously undisclosed case theories, contentions, or prior art in defiance of the Patent Local Rules and/or Court's previous Scheduling Orders."). Acceleron failed to amend its contentions throughout discovery as technical and other information came to light and cannot now use Dell's defenses as a basis for an amendment that adds DOE contentions.[8] The Court should strike the Third Amended Contentions in their entirety.

### B.   Dell's Non-Infringement Positions Were Disclosed Well Before Dell's Second Amended Response

Under the plain language of the Court's local patent rules, only amendments that are ***required*** by a modification can be made pursuant to LPR 4.5(c). *Compare*

---

[8]   While Acceleron ***adds*** new theories of infringement after the close of discovery in the Third Amended Contentions, Dell notes that its Second Amended Invalidity Contentions, which were timely served during the discovery period, ***decrease*** the number of obviousness combinations at issue in the case. Dell disclosed its invalidity theories early in the case and has amended its invalidity contentions as information regarding prior art systems became available throughout discovery. However, Acceleron maintained its complaint regarding the number of combinations at issue, and Dell continued to work with opposing counsel to reach an agreement regarding this issue. None of this changes the fact that Dell's amendment, unlike Acceleron's, was made in compliance with the Local Patent Rules and in an effort to simplify the case, conserve Court and party resources, and avoid unnecessary delays.

LPR 4.5(c) (limiting amendments and modifications to those that are required) *with* LPR 4.2(a) (providing an unqualified right to respond to infringement contentions). The Northern District of Georgia has interpreted LPR 4.5(c) to require an amending party to show that an amendment is required. *See Capital Security Sys., Inc. v. NCR Corp., et al.*, No. 1:14-CV-1516-WSD, Dkt. 191 at 11–14 (N.D. Ga. May 31, 2017) (Duffey, J.) (holding amended invalidity contentions untimely when a party failed to show that new references were required to be disclosed in light of a claim construction order).

In *Capital Security*, the court determined that the accused infringer, NCR, had not adequately shown that amendments to invalidity contentions were required by the court's claim construction ruling. *Id.* at 14. In justifying its amendments, NCR "claim[ed] it had a good-faith belief that the Court's Claim Construction Order required the New References." *Id.* at 11. However, the court determined that NCR's stated reasons for why the constructions required NCR to add references to its contentions were "not credible" and "disingenuous." *Id.* at 11–14. Specifically, the court found that NCR was aware of and even took the position with respect to the court's claim construction, well before the *Markman* hearing. *Id.* at 12.

Despite Dell disclosing its positions to Acceleron long before Dell's Second Amended Response, Acceleron's Third Amended Contentions include new DOE infringement theories for four claim limitations: "CPU module(s)," "ethernet

switch module," "caddies providing airflow form the front to the rear of the chassis," and "backplane board."

Like NCR in *Capital Security*, Acceleron knew Dell's positions and should have disclosed its DOE theories much earlier. Specifically, as required by LPR 4.2(a)(1), Dell disclosed to Acceleron what particular claim language would be the focus of Dell's non-infringement defenses long before Dell served its Second Amended Response. *See generally* Dkt. 221-8, Dkt. 221-18. For all but the "backplane board" limitation, Dell disclosed to Acceleron what limitations Dell contends the accused products do not infringe at least as early as July 2017 when Dell served its initial non-infringement contentions. Dkt. 221-8. Specifically, Dell claimed that the accused products do not include a "CPU module," an "ethernet" module, a "switch" module, and caddies "for providing airflow." *E.g.*, Dkt. 221-8 at 2, 3, 6. For the "backplane board" limitation, Acceleron first accused the PowerEdge MX7000, which unlike the other accused systems has a non-unitary backplane, of infringing on October 1, 2018. Dkt. 222-6 at 33–42. In response to these contentions, Dell's First Amended Response served on October 31, 2018 claimed that the accused MX7000 system does not have a "backplane board." Dkt. 221-22 at 4.

Dell served its Second Amended Response pursuant to LPR 4.2 and 4.4(b) and in response to Acceleron's Second Amended Contentions on January 14, 2019. Unlike Acceleron's previous contentions, the Second Amended Contentions

included extensive citations to documents that Dell had produced to Acceleron over a year prior to the Second Amended Infringement Contentions being served. *See generally, e.g.*, Dkt. 222-7. Given that the Second Amended Contentions provided additional detail, Dell responded in kind in accordance with LPR 4.2(a)(1), which requires "a chart responsive to the claims chart contained within the Disclosure of Infringement Contentions," by similarly adding detail responsive to Acceleron's infringement contentions.

For each of the claim limitations for which Acceleron has added new DOE-based infringement theories (i.e., "CPU module," "ethernet switch module," "backplane board," and "caddies providing airflow form the front to the rear of the chassis"), Dell's Second Amended Response maintains the exact wording of its previous non-infringement contentions, includes the Court's claim construction ruling, if any, and provides an explanation of the non-infringement defense. *Compare* Dkt. 222-9 at 2, 3, 6 *with* Dkt. 222-13 at 2, 6, 15 *and compare* Dkt. 222-23 at 4 *with* Dkt. 222-40 at 6–7. The explanation of Dell's non-infringement defenses, however, does not justify Acceleron adding, for the first time, DOE theories of infringement because Dell disclosed its defenses to Acceleron well before service of Dell's Second Amended Response.

### 1.    "CPU Module(s)" Claim Limitation

Dell disclosed its non-infringement position related to "CPU modules" at least as early as late 2017 during briefing for claim construction. During claim

construction, Dell argued that "CPU module" should be construed as "a module that has a central processing unit but lacks a mass storage device."[9] Dkt. 85; Dkt. 93 at 8–12. Thus, Dell clearly indicated that it would argue that the blades in the accused products could not infringe because they lack a hard disk drive, which is a type of mass storage device. As such, Acceleron could have and should have advanced its DOE theory for "CPU module" at least in its Second Amended Contentions served on December 14, 2018 in response to the Court's claim construction order.

## 2. "Ethernet Switch Module" Claim Limitation

Similarly, Dell disclosed its non-infringement position with respect to "switch" module in the "ethernet switch module" claim limitation during claim construction briefing. Dell's technical expert, Dr. William Michalson, testified that "[u]nlike hubs and pass-throughs, which repeat incoming communications on all outgoing ports, ethernet switches direct communications to a particular port based on the address of the communications." Dkt. 93-6 at ¶ 18. Thus, Dell clearly indicated that it was distinguishing pass-throughs from the claimed "switch module." Furthermore, this should have been obvious from Dell's non-infringement contentions because Dell separately stated its contentions for a "switch" module within the "ethernet switch module" limitation to make it clear

---

[9] The Special Master and the Court adopted Dell's construction but modified it to be "a module that has a central processing unit but lacks a hard disk drive." Dkt. 119 at 19; Dkt. 182 at 24.

that Dell's position involved arguments related to whether accused modules were switches.

With respect to the "ethernet" portion of the "ethernet switch module" limitation, Dell disclosed its position as early as July 17, 2017, when Dell served its initial non-infringement contentions. In all of its non-infringement contentions, Dell separated its contentions for a "switch" module from the contentions for an "ethernet" module, thus signaling its position for a separate non-infringement position with respect to whether an input/output module was Ethernet-based. Furthermore, the asserted patent fails to mention either Fibre Channel or InfiniBand switches and focuses solely on ethernet switches. *See e.g.*, '021 Patent at 6:1–52. Thus, Acceleron could have and should have advanced its DOE theories for "ethernet switch module" at least in its Second Amended Contentions served on December 14, 2018.

### 3.    "Backplane Board" Claim Limitation

Dell disclosed its non-infringement position with respect to the "backplane board" limitation in accordance with LPR 4.2 and 4.3. On October 31, 2018, thirty-days after Acceleron first accused the MX7000 System, Dell served amended non-infringement and invalidity contentions. In its First Amended Response, Dell contended that the MX7000 System does not include "a backplane board." Dkt. 222-16 at 6–7. Additionally, Dell made it clear in its First Amended Invalidity Contentions that it disputed Acceleron's allegations that "multiple, non-unitary

planar boards" meet the 'backplane board' limitation recited in all Asserted Claims." Ex. 1 at 76. Accordingly, Acceleron could have and should have advanced its DOE theories for "backplane board" at least in its Second Amended Contentions served on December 14, 2018.

### 4. "Caddies for Providing Air Flow" Claim Limitation

Like its contentions with respect to "ethernet switch module," Dell specifically and separately stated contentions for both "caddies" and "providing air flow" to make clear that Dell's position would involve arguments regarding whether the systems include a caddy and whether the caddy, if any, provides air flow. Additionally, the parties have been arguing about the scope of this limitation since Dell filed its *inter partes* review petitions in July 2013 challenging certain claims, including claim 3, of the asserted patent. *See* Dkt. 94-4 at 17. In its petition, Dell alleged that the articulating door of the prior art *Hipp* reference, which included a plurality of fans, was a caddy that provides air flow. *Id.* Thus, Dell disclosed at least as early as July 2017 and even as early as 2013 that Dell would be challenging whether any alleged caddy on the blades of the accused products provides airflow as required by claim 3.

None of Dell's modifications in its Second Amended Response constitute new non-infringement defenses requiring Acceleron to amend its contentions. Rather, Acceleron has been aware of Dell's non-infringement defenses at various times throughout fact discovery. Thus, the very latest that Acceleron could have

amended its contentions based on Dell's non-infringement positions was thirty days after the Court issued its claim construction ruling, i.e., December 14, 2018. In light of the claim construction ruling, Acceleron had the opportunity to consider whether amendments to its infringement contentions, including any potential DOE theories, were warranted. Had Acceleron amended its infringement contentions to include allegations based on DOE at this time, Dell would have been able to respond as allowed under LPR 4.2 and 4.5(c) and would have at least been able to avail itself of the short time remaining in the discovery period to seek information relevant to its defense against any DOE contentions. However, Acceleron did not amend its contentions to include any DOE-based infringement theories, instead waiting until after fact discovery ended. Thus, Acceleron has failed to make a sufficient showing that its Third Amended Contentions were required by Dell's Second Amended Response, and, thus, the Third Amended Contentions fail to comply with LPR 4.5(c).

## V.   ACCELERON'S AMENDED CONTENTIONS WOULD RESULT IN PREJUDICE TO BOTH DELL AND THE COURT

Dell will suffer prejudice if Acceleron is allowed to violate the Local Patent and Federal Rules by adding new theories of infringement at this late stage of the case. Due to Acceleron withholding its infringement theories under DOE until this late stage of the litigation, Dell was unable to account for these theories when considering whether to seek a claim construction for certain claim terms. For example, Dell likely would have sought a construction of "ethernet" within the

term "ethernet switch module," and "providing air flow" in addition to "caddies," because Acceleron's DOE arguments center on these terms.

Additionally, fact discovery has now closed in this case, and Dell has not been allowed to gather evidence concerning DOE to formulate a defense. Here, Dell will be severely prejudiced if Acceleron is allowed to amend its infringement contentions at this late date. Acceleron's position regarding insubstantial differences between the Accused Products and the claim language raises fact issues that must be explored during fact discovery, yet fact discovery is closed. Dell was unable to seek deposition testimony relevant to Acceleron's DOE theories during technical depositions of the named inventors of the Asserted Patent, Joel Derrico and Paul Freet, and other technical witnesses, including Charles Watt. *See Sycamore IP Holdings LLC v. AT&T Corp., et al.*, No. 2:16-CV-588-WCB, 2017 WL 4517953, at *5 (E.D. Tex. Oct. 10, 2017) (Bryson, J.) ("The prejudice to [defendant] is … the party's loss of an opportunity to use discovery to explore the opposing party's theories and the loss of time to develop responses to those theories."). Given that fact discovery closed in January with respect to written discovery and in February with respect to depositions, Dell now would be forced to request discovery be reopened to allow Dell to develop a response to Acceleron's new infringement theories.

Revisiting claim construction or reopening discovery could result in the Court needing to revise its Scheduling Order and could ultimately prevent this case

from being resolved in 2019. This prejudice is the direct result of Acceleron withholding its infringement theories under DOE until it improperly served its Third Amended Contentions after the close of fact discovery and after Dell had served what it thought to be its final non-infringement contentions.

In contrast, Acceleron cannot argue that it will be prejudiced if it is not allowed to pursue infringement under DOE. Throughout this litigation and up until serving the Third Amended Contentions, Acceleron elected to include only boilerplate references to any DOE theories of infringement. Additionally, Acceleron expressly maintained its position that each claim element is literally present in Dell's products.[10] Thus, Acceleron will not suffer unfair prejudice if its DOE theories are stricken. *See Sycamore*, 2017 WL 4517953, at *4 (finding that a DOE theory was "at most . . . a back-up theory of liability . . . that emerged late in the development of the case."); *see also Biscotti Inc. v. Microsoft Corp.*, No. 2:13-

---

[10]  *See, e.g.,* Dkt. 222-1 at 21–22 ("As shown above, the claim element "a plurality of hot-swappable CPU modules" is literally present in the M1000e Products." and "Therefore, Acceleron contends that this claim element is both literally present and present under the doctrine of equivalents."), 40–41 (similar language for "ethernet switch module"), 77 (similar language for "caddies providing air flow"); Dkt. 222-2 at 17–18, 34–35, 57 (similar language for claim elements for the 1855/1955 Accused Products); Dkt. 222-3 at 11–12, 20–21, 25–26, 44, 53 (similar language for each of the four claim elements for the FX2 Accused Products); Dkt. 222-4 at 11–12, 23–24, 32–33, 48–49 (similar language for each of the four claim elements for the VRTX Accused Products); Dkt. 222-5 at 12–13, 37–38, 47–48, 67–68 (similar language for each of the four claim elements for the MX7000 Accused Products).

CV-1015, 2017 WL 2267283, at *4 (E.D. Tex. May 24, 2017) (Payne, M.J.) (finding that a late-added theory of infringement was "not critically important" and was "supplemental to Biscotti's original basis for infringement.").

Dell also reiterates that Acceleron had the opportunity to amend the infringement contentions following the Court's claim construction ruling. Dell served its Second Amended Invalidity Contentions within the thirty-day period allowed under LPR 4.5(c). Although Acceleron served its Second Amended Contentions within the thirty-day period allowed under LPR 4.5(c), it did not include DOE-based infringement contentions, but rather maintained its boilerplate assertions. Thus, any prejudice to Acceleron is self-inflicted because Acceleron could have amended at numerous times before the close of fact discovery on January 18, 2019. Even taking the most generous view of the untimely amendment, Acceleron was over three weeks past the close of fact discovery when it served its Third Amended Contentions.[11] In order to avoid unnecessary delay of the Court's Scheduling Order, unnecessary waste of resources by the parties and the Court, and

---

[11] As noted in the First Motion to Strike, as to the effect of holding Acceleron to the Court's deadlines, Dell respectfully reminds the Court that Dell was precluded from pursuing an entire set of discovery that—due to a misinterpretation of the Court's calendar—was served two days late and for which Acceleron refused to agree to a short extension. At that time, the Court alluded to the consequence that "you live by the sword, you die by the sword." Dkt. 231-7 at 71:9-10, 72:2-5. In this instance, the Court would be giving Acceleron far more than the two-day grace period it denied Dell. Rather, the Court would be excusing months of dilatory behavior with Acceleron ignoring the Court's rules and Dell's many notices of noncompliance.

21

further costs to the parties, the Court should strike the Third Amended Contentions.

## VI.   CONCLUSION

For the foregoing reasons and based on their impropriety and untimeliness under LPR 4.5(c), Dell respectfully requests that the Court strike the Third Amended Contentions and preclude Acceleron from amending these contentions or including these contentions in their expert reports.

Dated: March 28, 2019                Respectfully submitted,

                                     */s/ Kevin J. Meek*
                                     Kevin J. Meek

                                     Scott E. Taylor (Georgia Bar No. 785596)
                                     Andrew B. Flake (Georgia Bar No. 262425)
                                     Anuj Desai (Georgia Bar No. 193889)
                                     **ARNALL GOLDEN GREGORY LLP**
                                     171 17th Street Northwest, Suite 2100
                                     Atlanta, Georgia 30363
                                     Telephone: (404) 873-8728
                                     Facsimile: (404) 873-8729
                                     Email: scott.taylor@agg.com
                                             andrew.flake@agg.com
                                             anuj.desai@agg.com

                                     *Of Counsel:*

                                     **BAKER BOTTS L.L.P.**

                                     Kevin J. Meek (admitted *pro hac vice*)
                                     Paula D. Heyman (admitted *pro hac vice*)
                                     Nick Schuneman (admitted *pro hac vice*)
                                     Jennifer L. Nall (admitted *pro hac vice*)

Valerie K. Barker (admitted *pro hac vice*)
Bailey P. Morgan (admitted *pro hac vice*)
Ryan Clark *(*admitted *pro hac vice*)
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4078
Telephone: (512) 322-2500
Facsimile: (512) 322-2501
E-mail: kevin.meek@bakerbotts.com
   paula.heyman@bakerbotts.com
   nick.schuneman@bakerbotts.com
   jennifer.nall@bakerbotts.com
   valerie.barker@bakerbotts.com
   **bailey.watkins@bakerbotts.com**
   ryan.clark@bakerbotts.com

**BAKER BOTTS L.L.P.**

Roger Fulghum (admitted *pro hac vice*)
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
E-mail: roger.fulghum@bakerbotts.com

***ATTORNEYS FOR DEFENDANT/
COUNTERCLAIMANT, DELL INC***

23

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

The undersigned counsel hereby certifies that the foregoing **BRIEF IN SUPPORT OF DELL'S MOTION TO STRIKE PLAINTIFF ACCELERON LLC'S THIRD AMENDED INFRINGEMENT CONTENTIONS** was prepared using 14-point Times New Roman font and a top margin of 1½ inches in accordance with Northern District of Georgia Local Rule 5.1 (C) and (D).

Dated: March 28, 2019.

_/s/ Kevin J. Meek_
Kevin J. Meek

## CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing **BRIEF IN SUPPORT OF DELL'S MOTION TO STRIKE PLAINTIFF ACCELERON LLC'S THIRD AMENDED INFRINGEMENT CONTENTIONS** was served on all counsel of record by causing a copy of the same to be filed electronically through the Court's ECF system which will automatically send email notification of such filings to all registered counsel as follows:

N. Andrew Crain
Dan R. Gresham
Eric Maurer
Robert Duncan Gravois
Wesley A. Roberts
**THOMAS |HORSTEMEYER, LLP**
Suite 1600E
3200 Windy Hill Road, SE
Atlanta, GA 30339
Tel: (770) 933-9500
Fax: (770) 951-0933
andrew.crain@thomashorstemeyer.com
dan.gresham@thomashorstemeyer.com
eric.maurer@thomashorstemeyer.com
robert.gravois@thomashorstemeyer.com
wesley.roberts@thomashorstemeyer.com

March 28, 2019                          _/s/ Kevin J. Meek_
                                        Kevin J. Meek