**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ACCELERON, LLC, | |
| Plaintiffs, | Civil Action File No. |
| | 1:12-cv-04123-TCB |
| v. | |
| DELL INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## DEFENDANT DELL INC'S RESPONSE TO ACCELERON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON INFRINGEMENT

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................... 1

II.  LEGAL STANDARD ............................................................... 2

III. A GENUINE DISPUTE OF MATERIAL FACT EXISTS AS TO
     WHETHER THE ACCUSED PRODUCTS INFRINGE CLAIM 3 ................. 2

     A.   All IOMs Are Not Hot-Swappable Ethernet Switch
          Modules.......................................................................... 3

          1.   █████████████████████████
               ............................................................................ 3

          2.   ████████████████ ........................................ 4

          3.   ██████████████████████
               ..................... 6

     B.   The ██████ Does Not Include a Backplane Board
          that Interconnects the Server Blades with ███████
          ███████ .................................................................... 7

     C.   The Accused Products Do Not Include Hot-
          Swappable CPU Modules or Caddies Providing Air
          Flow from the Front to the Rear of the Chassis........................ 9

          1.   ███████████████████
               ................................................................... 9

          2.   ███████████████████ ...................... 11

          3.   ███████████████████████
               ..................................... 14

IV.  A GENUINE DISPUTE OF MATERIAL FACT EXISTS AS TO
     WHETHER THE ACCUSED PRODUCTS INFRINGE CLAIM 20 ............. 15

     A.   The Court's Construction of the Term "poll(s)"
          Excludes Interrupt-Driven Communications.......................... 16

     B.   The Difference in Expert Opinion At Least Raises a
          Material Dispute of Fact .................................................. 17

     C.   ████████████████████
          ............................................................. 19

     D.   ████████████████████

████████████ ........................................................................ 21

E.  ██████████████████████████
    ████████████ ............................................................ 22

V.  A GENUINE DISPUTE OF MATERIAL FACT EXISTS AS TO
    WHETHER THE ACCUSED PRODUCTS INFRINGE CLAIM 24............. 24

VI. CONCLUSION ............................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ............................................................................2

*Crown Packaging Technology, Inc. v. Ball Metal Beverage Container Corp.*,
635 F.3d 1373 (Fed. Cir. 2011).........................................................6

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009).......................................................17

*Flexitreek Ams., Inc. v. Plasteak, Inc.*,
603 F. App'x 994 (Fed. Cir. 2015) ..................................................19

*General Mills, Inc. v. Hunt-Wesson, Inc.*,
103 F.3d 978 (Fed. Cir. 1997)..........................................................17

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
521 F.3d 1351 (Fed. Cir. 2008)..............................................1, 4, 15

*Pediatric Med. Dev., Inc. v. Ind. Mills & Mfg., Inc.*,
984 F. Supp. 2d 1362 (N.D. Ga. 2013) ..............................................2

*Tristata, Inc. v. Microsoft Corp.*,
No. 11-CV-03797-JST, 2013 WL 5645984 (N.D. Cal. Oct. 16, 2013), *aff'd*, 594 F. App'x 653 (Fed. Cir. 2014) ...............................19

*U.S. v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in Ala.*,
941 F.2d 1428 (11th Cir. 1991).........................................................2

*UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*,
816 F.3d 816 (Fed. Cir. 2016)..........................................................21

*Weiss v. Reebok Int'l, Ltd., Inc.*,
91 F. App'x 683 (Fed. Cir. 2004) ....................................................12

## I.    INTRODUCTION

Genuine issues of material fact exist such that summary judgment of infringement is not appropriate. Specifically, the parties have factual disputes about whether the Accused Products include a "hot-swappable CPU module," "a hot-swappable ethernet switch module," "a backplane board," "caddies," "a microcontroller module . . . [that] remotely poll[s] the CPU module," and an "ethernet switch module [that] filters communications . . . to limit collisions caused by communications traffic." Additionally, the parties' experts have differing views of how a person of ordinary skill in the art would understand the disclosure of the '021 Patent and the scope of the Court's construction of several claim terms. Before the Court can reach the ultimate question of infringement, it must clarify the claim construction disputes. *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).

Acceleron's Motion for Partial Summary Judgment of Infringement (Dkt. 263) ignores legal disputes related to claim construction, fails to apply the Court's constructions, and ignores and mischaracterizes the evidence. Specifically, Acceleron selectively cites portions but wholly ignores other portions of Dell's expert report. This paints a misleading picture that the issues are simple and infringement is clear. In reality, the parties dispute numerous facts, and Dell's non-infringement case is strong. As made clear below, issues of fact exist that make summary judgment inappropriate, and the Court should deny Acceleron's motion.

## II.     LEGAL STANDARD

Pursuant to Rule 56, summary judgment is appropriate when the evidence submitted by the parties shows no genuine issue of material fact exists. FED. R. CIV. P. 56(a). The movant's burden is to negate an essential element of the non-movant's case or to show that there is no evidence to prove a fact necessary to the non-movant's case. *U.S. v. Four Parcels of Real Prop. in Greene & Tuscaloosa Ctys. in Ala.*, 941 F.2d 1428, 1437–38 (11th Cir. 1991). The burden shifts to the non-movant, who must present "significant, probative evidence demonstrating the existence of a triable issue of fact." *Id.* at 1438 (citations omitted). In determining whether a genuine issue of material fact exists, the trial court must assume that the non-movant's evidence is credible and draw all reasonable inferences in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment of non-infringement is appropriate ***only*** when a reasonable jury "could reach only one conclusion about infringement," or "where the patent owner's proof is deficient in meeting an essential part of the legal standard of infringement, since such failure will render all other facts immaterial." *Pediatric Med. Dev., Inc. v. Ind. Mills & Mfg., Inc.*, 984 F. Supp. 2d 1362, 1365 (N.D. Ga. 2013).

## III.    A GENUINE DISPUTE OF MATERIAL FACT EXISTS AS TO WHETHER THE ACCUSED PRODUCTS INFRINGE CLAIM 3

Acceleron's motion for partial summary judgment fails because the parties have factual disputes on four claim limitations: "a plurality of hot-swappable CPU modules," "a hot-swappable ethernet switch module," "a backplane board," and

"caddies providing air flow from the front to the rear of the chassis." *See* Mot.[1] at 2, 23–25. Because Acceleron ignores these disputes, Acceleron's motion for summary judgment of infringement of Claim 3 should be denied.

### A.    All IOMs Are Not Hot-Swappable Ethernet Switch Modules

There are clear disputes regarding whether the Accused Products include "a hot-swappable ethernet switch module." Mot. at 10–13, 22–23. The parties disagree on whether (1) ████████████████████████████████████ ████████████████ (2) ████████████████████████████████ ████████████████████████

###    1.    ████████████████████████████████

Under the Court's construction, ████████████████████████ ████████████████ The Court construed "ethernet switch module" as "a module that [is] configured to *route* network communications *between multiple devices*." Dkt. 182 at 25 (emphasis added). This construction requires more than just hardwiring two devices together—████████████████████████ SAF at ¶¶ B-46, B-50. Acceleron's interpretation of "ethernet switch module" reads out the concept of a "switch," which both party's experts agreed must route network communications by selecting between two or more available paths.[2] SAF at ¶¶ B-44–B-45. The '021

---

[1] Dkt. 263.

[2] ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ SAF at ¶ B-48.

Patent provides a "traffic cop" analogy to illustrate the concept of selecting a path: just as a traffic cop directs traffic at an intersection, an ethernet switch module directs network communications to multiple devices among multiple paths. SAF at ¶ B-47. Acceleron ignores the express teaching of the '021 Patent, as well as its expert's understanding of how a switch operates, demonstrating that the parties have a dispute regarding the scope of the Court's construction. The Court must resolve this dispute and determine what it means to "route network communications between multiple devices." *See O2 Micro*, 521 F.3d at 1362.

Because the parties do not dispute how the ████████████ operate, the Court's clarification of the scope of "ethernet switch module" will be dispositive. ████████████████████████████████████████████████ ██████████████████████████████████████ ██████████████████████████████ SAF at ¶¶ B-46, B-50. Consequently, ████████ ████████—which does not route network communications on multiple paths between multiple devices—cannot be the claimed "ethernet switch module."



2.   ████████████████████

SAF at ¶ B-49.

███████████████████████████████████████ Dkt. 264 at 5–10. "Hot-swappable" means more than just ***physically*** adding a component to a system while the system is powered on, but instead must mean that the component is ***functionally*** added. *Id.* at 6–8. Dell requests clarification of the construction in its motion for partial summary judgement to expressly address this. *Id.* Under the proper construction of "hot-swappable . . . module," ██████████████████ ███████████████████████████████████████ ████████████████████ *Id.* at 8–10. ██████████████████ ████████████████████ such that Dell, not Acceleron, is entitled to summary judgment of non-infringement ██████████████████████ *Id.* at 5–10.

Under Acceleron's interpretation of the construction, the parties have a material dispute regarding whether ████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ████████ SAF at ¶ B-51–B-53, B-56, B-62. ████████████ ███████████████████████████████████████ ███████████████████ SAF at ¶¶ B-63, B-64. ██████████ ███████████████████████████████████████ ███████████████████████████████████████ ██████████████████ SAF at ¶¶ B-54–B61. Acceleron ignores this

evidence in its motion. Mot. at 22–24. Therefore, there is a factual dispute between the parties regarding the evidence, which must be resolved by the jury.

3.   

SAF at ¶¶ B-38–B-41. The '021 Patent's teachings regarding the functions and goals of the ethernet switch module are inconsistent with ███████████████████████████ *Id*. For example, the patent describes goals such as a reduction in additional hardware, not requiring direct connections between modules in the system, and not requiring skilled maintenance personnel. SAF at ¶ B-39. These goals are inconsistent with ██████████████████████████ SAF at ¶ B-40. At a minimum, there is a genuine issue of fact because the parties have offered expert testimony regarding what the '021 Patent discloses and how a person of ordinary skill in the art would understand that disclosure. Mot. at 11; SAF at ¶¶ B-41–B-43. The jury must weigh the credibility of each expert and determine ████████ ██████████████████████ *See Crown Packaging Technology, Inc. v. Ball Metal Beverage Container Corp.*, 635 F.3d 1373, 1384, (Fed. Cir. 2011).

**B.** 

Dkt. 264

at 17–19; SAF at ¶ B-65.

Indeed,

SAF at ¶ B-66. Therefore, the MX7000 cannot infringe Claims 1 and 24[4] and Dell

is entitled to summary judgement of non-infringement. Dkt. 264 at 17–19.

Despite   clear   non-infringement,

Mot. at 24–25.

---

[3]                                                    AF at ¶ B-67.
                                                   SAF at ¶¶ B-67–B-69.

[4] Although Claim 24 recites different language, Acceleron argues infringement of
Claims 1 and 24 together. Mot. at 24–25. Dell also addresses both claims together.

█████ SAF at ¶¶ B-70–B-71. ████████████████████

████ SAF at ¶ B-70. ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████ Mot. at 24–25 (citing Ex. A at 231–245). ███████

████████████████████████████████████████████

████████████████████████████████████████████

█████ SAF at ¶ B-70, B-72. ████████████████████

████████████████████████████████████████████

██████████████████████ SAF at ¶ A-1. As construed by the

Court, the purpose of the ethernet switch module is to "route network

communications." Dkt. 182 at 25; SAF at ¶ B-73. ████████████

██████████████████ SAF at ¶ B-70. ████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████

8

**C.** ███████████████████████████████████
████████████████████

As explained in Dell's motion for partial summary judgment, ███████

██████████████████████████████████████

███████████████████████████████████ *See* Dkt. 264 at 15–16; Mot. at

3.[6] ████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████

**1.** ████████████████████████████████

As explained in its motion for partial summary judgement, Dell requests that

the Court resolve the parties' dispute regarding the construction of "caddies" in

Claim 3. Dkt. 264 at 10–13. This construction is central to the parties' dispute

regarding whether ███████████████████████████████

[5] Acceleron's motion for summary judgment must be denied because ███████

███████████████████████████ AF at ¶ B-2. █████████

[6] Except where explicitly noted, citations in this motion are to Acceleron's
arguments regarding the Accused M1000e Product. ███████

██████████████████████████████████████

██████████████████████████

in ██████████████████████████████████████████████

██████████████████████ Specifically, under the proper construction of

"cadd[y]"—"a carrier for a hot-swappable module"—████████████████████

████████████████████[7] *Id.* at 13. ██████████████████████

██████████████████████████████████████████████

███████████████████████████████████ Dkt. 264 at 15–16,

SAF at ¶¶ B-15–B17. ████████████████████████████

██████████████████████████████████████████████

███████████████████████████████ SAF at ¶¶ B-16–B-17. ████

██████████████████████████████████████████████

███████████████████████████ *Id.* ████████████████

██████████████████████████████████████████████

████████ *See* Dkt. 264 at 10–13.

Acceleron ignores Dr. Michalson's opinions and offers no contrary evidence

that ██████████████████████████████████ Mot. at 3–4.

Instead Acceleron mischaracterizes Dr. Michalson's opinions in stating that ██

██████████████████████████████████████████████

██████████████████████████████████ Mot. at 4. Dr.

Michalson did not make any such statement.

---

[7] The proper construction is supported by the intrinsic evidence, namely Acceleron's arguments during the IPR where it argued that the caddy must carry a module of Claim 1. SAF at ¶ B-20; Dkt. 264 at 13.

Mr. Putnam opines that ███████████████████████████
███████████████████████████████████████████ SAF at ¶ B-21. ███████████
███████████████████████████████████████████████
███████████████████ SAF at ¶ B-22. ██████████████████████████████
███████████████████████████████ *Id*. As explained above, ████████████████
████████████████████████ SAF at ¶¶ B-15–B17. Therefore,
███████████████████████████████

Furthermore, ████████████████████████████████████
███████████████████████████████████████ (SAF at ¶ B-14), ████████████████
█████████████████ (SAF at ¶ B-3), ███████████████████ (SAF at ¶ B-18).
██████████████████████████████████████████████████ SAF
at ¶ B-19. ████████████████████████████████████████████████
████████████████████████████████████ Dkt. 264 at 14.

Thus, the Accused Products cannot infringe Claim 3 under either parties' interpretation of "hot-swappable CPU module" and Dell is entitled to summary judgement of non-infringement. Dkt. 264 at 10–17.

**2.**   ██████████████████████████████

Notwithstanding of the construction of "caddies," Acceleron's motion must be denied because the parties dispute ████████████████████████
████████████████████████████████████████████████
████████████████████████████████ Mot. at 6–10; SAF at ¶¶ B-13, B-

24. ███████████████████████████████████████

██████████████████████████████████ SAF at ¶¶ B-12–B-

13, B-23. █████████████████████████████

██████████████████████████████████ SAF

at ¶¶ B-3–B-4. ███████████████████████

████████████████████████████████ SAF at

¶¶ B-3, B-5–B-9.

  ████████████████████████████████

████████████████████████████████ SAF

at ¶¶ B-10–B-11. However, ████████████████

████████████████████████████████████

████████████████████████████████████

███████████ Mot. at 7. ████████████████

█████████████████████ SAF at ¶¶ A-1–A-5, B-1. ███████

████████████████████████████████████

████████████████████████████████████

█████████ SAF at ¶¶ B-12–B-13. Acceleron's positions are inconsistent and

arbitrary. ████████████████████████████

██████████████ *Id.* ██████████████████

████████████████████████████████████

████████████████████████ *See Weiss v. Reebok Int'l, Ltd., Inc.,*

91 F. App'x 683, 691 (Fed. Cir. 2004) (holding that the parties' differing views of the components included in the infringement analysis raised a fact issue precluding summary judgment of infringement).

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

Mot. at 9–10. Acceleron is correct that this argument is indeed "obviously preposterous." Mot. at 10. In fact, ███████████████████████████████████

████████████████████████████████████████  For example, a hardware manual for the Accused M1000e Product includes an illustration of the system board for the M610 blade. SAF at ¶ B-5. The figure enumerates the connectors on the system board, including the "Processor 1 socket" (element 12) for "CPU1" and the "Hard-drive backplane connector" (element 9). SAF at ¶¶ B-7–B-9. Unlike the hard drive backplane connector, the figure does not enumerate the hot-swap connectors on the edge of the system board, ██████████



Figure 7-7.   PowerEdge M610 System Board Connectors

████████████████████████████████████████████████

████████████████████████████████████  SAF at ¶ B-6. Thus,

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████[8]

**3.**   ██████████████████████████████████
████████████████████████

The phrase "providing air flow," as used in Claim 3, ████████████
████████████████████████████████████████████ SAF at ¶ B-25–B-26.
The '021 Patent describes caddies including fans to provide air flow. SAF at ¶¶ A-3, B-27–B-28. Mr. Putnam opines that this is merely a preferred embodiment. SAF at ¶ B-29. However, there are no other embodiments described in the '021 Patent. SAF at ¶ B-27.

Furthermore, Acceleron argues that the Racemi prototype server blade, developed by the original assignee of the '021 Patent, is a CPU module and a caddy embodying the Patent. Mot. at 14. ████████████████ SAF at ¶ B-30. ███
████████████████████████████████████████ *Id.* Thus, all evidence confirms that "providing air flow," as recited in Claim 3, requires actively providing air flow, such as by including fans on the caddy, not by merely passively allowing air flow.[9] Because the parties have a genuine dispute as to the

---

[8] ██████████████████████████████████████████████
Mot. at 9.██████████████████████████████████
████SAF at ¶ B-6.████████████████████████
[9] ██████████████████████████████████████████
████████████████████████████████████████ Mot. at
15.████████████████████████████████

meaning of "providing" as it relates to the phrase "providing air flow," the Court

must resolve this dispute. *See O2 Micro*, 521 F.3d at 1362.



SAF at ¶¶ B-31–B-32.

SAF at ¶ B-33.

SAF at ¶ B-34.

## IV.   A GENUINE DISPUTE OF MATERIAL FACT EXISTS AS TO WHETHER THE ACCUSED PRODUCTS INFRINGE CLAIM 20

SAF at ¶¶ C-

SAF at ¶¶ B-35–B-36.

SAF at ¶ B-37.

[10] To the extent Acceleron argues that Claim 3 requires air to flow from the front to the rear of the "caddy," this is incorrect. Claim 3 explicitly requires front-to-rear air flow of the ***chassis***, not the caddy. SAF at ¶ A-3.

1–C-38. ██████████████████████████████████████

████████████████████████ As explained in Dell's motion for partial summary

judgment, █████████████████████████████████████████

████████████████████████ *See* Dkt. 267 at 14–20; Mot. at 17. Acceleron's

motion for summary judgment of infringement of Claim 20 should thus be denied.

### A.   The Court's Construction of the Term "poll(s)" Excludes Interrupt-Driven Communications

It is undisputed that each of the ██████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████ SAF at ¶¶ C-6–C-12. The

Court adopted Acceleron's proposed construction of "poll(s)" and construed it to

mean "actively gather(s) information." SAF at ¶ C-1. The Court further determined

that "a person of ordinary skill in the art would *not* believe that polls also

encompassed queries and interrupts." SAF at ¶¶ C-2–C-4 (emphasis added). In

light of the Court's order, ████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████ SAF at ¶¶ C-13–C-14.

In characterizing these accused communications, Acceleron appears to

purposefully obscure that they are interrupts. Instead, █████████████████

███████████████████████████████████████████████████ Mot. at 17

(emphasis added). Acceleron then goes one step further by mischaracterizing the very part of the Court's *Markman* order stating that interrupts are not polls. Specifically, Acceleron contends that "the Court's construction merely requires that the microcontroller module . . . 'actively gather information' ***irrespective of what caused*** the active gathering to take place." *Id.* at 18 (emphasis added) (citing Dkt. 182 at 36). Acceleron cannot be allowed to distort the Court's construction to assert infringement. *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009) ("No party may contradict the court's construction . . . ."). Because the parties do not dispute the facts regarding the accused functionality, but only whether interrupt processes constitute "poll(s)"—which the Court has excluded from the scope of "poll(s)"—the dispute collapses into a claim construction dispute. *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997) ("Where the parties do not dispute any relevant facts regarding the accused product, . . . , but disagree over possible claim interpretations, the question of literal infringement collapses into claim construction and is amenable to summary judgment.").

## B. The Difference in Expert Opinion At Least Raises a Material Dispute of Fact

To the extent the Court determines that the dispute between the parties is not solely based on claim construction, the parties at least have a material dispute regarding   whether ██████████████████████████████████████████ ████████████ Dr. ████████████████████████████████████████



SAF at ¶¶ C-13–C-14.

SAF at ¶ C-5, C-15.

SAF at ¶ C-16.

Acceleron also argues that the accused communications are not interrupts by limiting the definition of "interrupt" to one specific type—used as an example by Dell during the technology tutorial for claim construction—where information is provided with the interrupt. Mot. at 19–20.[11]

SAF at ¶¶ C-13–C-16. Furthermore, Acceleron cannot limit the scope of an interrupt to Dell's example. In preparing for the technology tutorial, the Special Master indicated that he would "look to counsel to provide the background and

---

[11] Local Rule 56.1(B)(1)(d) states that: "The Court will not consider any fact: …(d) set out only in the brief and not in the movant's statement of undisputed facts." The facts in the paragraph at the bottom of page 19 of the Motion are not included in Acceleron's statement of undisputed facts (Ex. A). Thus, as a threshold matter, the Court should not consider these facts in ruling on this Motion.

understanding of the technology" in lieu of allowing expert testimony. SAF at ¶ C-36. Additionally, Acceleron's counsel acknowledged that, unlike the *Markman* hearing, the technology tutorial was not "on the record and subject to cross examination." SAF at ¶ C-37. The Special Master did not cite to the tutorial (Dkt. 119), and the Court did not rely on the tutorial in the *Markman* Order (Dkt. 182).

Because the technology tutorial is not part of the record of this case, Acceleron may not rely on the demonstrative to limit the scope of the term "poll(s). *See Tristata, Inc. v. Microsoft Corp.*, No. 11-CV-03797-JST, 2013 WL 5645984, at *13 (N.D. Cal. Oct. 16, 2013), *aff'd*, 594 F. App'x 653 (Fed. Cir. 2014) (stating that "the Court typically does not receive on-the-record technology tutorials" and "the tutorial is not part of the official record of the case); *see also Flexitreek Ams., Inc. v. Plasteak, Inc.*, 603 F. App'x 994, 997 (Fed. Cir. 2015) (non-precedential) (indicating that "a technology tutorial is not a *Markman* hearing."). Thus, the parties dispute whether ███████████████████████████████████ ██████████████████████████████ As such, an issue of material fact exists that precludes summary judgement of infringement of Claim 20.



**C.** ███ ██ ███ ███ █████ ██ ██ ███

████████████████████████████████████████

████████████████████████████ SAF at ¶¶ C-17–C-23, C-25.

████████████████ SAF at ¶ C-24–C-27; *see also id.* at ¶ C-28–C-29. Acceleron, however, repeatedly mischaracterizes Mr. Brown's testimony. Mot. at 18–19.

In the most egregious mischaracterization, Acceleron modifies Mr. Brown's testimony regarding ███████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ Mot. at 19. In ██████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████ SAF at

¶ C-30 (emphasis added). Yet Acceleron turns the testimony on its head by inserting brackets to falsely assert that Mr. Brown testified that █████████████

████ Mot. at 19 █████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████ Ex. A-39 at 166:24-167:13."

(emphasis in italics in the original, emphasis in bold added)). Not only was Mr. Brown not testifying about █████████████████████████████████████████

████████████████████████████████████████████

Additionally, ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████ Mot. at 18; SAF at ¶¶ C-24–C-27. But Mr. Brown's testimony does not support these contentions. Rather, ██████████████

████████████████████████████████████████████████████████████



SAF at ¶¶ C-24–C-29.  Indeed,

SAF at ¶¶ C-6–C-12, C-17–C-29. Mr. Brown

*See id.* Therefore, Mr. Brown's testimony does not constitute an admission that an interrupt-driven communication is a "poll" under the Court's claim construction.

**D.**

SAF at ¶¶ C-8–C-11, C-31–C-32.

*UltimatePointer, L.L.C. v. Nintendo Co., Ltd.*, 816 F.3d 816, 825 (Fed. Cir. 2016) ("[T]he manner in which [a defendant] referred to the [accused product] in its technical documents does not mean that the [accused product] performs [a patent term] as that term is defined within the [asserted patent]."). The cited documents in Acceleron's motion thus cannot support a finding of infringement.

Mot. at 19.  But



███████ *See supra* Section IV.A. Specifically, █████████████

█████████████████████████████ SAF at ¶¶ C-11, C-32. And in fact, █████████████

██████████████████████

████ SAF at ¶¶ C-11, C-32.[12] Likewise, the █████████

█████████████████████

████████████████ SAF at ¶ C-31 (emphasis added).

█████████████████████

███████████████████ Under the Court's construction excluding interrupts from "poll(s)," Acceleron is not entitled to summary judgment of infringement ████████████████

    **E.** ████████████████████

█████████████████████

█████████████████

█████████ *See* Dkt. 267 at 18. Instead, ██████████

---

[12] ███████████████████████ SAF at ¶ C-38. ██████████████████████████████████████



SAF at ¶¶ C-33–C-34.

(Mot. at 20),

SAF at ¶ C-34.

[13] SAF at ¶ C-35.

Mot. at 20.

In addition to the reasons discussed above, the Accused M1000e, FX2, and VRTX Products do not infringe Claim 20 for the same reasons described above with respect to Claim 3: (1)

and (2)

*See* Section III, *supra*. Acceleron is not entitled to

[13]

(*see* SAF at ¶ C-38),

summary judgment of infringement based on any of the accused communications. Since Dell has shown that each of the accused communications is non-infringing, Dell is entitled to summary judgment of non-infringement, as further explained in Dell's motion for partial summary judgment (Dkt. 267).

## V.    A GENUINE DISPUTE OF MATERIAL FACT EXISTS AS TO WHETHER THE ACCUSED PRODUCTS INFRINGE CLAIM 24

There is no evidence that the IOMs in the Accused Products "filter[] communications . . . to limit collisions" as required by Claim 24. Dkt. 267 at 11–12. █████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████ SAF at ¶ D-1. █████████████

████████████████████████████████ SAF at ¶ D-3. ████████

███████████████████████████████████████████████

███████████████████████████████████████████████

SAF at ¶ D-1. ███████████████████████████████████

███████████████████████████████████████████████

████████████████ SAF at ¶ D-2. █████████████████████

███████████████████████████████████████████████

████████████████████████████ *Id*. ███████████████████

████████████████████████████

As set out in detail in Dell's motion for partial summary judgment, Acceleron fails to offer any evidence that the Accused Products perform this limitation of Claim 24. Dkt. 267 at 11–12.



*Id.*

The Accused Products also do not infringe Claim 24 for the same reasons described above with respect to Claim 3: (1) ██████████████ (2) some ██████████████ and (3) the ██████████████ *See* Section III.B, *supra*. Thus, for the reasons above, Acceleron's motion for summary judgment of infringement of Claim 24 should be denied.

## VI.   CONCLUSION

Because at least a genuine dispute of material fact exists as to whether the Accused Products include all limitations of Claims 3, 20, and 24, Dell respectfully requests that the Court deny Acceleron's motion for partial summary judgment of infringement.

Dated: August 28, 2019                    Respectfully submitted,

                                          */s/ Paula D. Heyman*
                                          Paula D. Heyman

                                          Scott E. Taylor (Georgia Bar No. 785596)
                                          Andrew B. Flake (Georgia Bar No. 262425)
                                          Anuj Desai (Georgia Bar No. 193889)
                                          **ARNALL GOLDEN GREGORY LLP**
                                          171 17th Street Northwest, Suite 2100
                                          Atlanta, Georgia 30363
                                          Telephone: (404) 873-8728
                                          Facsimile: (404) 873-8729
                                          scott.taylor@agg.com
                                          andrew.flake@agg.com
                                          anuj.desai@agg.com

                                          *Of Counsel:*

                                          Kevin J. Meek (admitted *pro hac vice*)
                                          Paula D. Heyman (admitted *pro hac vice*)
                                          Nick Schuneman (admitted *pro hac vice*)
                                          Jennifer L. Nall (admitted *pro hac vice*)
                                          Valerie K. Barker (admitted *pro hac vice*)
                                          Bailey P. Morgan (admitted *pro hac vice*)
                                          Ryan Clark *(*admitted *pro hac vice*)
                                          **BAKER BOTTS L.L.P.**
                                          98 San Jacinto Boulevard, Suite 1500
                                          Austin, Texas 78701-4078
                                          Telephone: (512) 322-2500
                                          Facsimile: (512) 322-2501
                                          kevin.meek@bakerbotts.com
                                          paula.heyman@bakerbotts.com
                                          nick.schuneman@bakerbotts.com
                                          jennifer.nall@bakerbotts.com
                                          valerie.barker@bakerbotts.com
                                          **bailey.watkins@bakerbotts.com**
                                          ryan.clark@bakerbotts.com

26

Roger Fulghum (admitted *pro hac vice*)
**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
roger.fulghum@bakerbotts.com

***ATTORNEYS FOR DEFENDANT/
COUNTERCLAIMANT, DELL INC.***

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned counsel hereby certifies that the foregoing **DELL'S RESPONSE TO ACCELERON'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON INFRINGEMENT** was prepared using 14-point Times New Roman font and a top margin of 1½ inches in accordance with Northern District of Georgia Local Rule 5.1 (C) and (D).

Dated:  August 28, 2019.

*/s/ Paula D. Heyman*
Paula D. Heyman