IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCELERON, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>DELL, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:12-cv-4123-TCB |

# **O R D E R**

This case comes before the Court on Special Master William H. Needle's Report and Recommendation [423] (the "R&R"), which recommends denying Plaintiff Acceleron, LLC's motion [254] to strike portions of Dell's invalidity contentions raised or that reasonably could have been raised during the inter partes review of the '021 patent. Acceleron has filed objections [437].

## I. Legal Standard

The standard of review for a special master's report is set forth in Federal Rule of Civil Procedure 53, unless the Court has ordered or the parties have agreed otherwise. Here, they have not.

When reviewing a special master's factual conclusions, a "court must decide de novo all objections to findings of fact made or recommended by a master . . . ." FED. R. CIV. P. 53(f)(3). Factual findings not objected to will be reviewed for clear error. *See Martin v. Univ. of S. Ala.*, 911 F.2d 604, 608 (11th Cir. 1990) ("[F]indings of fact made by a Special Master must be accepted by the district court unless clearly erroneous."). Similarly, "[t]he court must decide de novo all objections to conclusions of law made or recommended by a master." FED. R. CIV. P. 53(f)(4).

After reviewing the special master's factual and legal conclusions under the appropriate standard, the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit [them] to the master with instructions." *Id.* at 53(f)(1).

## II. Discussion

Acceleron asserts that Dell is both judicially and statutorily estopped from asserting some of its invalidity grounds and moves to strike those invalidity contentions.

### A.   Judicial Estoppel

Acceleron asserts that Dell is judicially estopped from asserting its invalidity grounds because when Dell moved to stay the case (nearly seven years ago) pending IPR, Dell asserted that IPR would resolve the invalidity dispute and simplify issues for this Court by limiting Dell's invalidity defenses.

The R&R recommends denying Acceleron's motion as to judicial estoppel. Acceleron objects on the basis that Dell made an affirmative representation to the Court that it would subject itself to estoppel if granted a stay at the start of this litigation.

The special master correctly analyzed whether judicial estoppel should apply. Not only did the IPR decisions invalidate ten claims of the patent, but also Dell's pre-IPR positions do not rise to the level of being calculated to make a mockery of the judicial system. Acceleron's

3

objection is overruled, and the Court adopts the R&R as it pertains to judicial estoppel.

## B. Statutory Estoppel

Acceleron also moves to strike specific invalidity contentions because Dell relies on patents, printed publications, and corroborating references that Dell was aware of, or should have been aware of, when it filed its petition for IPR. Acceleron seeks to estop Dell from asserting grounds of invalidity with respect to claims 3, 14–17, and 20. The R&R also recommends denying this portion of Acceleron's motion. Acceleron objects.[1]

Dell responds that its invalidity grounds rely on at least one of the Ketris, RLX, Starfire, or StorPoint NAS prior art systems, and it could not have raised those grounds during IPR because IPR estoppel bars nothing except prior art consisting of patents and printed publications.

The Court agrees. It is a well-established principle that physical systems cannot be used during inter partes review. Though Dell admits

---

[1] Dell argues that the special master's R&R should be reviewed for abuse of discretion because it concerns a "procedural" matter. That argument is incorrect; the special master makes legal conclusions, and the Court reviews the objected-to conclusions de novo.

4

it knew of the patents before IPR, it could not have relied upon the physical systems embodying the patents.

Next, Acceleron asserts that because Dell possessed documents that Acceleron alleges were sufficient to establish the relevant functionality of the physical systems, Dell is estopped from raising grounds based on those documents. Dell responds that it is not estopped from combining patents and printed publications with its prior art systems.

Acceleron argues that the "R&R did not discuss or analyze the split of authority in the district court" regarding that issue. [437] at 6.[2] To be clear, Acceleron seeks to have the Court apply one case, *Wasica Finance GmbH v. Schrader International, Inc.*, No. 13-353-LPS, 2020 WL 1150135 (D. Del. Jan. 14, 2020), to the facts of this case. In *Wasica*, the court found that 25 U.S.C. § 315(e)(2) applies to invalidity grounds and that a petitioner (in this case, Dell) cannot raise invalidity grounds in litigation even if the evidence used to support those grounds was not available during IPR. Thus, Acceleron argues that Dell is estopped from

---

[2] The Court refers to CM/ECF pagination.

raising its invalidity grounds because it raised those same grounds during IPR, even though it relies on new evidence.

First, *Wasica* is not binding on this Court. More importantly, *Wasica* is distinguishable from this case. In that case, the defendant did not dispute that a singular printed publication disclosed all relevant features of a physical system or that the printed publication could have been raised during IPR. As discussed below, Dell does dispute whether the printed publications disclosed all relevant features or could have been raised during IPR. Because *Wasica* involved evidentiary swaps, swapping the physical system for the printed publication, the Court will analyze whether Dell attempts to swap physical systems for printed publications below. In other words, if the documents establish that same functionality of the physical systems, and the documents reasonably could have been raised during IPR, Dell should be precluded from relying on those physical systems in this litigation. The Court will address each system.

As a final point, Acceleron argues that Dell cannot rely on physical systems because the physical systems must pre-date the

priority date, and none of Dell's produced physical systems do so. This is a close question, but the only authority provided to the Court (and the only authority that the Court has found) does not support Acceleron's position. The Federal Circuit has allowed parties to rely on physical systems that post-dated the priority date to show the product as it existed prior to the patent-in-suit. *Meyer Intell. Props. Ltd. v Bodum, Inc.*, 690 F.3d 1354, 1337 (Fed. Cir. 2012). Thus, Dell may rely on physical systems even if they do not pre-date the priority date.

    **1.**    **RLX Physical System[3]**

Acceleron asserts that RLX is the physical system described in the embodiments in the Hipp patent. Acceleron also asserts that Dell did not identify the relevant functionality of the RLX physical system that was not also disclosed in the Hipp patent that Dell relied on during IPR proceedings.

---

[3] In the order on R&R 364, the Court refers to this system as the Orbiter system. Though the R&R determined that the Orbiter/RLX was not prior art as a matter of law, the Court declined to adopt that recommendation and found that the determination of whether the system constituted prior art was a jury question.

The Court agrees that allowing Dell to use the Hipp patent that formed that basis of Dell's IPR petition under the pretense that it is relying on the RLX physical system would render estoppel meaningless.

Regardless, Dell responds that Acceleron's objection is irrelevant because the corroborating references for the RLX system (used in combination with the physical system) are dated after the priority date of the '021 patent and could not have been used in Dell's IPR. The Court agrees.

Acceleron's objection is overruled as to the RLX system.

### 2. Ketris Physical System

Acceleron also asserts that Dell knew about documents establishing the relevant functionality of the Ketris physical system. Acceleron further claims that Dell has not identified any difference between the prior art printed publications and the physical Ketris system. However, Dell responds that the Ketris system is a superior and separate reference to the corroborating references and that Dr. Michalson relies on his inspection of the physical Ketris system

8

determined whether the system polls the modules recited in claim 20 over a dedicated ethernet path.

Accordingly, because Dell relies on the physical system to establish certain functionalites (or a lack thereof) that are not present in the printed publications, Acceleron's objection is overruled.

### 3. Starfire Physical System

Acceleron then claims that all of the prior art printed publications established the relevant functionality of the Starfire physical system. Dell responds that the SyMON User Guide is the only document that discloses all of the details of claim element 20(e) and that it did not know of the user guide before IPR. Acceleron objects to Dell's response as vague because Dell does not identify which details it is referring to.

The Court finds that Dell's assertion is enough to overrule Acceleron's objection because motions to strike are disfavored. Acceleron will have the opportunity to investigate which details Dell refers to at trial.

### 4. StorPoint NAS

Finally, Acceleron argues that Dell has never possessed, tested, or evaluated a physical StorPoint NAS system and relies entirely on a user manual to establish the functionality of the StorPoint NAS System.

Dell responds that even so, it is not precluded from relying on the user manual because it did not discover the user manual until after IPR. Acceleron asserts that because Dell found the user manual *after* IPR through a diligent search, it should have been able to find the manual *before* IPR. The argument follows that because Dell could have discovered and used the manual before IPR, it cannot now use the manual in this litigation.

Acceleron also contends Dell has not met its burden of showing that Dell could have found the user manual prior to IPR because Acceleron has not identified a search string and search source that would identify the StorPoint manual or any evidence why such a criterion would be part of a skilled searcher's diligent search.

The question then becomes what Acceleron must do to illustrate that Dell could have found the manual before IPR and reasonably could

have raised the grounds during IPR. The phrase "reasonably could have raised" applies "any patent or printed publication that a petitioner actually knew about" or that "a skilled searcher conducting a diligent search reasonably could have been expected to discover." *Wi-LAN Inc v. LG Elecs., Inc.,* No. 18-cv-1577-H-AGS, 2019 WL 5698259, at *8 (S.D. Cal. Nov. 4, 2019).

In *Wi-Lan*, the court held that the defendant's eventual discovery of prior art references after IPR was compelling evidence that the defendant could have done so before IPR. However, in *Palomar Technologies, Inc. v. MRSI Systems, LLC*, 373 F. Supp. 3d 322, 332 (D. Mass. 2019), the court held that "[o]ne way to show what a skilled search would have found would be (1) to identify the search string and search source that would identify the allegedly unavailable prior art and (2) present evidence, likely expert testimony, why such a criterion would be part of a skilled searcher's diligent search." (quoting *Clearlamp, LLC v. LKQ Corp.*, No. 12 C 2533, 2016 WL 4734389, at *9 (N.D. Ill. Mar. 18, 2016)).

Ultimately, the burden of proving estoppel falls on Acceleron. Yes, the manual was located by "a skilled searched conducting a diligent search"; however that does not necessarily mean Dell's pre-IPR search was any less diligent. It is entirely possible that the pre-IPR search was conducted by a skilled searcher conducting a diligent search but that its Dell's post-IPR search was "a scorched-earth search around the world." *Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*, No. 6:11-cv-492-RWS-KNM, 2017 WL 4478236, at *6 (E.D. Tex. Sept. 26, 2017) (holding that prior art does not extend to that which could only be uncovered by a scorched-earth search around the world). The possibility is enough for this Court to decline to apply the disfavored remedy of striking Dell's invalidity contentions. Acceleron's objection is overruled.

### 5. Wallach Patent

For the same reasons articulated for the StorPoint system, Acceleron asserts that Dell should have known about the Wallach patent prior to IPR, and Acceleron asserts Dell has not met its burden. Applying the same rationale as applied to the StorPoint system, the Court overrules Acceleron's objection.

## III. Conclusion

Having done a point-by-point analysis, the Court finds that *Wasica* does not apply in this case. Dell disputes that the printed publications disclose all the relevant functionalities of the physical system or that the printed publications could have been used during IPR. Acceleron's objections are overruled, and the Court adopts the R&R [423]. Acceleron's motion [254] to strike is denied.

IT IS SO ORDERED this 30th day of March, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge