IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCELERON, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>DELL, INC.,<br><br>　　Defendant. | CIVIL ACTION FILE<br><br>NO. 1:12-cv-4123-TCB |

# **O R D E R**

This case comes before the Court on Special Master William H. Needle's Report and Recommendation [330] (the "R&R"), which recommends granting in part and denying in part Defendant Dell, Inc.'s motion [260] for partial summary judgment of invalidity and non-infringement and granting in part and denying in part Plaintiff Acceleron, LLC's motion [262] for partial summary judgment on

infringement.[1] Acceleron and Dell have filed objections thereto [355, 358].[2]

## I. Legal Standard

The standard of review for a special master's report is set forth in Federal Rule of Civil Procedure 53, unless the Court has ordered or the parties have agreed otherwise. Here, they have not.

When reviewing a special master's factual conclusions, a "court must decide de novo all objections to findings of fact made or recommended by a master . . . ." FED. R. CIV. P. 53(f)(3). Factual findings not objected to will be reviewed for clear error. *See Martin v. Univ. of S. Ala.*, 911 F.2d 604, 608 (11th Cir. 1990) ("[F]indings of fact made by a Special Master must be accepted by the district court unless clearly erroneous."). Similarly, "[t]he court must decide de novo all objections to conclusions of law made or recommended by a master." FED. R. CIV. P. 53(f)(4).

---

[1] The unsealed version of the R&R is located at docket entry 379. Acceleron's unsealed motion is docketed at 262.

[2] An unsealed version of Dell's objections is located at docket entry 357.

After reviewing the special master's factual and legal conclusions under the appropriate standard, the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit [them] to the master with instructions." *Id.* at 53(f)(1).

## II. Discussion

This order incorporates by reference the facts contained in the R&R; however, the Court will address facts as necessary to explain its analysis of the R&R and objections thereto.

Dell moves for partial summary judgment on four invalidity and non-infringement grounds. Acceleron moves for partial summary judgment on infringement with respect to the M1000e, FX2, VRTX, and MX7000 products.[3]

The R&R recommends the following:

(1) granting Dell's motion as to the invalidity of claim 17 of the '021 patent;

---

[3] Other portions of Acceleron's motion for summary judgment on infringement are in addressed in the orders on the R&Rs that are docketed at [413] and [418].

(2) denying Dell's motion that the VRTX system does not infringe claims 3, 20, and 24 and granting Acceleron's motion that the VRTX system does infringe claims 3, 20, and 24;

(3) denying Dell's motion that the accused products do not infringe claim 3; and

(4) denying Dell's motion that the MX7000 system does not infringe claims 3, 14–17, and 24 and denying Acceleron's motion that the MX7000 system does infringe claims 3 and 24.

### A.   Acceleron's Objection

Dell moves for summary judgment on claim 17, contending that it is invalid as a matter of law because it is dependent on claim 15 but fails to add further limitations, in violation of 35 U.S.C. § 112(e).

The special master concludes that because the wherein clause of claim 17 was never referred to or relied upon by the patent examiner during the prosecution of the '021 patent, claim 17 was not necessary or relevant to the examiner's approval. The Court agrees. *See Allegan*

*Sales, LLC v. Sandoz, Inc.*, 935 F.3d 1370, 1375–76 (wherein clause was limiting when the patent examiner relied on it during prosecution of the patent). Acceleron does not object to this finding.  However, Acceleron objects to the finding that claim 17 is invalid as a matter of law. It contends that claim 17 *does* add a further limitation to the claim from which it depends, claim 15, because there are at least two scenarios in which claim 15 could be infringed but claim 17 would not be.

The special master correctly concluded that the hypotheticals upon which Acceleron relies to illustrate that claim 17 is purportedly independent are irrelevant. Both hypotheticals involve the replacement of a hard disk drive with a solid-state drive. Because the '021 patent does not contemplate the use of a solid-state drive, the scenarios do not preclude summary judgment.

Accordingly, the Court will overrule Acceleron's objections, adopt the R&R, and grant Dell's motion for summary judgment on the invalidity of claim 17.

### B. Dell's Objections

Dell objects to the R&R's second, third, and fourth conclusions. The Court will address each objection in turn.

#### 1. The VRTX System

The R&R recommends denying Dell's motion as to the VRTX system's non-infringement of claims 3, 20, and 24, and instead granting Acceleron's motion for summary judgment that the VRTX system does infringe claims 3, 20, and 24.

First, Dell objects because "[t]he Special Master improperly weighs or ignores evidence and makes credibility determinations and factual findings to substitute himself in place of the jury . . . ." [358] at 4.[4]

Dell claims that the special master emphasized statements from the VRTX technical document that the Input/Output Module ("IOM") is hot-swappable and dismissed Dell's 30(b)(6) testimony that the IOM is not hot-swappable. It asserts that the VRTX system must be turned off and turned back on, or power cycled, to make a replacement IOM

---

[4] The Court refers to CM/ECF pagination.

operational after it is added to the system. Accordingly, Dell argues that a dispute remains as to whether the VRTX IOM is "capable of being added to . . . the computer network appliance while the computer network appliance is powered on or operational." Thus, Dell asserts that a jury should determine whether the VRTX IOM is a hot-swappable module.

Dell asserts that the special master dismissed Dell's 30(b)(6) testimony that the IOM is hot-swappable. The Court agrees. Counsel for Dell asked, "Are the IOMs compatible with the [VRTX] system hot swappable?" and Dell's 30(b)(6) designee responded, "They are not." [263-26] at 107:1–5. While there is ample evidence that the IOMs are hot-swappable found at Exhibit 2, [264-2] ¶ 548, Exhibit 6, [264-5] at 3, and Exhibit 34, [260-36] ¶ 16,[5] the 30(b)(6) testimony is sufficient to create a genuine dispute of material fact as to whether the VRTX IOM is capable of being hot-swapped while the computer network appliance is on or operational. Dell's first objection is sustained.

---

[5] Though these documents indicate that power distribution issues may occur after the IOM is replaced and before the system is power cycled, the documents support that the IOM can be replaced while the VRTX is powered on.

Second, Dell objects to "[t]he Special Master's failure to address the dispute between the parties regarding the scope of claim construction for 'hot-swappable . . . modules' based on his misunderstanding of Dell's proposed clarification of the term." [358] at 5.

Dell asserts that the "Special Master mistakenly concludes that clarification of 'hot-swappable . . . module' is not necessary because the Court 'has already considered the issue of whether the module, to be considered hot swappable, is operational or not'" in the *Markman* order. *Id.* at 9 (quoting [330] at 11). Dell argues that the *Markman* order relied on the operation of the network appliance, not the module. In other words, Dell asserts that the module must also be operational, and the *Markman* order merely considered whether the network appliance must be operational.

The Court finds that this argument would require the Court to revisit its claim construction order and find that Dell's purported "clarification" of the operational requirement of the module is correct.

Dell argues that "[t]he Special Master also appears to ignore that the '021 Patent supports Dell's clarification, not Acceleron's interpretation . . . ." *Id.* at 10. However, Dell's objection, "that mere removal or physical replacement of a module is sufficient to practice the Asserted Claims," reads identically to the special master's conclusion. *Id.*

Presumably Dell meant that the mere removal or physical replacement of a module is *not* sufficient. Regardless, the Court finds that this is Dell's attempt to re-argue claim construction. The phrase does not require interpretation. There is no genuine issue of material fact that the VRTX IOM can be added or removed while the VRTX system is powered on.

Dell argues only that the system must be rebooted in order for the IOM to be functionally added. Dell's interpretation is problematic because nothing in the claim construction requires that an IOM be fully operational after being added to or removed from the system while the system is powered on or operational. Only the computer appliance is required to be on or operational.

Accordingly, the term "hot-swappable . . . modules" need not be clarified. Dell's second objection is overruled.

Despite the Court's decision to maintain the construction of "hot-swappable . . . modules," there remains dispute as to whether the VRTX IOMs are in fact hot-swappable. Acceleron's motion for partial summary judgment as to the VRTX system's infringement of claims 3, 20, and 24 is denied, and Dell's motion for partial summary judgment of non-infringement of claims 3, 20, and 24 is denied.

### 2. Caddies

The special master concludes that Dell's partial motion for summary judgment of non-infringement of the accused products due to the purported lack of caddies should be denied.

Dell objects to that conclusion and asserts that the Court should resolve the dispute regarding claim construction of the claimed "caddies"—whether the module itself must be hot-swappable, or the module, when housed in the blade enclosure, must be hot-swappable.

Acceleron is correct in reading the Court's claim construction for the claimed "caddies," which merely requires that the caddy be a carrier

for a module. Modifying the meaning to support Dell's position is not reason enough to revisit claim construction. The construction for caddies remains "carriers for a module."

The special master also concludes that the accused products contain a blade enclosure and that the blade enclosure is a caddy. Thus, the R&R recommends denying Dell's motion for summary judgment of non-infringement because the accused products infringe claim 3 of the '021 patent.

Dell objects to that conclusion because only "a single sentence of conclusory explanation purports to support this recommendation . . . ." [358] at 16.

The Court has reviewed the record and finds that Acceleron has provided sufficient evidence that the blade enclosures could be the claimed caddies. However, to the extent the special master concludes as a matter of law that the blade enclosures are caddies, the Court will sustain Dell's objections. There is a genuine dispute of material fact as to whether the blade enclosures are "caddies" and infringe on claim 3.

Accordingly, the Court will modify the R&R to the extent it concludes that the accused products infringe claim 3 as a matter of law. However, the Court will adopt the R&R's conclusion and deny Dell's motion for summary judgment that the accused products do not infringe claim 3.

The Court will address the air flow required of the caddies in its order on the R&R [418] on Acceleron's motion for partial summary judgment on infringement.[6]

### 3. MX 7000 System

The R&R recommends denying Dell's motion that the accused MX7000 system does not infringe claims 3, 14–17, and 24 of the '021 patent and denying Acceleron's motion that the MX7000 system infringes claims 3 and 24.

Dell objects to the special master's recommendation because it asserts that there is no dispute that the alleged backplane board does

---

[6] In later objections [431], Acceleron asserts that this R&R also addresses its motion for partial summary judgment of infringement as to the caddies. That is incorrect. This R&R addresses only *Dell's* motion for partial summary judgment of non-infringement as to the blade enclosures.

not provide network communications between the server blades and Fabric A and B IOMs.

In making his recommendation, the special master recognizes that Acceleron's expert opines that the infrastructure boards of the MX7000 are interconnected and provide both power and network communication paths between the IOMs and server blades. He also acknowledges that Dell's expert disputes that testimony.

In its objections, Dell argues that Acceleron's expert makes no such claim and that he admits that the Fabric A and B network communications do not traverse the infrastructure boards. However, Putnam's expert report states, "the main distribution board and vertical distribution board provide communication paths for the SuperShifty interface between ECs, blade system boards, and I/O modules." [286-8] at 14 ¶ 29. Thus, Dell's expert *does* claim that the infrastructure boards are connected.[7]

---

[7] It is irrelevant that the network communication paths do not need to traverse the backplane board so long as the IOMs can be used as a shared resource.

The issue of whether the infrastructure boards constitute the claimed "backplane board" should be submitted to a jury given the dispute between the experts here. Although the parties dispute whether it is necessary that network communications are capable of being provided between the server blades and the Fabric A and B IOMs, the basis of this dispute is a "battle of the experts." Accordingly, the special master correctly determined that the issue of infringement of the MX7000 system is a jury question. The Court will overrule Dell's objections and deny both motions for summary judgment as they relate to the MX7000's infringement of Claims 3, 14-17, and 24.

### III. Conclusion

Having conducted a complete and careful review of the R&R [330], including a de novo review of those portions of the R&R to which the parties object, both Acceleron and Dell's objections are overruled. The Court adopts the R&R. Dell's motion [260] for summary judgment is granted in part and denied in part, and Acceleron's motion [262] for summary judgment is granted in part and denied in part. More specifically,

(1) Dell's motion for summary judgment as to the invalidity of claim 17 of the '021 patent is granted.

(2) Dell's motion for summary judgment that its accused VRTX system does not infringe claims 3, 20, and 24 is denied, and Acceleron's motion for summary judgment that the VRTX system does infringe claims 3, 20, and 24 is denied.

(3) Dell's motion for summary judgment that the accused products do not infringe claim 3 is denied, and Dell's motion for summary judgment that its accused MX7000 system does not infringe claims 3, 14–17, and 24 is denied, and Acceleron's motion for summary judgment that the MX7000 system does infringe claims 3 and 24 is denied.

IT IS SO ORDERED this 31st day of March, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge