## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ACCELERON, LLC, | |
| Plaintiffs, | Civil Action File No. |
| | 1:12-cv-04123-TCB |
| v. | |
| DELL INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

### DEFENDANT DELL INC.'S MOTIONS *IN LIMINE*

Pursuant to this Court's March 19, 2020 Order (Dkt. 462) and the Court's Instruction to Parties and Counsel (Dkt. 5), Dell Inc. ("Dell") respectfully moves *in limine*.

As set forth in this motion and the brief in support, Dell respectfully requests that the Court grant Dell's Motions *in Limine* on the following issues

1. The Court should preclude Acceleron from offering argument or expert testimony that goes beyond the opinions disclosed in its expert reports, or that discusses documents not cited in its experts' reports or lists of materials considered, because Fed. R. Civ. P. 37(c)(1) precludes the presentation of such information at trial if it is not properly and timely disclosed in compliance with Fed. R. Civ. P. 26, and the use of such information at trial would be prejudicial to Dell (Fed. R. Evid. 403).

2.      The Court should preclude Acceleron's experts from suggesting or presenting any argument or evidence that Dell has indirectly infringed the '021 Patent under any of 35 U.S.C. §§ 271(b), (c), or (f), because Acceleron's experts did not offer opinions on those theories in their initial reports. Fed. R. Civ. P. 37(c)(1); *see also* Fed. R. Evid. 403. This includes any evidence or suggestion of **pre-suit** indirect infringement for the additional reason that Acceleron has no evidence that Dell knew of the patent and knew it was infringing.

3.      The Court should preclude Acceleron from suggesting or presenting any argument or evidence that the asserted claims of the '021 Patent were conceived prior to November 16, 2000—the date of the provisional patent application to which the '021 Patent claims priority—because Acceleron's expert disclosures do not rely on a priority date before November 16, 2000, and as such raising the issue is irrelevant to the issues for trial in this case and would likely confuse the jury. *See* Fed. R. Civ. P. 37(c)(1); Fed. R. Evid. 402, 403.

4.      The Court should preclude Acceleron from suggesting or presenting any argument or evidence that blade servers or components thereof developed by the original assignee of the '021 Patent—Racemi Systems—embody the claims or individual claim elements of the patent, because Acceleron has provided no evidence or expert disclosures to support such an allegation. Fed. R. Civ. P. 37(c)(1).

5.   The Court should preclude any argument, evidence, or suggestion regarding: Dell's total revenue; its overall revenue from servers, blade servers, or any product other than the specific products accused in this case; and any revenue from the accused products above the amount Mr. Milani opined is "allocated to components that are specifically called out by the Asserted Claims," because such information is irrelevant to the issues for trial in this case and would likely prejudice Dell and confuse the jury. Fed. R. Evid. 402, 403.

6.   The Court should preclude Acceleron from presenting its license agreement with ███████████████████████ or any related testimony or argument at trial because it poses a substantial danger of unfair prejudice, confusing the issues, and misleading the jury that outweighs its minimal probative value. Fed. R. Evid. 402, 403.

7.   The Court should preclude Acceleron from presenting any argument or evidence that contests the invalidity of Claims 1 and 2 of the '021 Patent as anticipated by U.S. Patent No. 6,757,748 ("Hipp"), as determined by the Patent Trial and Appeal Board in IPR2013-00440, because it would be misleading to the jury regarding the status of those claims. *See* Fed. R. Evid. 402, 403.

8.   The Court should preclude Acceleron from suggesting or presenting any argument or evidence regarding the PTAB's decision not to institute *inter partes* review on Claims 22–24 of the '021 Patent in IPR2013-00440 or its

decision not to institute on any ground in IPR2013-00443, because it would be irrelevant, unduly prejudicial, and confusing to the jury. Fed. R. Evid. 402, 403.

9.   The Court should preclude Acceleron from making any characterizations of the clear and convincing standard, as the standard will be addressed in the Court's jury instructions and any further characterization could confuse or mislead the jury. See Fed. R. Evid. 403.

10.   The Court should preclude Acceleron and its technical expert, Mr. Putnam, from providing argument or testimony that Claim 3 of the '021 Patent requires air flow from the front to the rear of the caddies, as no such limitation exists in the claim and any argument or testimony to that effect would have no probative value and would instead mislead the jury. *See* Fed. R. Evid. 402, 403.

11.   The Court should preclude any testimony at trial by Erika Norwood and Laura Putz under Fed. R. Civ. P. 37(c)(1) because Acceleron did not identify either of these witnesses as required under Fed. R. Civ. P. 26(a)(1)(A). *See* Fed. R. Civ. P. 37(c)(1); see also Fed. R. Evid. 403.

12.   The Court should preclude Acceleron from suggesting or presenting any argument or evidence that Dell willfully infringed the '021 Patent, because Acceleron has insufficient evidence to support a finding of willful infringement under the Halo standard and any reference by Acceleron to willful infringement by Dell would be more prejudicial than probative. Fed. R. Evid. 402, 403.

13.     The Court should preclude Acceleron from introducing as evidence at trial, or otherwise making any argument or suggestion regarding, Acceleron's letters to Dell in September and October of 2007 (Dkts. 264-35, 264-36) and Dell's response to the September 2007 letter (Dkt. 309-10) because permitting Acceleron to introduce its correspondence with Dell would be of limited probative value, unduly prejudicial, and likely to cause confusion to the jury. See Fed. R. Evid. 402, 403.

14.     The Court should preclude Acceleron from providing any argument, evidence, or suggestion at trial that Dell copied or stole the purported invention of the '021 Patent, because there is no evidence to support such an allegation and because the use of such inflammatory words would cause undue prejudice and mislead the jury. *See* Fed. R. Evid. 402, 403.

15.     The Court should preclude Acceleron from introducing as evidence at trial, or otherwise making any argument or suggestion, that Dell has not entered into settlement negotiations with Acceleron or offered to settle this case because evidence regarding settlement negotiations is generally not admissible (Fed. R. Evid. 408), Dell has mediated with Acceleron and offered to settle this case, and any suggestion to the contrary would be inaccurate and should be excluded as prejudicial to Dell and confusing to the jury. Fed. R. Evid. 402, 403.

16.     The Court should preclude Acceleron from introducing any evidence at trial, or otherwise making any argument or suggestion, regarding social impact

investing or any charitable, humanitarian, or socially beneficial endeavors by Acceleron, its corporate parents, or anyone associated with Acceleron, including Robert Pattillo, Erika Norwood, Laura Putz, or anyone else associated with WWV Holdings, LLC or Gray Matters Capital, because these issues are irrelevant to the issues to be tried by the jury and are likely to lead to unfair prejudice and jury confusion by biasing the jury or giving the jury a belief or impression that any damages awarded to Acceleron might be used for a charitable purpose. *See* Fed. R. Evid. 402, 403.

Dated: May 1, 2020                        Respectfully submitted,

                                          /s/ Kevin J. Meek
                                          Kevin J. Meek

                                          Scott E. Taylor (Georgia Bar No. 785596)
                                          Andrew B. Flake (Georgia Bar No. 262425)
                                          Anuj Desai (Georgia Bar No. 193889)
                                          **ARNALL GOLDEN GREGORY LLP**
                                          171 17th Street Northwest, Suite 2100
                                          Atlanta, Georgia 30363
                                          Telephone: (404) 873-8728
                                          Facsimile: (404) 873-8729
                                          scott.taylor@agg.com
                                          andrew.flake@agg.com
                                          anuj.desai@agg.com

                                          William M. Ragland, Jr.
                                          Georgia Bar No. 591888
                                          Preston H. Heard
                                          Georgia Bar No. 476319
                                          **WOMBLE BOND DICKINSON (US) LLP**
                                          271 17th Street NW, Suite 2400
                                          Atlanta, GA 30363
                                          Telephone: 404-888-7466
                                          bill.ragland@wbd-us.com
                                          preston.heard@wbd-us.com

                                          *Of Counsel:*

                                          Kevin J. Meek (admitted *pro hac vice*)
                                          Paula D. Heyman (admitted *pro hac vice*)
                                          Nick Schuneman (admitted *pro hac vice*)
                                          Jennifer L. Nall (admitted *pro hac vice*)
                                          Valerie K. Barker (admitted *pro hac vice*)
                                          Tecuan Flores (admitted *pro hac vice*)
                                          Bailey P. Morgan (admitted *pro hac vice*)
                                          Ryan Clark *(*admitted *pro hac vice*)

7

**BAKER BOTTS L.L.P.**
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4078
Telephone: (512) 322-2500
Facsimile: (512) 322-2501
kevin.meek@bakerbotts.com
paula.heyman@bakerbotts.com
nick.schuneman@bakerbotts.com
jennifer.nall@bakerbotts.com
valerie.barker@bakerbotts.com
tecuan.flores@bakerbotts.com
bailey.watkins@bakerbotts.com
ryan.clark@bakerbotts.com

Roger Fulghum (admitted *pro hac vice*)
**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
roger.fulghum@bakerbotts.com

***ATTORNEYS FOR DEFENDANT/
COUNTERCLAIMANT DELL INC.***

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

The undersigned counsel hereby certifies that the foregoing **DEFENDANT DELL INC.'S MOTIONS *IN LIMINE*** was prepared using 14-point Times New Roman font and a top margin of 1½ inches in accordance with Northern District of Georgia Local Rule 5.1 (C) and (D).

Dated: May 1, 2020                    Respectfully submitted,

*/s/ Kevin J. Meek*_____
Kevin J. Meek