**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ACCELERON, LLC,<br><br>                    Plaintiff,<br><br>v.<br>DELL INC.,<br><br>                    Defendant. | Civil Action File No.:<br><br>1:12-cv-04123-TCB<br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF DEFENDANT**
**DELL INC.'S MOTIONS *IN LIMINE***

# **TABLE OF CONTENTS**

MIL 1.   ARGUMENT OR EXPERT TESTIMONY NOT PROPERLY DISCLOSED IN THE EXPERTS' REPORTS UNDER RULE 26 ..........1

MIL 2.   ARGUMENT OR EXPERT TESTIMONY ON INDIRECT INFRINGEMENT UNDER 35 U.S.C. §§ 271(B), (C), OR (F) ...............1

MIL 3.   CONCEPTION PRIOR TO NOVEMBER 16, 2000 ................................2

MIL 4.   RACEMI PRODUCTS OR COMPONENTS THEREOF AS EMBODYING THE CLAIMS OF THE '021 PATENT ..........................3

MIL 5.   DELL'S TOTAL REVENUE AND REVENUE FROM UNACCUSED PRODUCTS OR COMPONENTS ................................4

MIL 6.   ██████████████████ .................................................6

MIL 7.   CONTESTING THAT THE PTAB INVALIDATED CLAIMS 1 AND 2 OF THE '021 PATENT BASED ON THE HIPP REFERENCE IN AN *INTER PARTES* REVIEW .....................9

MIL 8.   NON-INSTITUTION OF *INTER PARTES* REVIEW OF CERTAIN CLAIMS OF THE '021 PATENT ........................10

MIL 9.   ARGUMENT CHARACTERIZING THE BURDEN OF PROOF FOR THE CLEAR AND CONVINCING STANDARD ........................11

MIL 10.  ARGUMENT OR EXPERT TESTIMONY THAT CLAIM 3 OF THE '021 PATENT REQUIRES AIR FLOW FROM THE FRONT TO THE REAR OF THE CADDIES ........................................12

MIL 11.  TESTIMONY BY ERIKA NORWOOD AND LAURA PUTZ .............13

MIL 12.  ARGUMENT, EVIDENCE, OR SUGGESTION THAT DELL WILLFULLY INFRINGED .................................................17

         A.   This District Does Not Recognize Post-Suit Willful Infringement ..........................................................18

B.     Acceleron's Pre-Suit Willfulness Claim Falls Far Short of the *Halo* Standard .......................................................................19

MIL 13.  THE 2007 LETTERS AND DELL'S RESPONSE .................................23

MIL 14.  SUGGESTION OF COPYING OR THEFT OF THE PURPORTED INVENTION BY DELL....................................................24

MIL 15.  ANY SUGGESTION THAT DELL DID NOT OFFER TO SETTLE THIS CASE................................................................................24

MIL 16.  ANY SUGGESTION REGARDING SOCIAL IMPACT INVESTING OR ANY CHARITABLE, HUMANITARIAN, OR SOCIALLY BENEFICIAL ENDEAVORS............................................25

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
    694 F.3d 1312 (Fed. Cir. 2012) ...........................................................7

*Adidas Am., Inc. v. Skechers USA, Inc.*,
    No. 3:16-CV-1400-SI, 2017 WL 2543811 (D. Or. June 12, 2017)...................19

*Andover Healthcare, Inc. v. 3M Co.*,
    No. CV 13-843-LPS, 2016 WL 6404111 (D. Del. Oct. 27, 2016).....................10

*Armsted Indus. Inc. v. Buckeye Steel Castings, Inc.*,
    24 F.3d 178 (Fed. Cir. 1994) .............................................................20

*Barron v. Fed. Reserve Bank of Atlanta*,
    129 F. App'x 512 (11th Cir. 2005) ....................................................14

*Carrier Corp. v. Goodman Glob., Inc.*,
    162 F. Supp. 3d 345 (D. Del. 2016).....................................................11

*CG Tech. Dev., LLC v. FanDuel, Inc.*,
    No. 2:16-CV-00801-RCJ-VCF, 2017 WL 58572 (D. Nev. Jan. 4,
    2017) ......................................................................................19

*Chemence Med. Prods., Inc. v. Quinn*,
    No. 1:11-CV-1366-CAP, 2014 WL 12538886 (N.D. Ga. Dec. 30,
    2014), *aff'd*, 685 F. App'x 701 (11th Cir. 2017)................................14

*Coca-Cola Co. v. Pepsico, Inc.*,
    No. CIV.A. 1:02-CV-2887-RWS, 2005 WL 5974444 (N.D. Ga.
    Mar. 17, 2005)............................................................................2

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)...................................................................2

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*,
    809 F.3d 1295 (Fed. Cir. 2015) ..........................................................5

*Cooper Lighting, LLC v. Cordelia Lighting, Inc.*,
No. 1:16-CV-2669-MHC, 2017 WL 3469535 (N.D. Ga. Apr. 6,
2017) ........................................................................................................18

*Davis v. Green*,
No. 1:12-cv-3549-WSD, 2015 WL 3505665 (N.D. Ga. June 8,
2015) ...........................................................................................14, 15, 17

*Dell, Inc. v. Acceleron, LLC*,
818 F.3d 1293 (Fed. Cir. 2016) ................................................................9

*Dodgson v. First Advantage Background Servs. Corp.*,
No. 1:16-CV-1894-ODE, 2019 WL 2306131 (N.D. Ga. Mar. 7,
2019) ........................................................................................................14

*Dorman Prods., Inc. v. Paccar, Inc.*,
201 F. Supp. 3d 663 (E.D. Pa. 2016)........................................................19

*Elbit Sys. Land & C4I Ltd. Hughes Network Sys., LLC*, No. 2:15-cv-
00037-RWS-RSP, Dkt. 450 (E.D. Tex. July 25, 2017)...........................11

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
No. 2:15-CV-1202-WCB, 2017 WL 2190055 (E.D. Tex. May 18,
2017) ...........................................................................................20, 21, 22

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014) ................................................................6

*Finjan, Inc. v. Sophos, Inc.*,
No. 14-CV-01197-WHO, 2016 WL 4560071 (N.D. Cal. Aug. 22,
2016) ........................................................................................................11

*Godwin v. Wellstar Health Sys., Inc.*,
No. 1:12-cv-3752-WSD, 2015 WL 7313399 (N.D. Ga. Nov. 19,
2015) ........................................................................................................14

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
897 F.2d 508 (Fed. Cir. 1990) ................................................................21

*Habersham Plantation Corp. v. Molyneux*,
    No. 10-61526-CIV- DIMITROULEAS, 2011 WL 13216995 (S.D.
    Fla. Dec. 5, 2011) ........................................................................................25

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ...........................................................................18, 21

*Hypermedia Navigation LLC v. Google LLC*,
    No. 18-cv-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2,
    2019) ...........................................................................................................20

*Interdigital Commc'ns Inc. v. Nokia Corp.*,
    No. CV 13-10-RGA, 2014 WL 8104167 (D. Del. Sept. 19, 2014) ...................11

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
    694 F.3d 51 (Fed. Cir. 2012) .........................................................................5

*Lewis v. New Prime Inc.*,
    No. 1:10-CV-1228-WSD, 2013 WL 6097568 (N.D. Ga. Nov. 20,
    2013) .............................................................................................................2

*Lewis v. United States*,
    No. 02-2958-STA-EGB, 2014 WL 3878894 (W.D. Tenn. Mar. 25,
    2014) ...........................................................................................................25

*Mitchell v. Ford Motor Co.*,
    318 F. App'x. 821 (11th Cir. 2009) ..............................................................15

*Odetics, Inc. v. Storage Tech. Corp.*,
    185 F.3d 1259 (Fed. Cir. 1999) ..................................................................7, 8

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed. Cir. 2005) (en banc) ......................................................13

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
    849 F.3d 1360 (Fed. Cir. 2017) ......................................................................6

*Proveris Sci. Corp. v. Innovasystems, Inc.*,
    536 F.3d 1256 (Fed. Cir. 2008) ......................................................................4

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
  No. 2:13-CV-213-JRG-RSP, 2015 WL 627430 (E.D. Tex. Jan. 31,
  2015) .................................................................................................... 10

*Slot Speaker Techs., Inc. v. Apple, Inc.*,
  No. 13-CV-01161-HSG, 2017 WL 4354999 (N.D. Cal. Sept. 29,
  2017) .................................................................................................... 21

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
  930 F.3d 1295 (Fed. Cir. 2019) ......................................................... 21

*Swipe Innovations, LLC v. NCR Corp.*,
  No. 1:13-CV-2219-TWT, 2013 WL 6080439 (N.D. Ga. Nov. 18,
  2013) .................................................................................................... 18

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) ........................................................... 5

*United States v. An Easement & Right-of-Way Over 1.58 Acres of
  Land*,
  343 F. Supp. 3d 1321 (N.D. Ga. 2018) ........................................ 14, 15

*Universal Elecs. Inc. v. Roku, Inc.*,
  No. SACV 18-1580 JVS (ADSx), 2019 WL 1877616 (C.D. Cal.
  Mar. 5, 2019) ....................................................................................... 21

*Välinge Innovation AB v. Halstead New England Corp.*,
  No. CV 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29,
  2018) .................................................................................................... 19

*Vitronics Corp. v. Conceptronic, Inc.*,
  90 F.3d 1576 (Fed.Cir.1996) .............................................................. 13

*Wis. Alumni Research Found. v. Apple, Inc.*,
  135 F. Supp. 3d 865 (W.D. Wis. 2015) .............................................. 10

STATUTES

35 U.S.C. § 314(d) .................................................................................. 10

Ga. Code Ann. § 15-11-303 (2019) ........................................................ 11

## OTHER AUTHORITIES

Fed. R. Civ. P. 26(a)(2)(B) ................................................................1, 2

Fed. R. Civ. P. 37(c)(1)...........................................................1, 14, 15

Fed. R. Evid. 402 ....................................................................passim

Fed. R. Evid. 403 ....................................................................passim

Fed. R. Evid. 408 ............................................................................24

Fed. R. Evid. 702(b)........................................................................3

Pursuant to this Court's March 19, 2020 Order (Dkt. 462), Defendant Dell Inc. ("Dell") respectfully submits the following motions *in limine*:

## MIL 1.   ARGUMENT OR EXPERT TESTIMONY NOT PROPERLY DISCLOSED IN THE EXPERTS' REPORTS UNDER RULE 26

Expert reports "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; [and] (ii) the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B). If a party fails to comply with Rule 26, it "is not allowed to use that information . . . to supply evidence . . . at a trial." Fed. R. Civ. P. 37(c)(1). Thus, Acceleron should be precluded from offering argument or expert testimony that goes beyond the opinions disclosed in its expert reports, or that discusses documents not cited in its experts' reports or lists of materials considered. *See also* Fed. R. Evid. 403.

## MIL 2.   ARGUMENT OR EXPERT TESTIMONY ON INDIRECT INFRINGEMENT UNDER 35 U.S.C. §§ 271(B), (C), OR (F)

Acceleron's experts should be precluded from suggesting or presenting any argument or evidence that Dell has indirectly infringed the '021 Patent under any of 35 U.S.C. §§ 271(b), (c), or (f), because Acceleron's experts did not offer opinions on those theories in their initial reports. Acceleron's technical expert, William Putnam, did not provide any opinion regarding indirect infringement in his initial expert report.[1] *See* MIL 1, *supra*. And its damages expert, Michael

---

[1] Mr. Putnam first opines regarding indirect infringement in his rebuttal report, the pertinent portions of which Dell has moved to strike. *See* Dkt. 450-1 at 21–22.

Milani, offered no opinion in his initial report that Acceleron is entitled to damages specifically for indirect infringement by Dell. As the party bearing the burden of proof, Acceleron must include "a complete statement of all opinions" on indirect infringement in its initial expert reports. Fed. R. Civ. P. 26(a)(2)(B); *see also* Dkt. 201 at 1 (setting deadline for "[e]xpert witness disclosures required by Rule 26 on the issues on which each bears the burden of proof"). Because Mr. Putnam and Mr. Milani did not provide any opinions on indirect infringement in their initial reports, they should not be permitted to present any testimony on that topic at trial. *See, e.g.*, *Lewis v. New Prime Inc.*, No. 1:10-CV-1228-WSD, 2013 WL 6097568, at *8 (N.D. Ga. Nov. 20, 2013) (granting motion *in limine* to exclude opinions not previously disclosed in reports); *Coca-Cola Co. v. Pepsico, Inc.*, No. CIV.A. 1:02-CV-2887-RWS, 2005 WL 5974444, at *1 (N.D. Ga. Mar. 17, 2005) (same).

Moreover, the Court should exclude any evidence or suggestion of ***pre-suit*** indirect infringement for the additional reason that Acceleron has no evidence that Dell knew of the patent and knew it was infringing. *See* MILs 12 and 13, *infra* (explaining that the Court previously found Acceleron's 2007 letters insufficient to put Dell on notice of infringement); *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (indirect infringement requires "requires knowledge of the patent in suit and knowledge of patent infringement").

## MIL 3.   CONCEPTION PRIOR TO NOVEMBER 16, 2000

The Court should preclude Acceleron from suggesting or presenting any argument or evidence that the asserted claims of the '021 Patent were conceived

prior to November 16, 2000—the date of the provisional patent application to which the '021 Patent claims priority—because Acceleron's expert disclosures do not rely on a priority date before November 16, 2000. *See* MIL 1, *supra*. Although Acceleron contends in an interrogatory response that the '021 Patent was conceived "at least as early as August 31, 2000," (Dkt. 233-4 at 13–14), its technical expert, Mr. Putnam, did not adopt that date and instead contended only that "the priority date for all Asserted Claims of the '021 Patent is November 16, 2000." Dkt. 264-12 at 18. Because Acceleron has no evidence to support its alleged August 31, 2000 conception date and its technical expert does not adopt or rely on that date for any of his validity opinions, any argument, evidence, or suggestion of an earlier conception date is irrelevant to the issues for trial in this case and would likely confuse the jury. *See* Fed. R. Evid. 402, 403.

## MIL 4.   RACEMI PRODUCTS OR COMPONENTS THEREOF AS EMBODYING THE CLAIMS OF THE '021 PATENT

The Court should preclude Acceleron from suggesting or presenting any argument or evidence that blade servers or components thereof developed by the original assignee of the '021 Patent—Racemi Systems—embody the claims or individual claim elements of the patent, because Acceleron has provided no evidence to support such an allegation. *See* MIL 1, *supra*; Fed. R. Evid. 702(b).

Acceleron's expert cannot testify that the claims of the '021 Patent read on Racemi products. Although Mr. Putnam discussed in general terms alleged efforts by Racemi to develop blade servers, he cited no evidence and, critically, never

opined (much less showed) that any Racemi product satisfies any claim limitations of the '021 Patent. Dkt. 264-2 ¶¶ 39–42; *see* MIL 1, *supra*. His list of materials considered also does not include any Racemi product documents or hardware. *See* Dkt. 264-2 at Ex. 2-1 to 2-6. Testimony that a Racemi product satisfies any claim limitations would therefore not be based on "sufficient facts or data" as required by Fed. R. Evid. 702(b). Mr. Putnam should thus be precluded from testifying that any Racemi product satisfies any claim limitations of the '021 Patent.

Furthermore, because mapping limitations of the '021 Patent claims to a specific product "is sufficiently complex to fall beyond the grasp of an ordinary layperson," Acceleron cannot establish that any Racemi products embody claims of the '021 Patent through lay testimony. *See Proveris Sci. Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008). Acceleron should be precluded from offering any argument, evidence, or suggestion that any Racemi blade server or component practices any claim limitations of the '021 Patent.

## MIL 5. DELL'S TOTAL REVENUE AND REVENUE FROM UNACCUSED PRODUCTS OR COMPONENTS

The Court should preclude Acceleron from suggesting or presenting any argument or evidence regarding Dell's total revenue or its overall revenue from servers, blade servers, or any other unaccused product or product line, because such information is irrelevant, is unfairly prejudicial, and would confuse the jury. *See* Fed. R. Evid. 402, 403. Acceleron's damages expert determined that only a ***portion*** of Dell's revenue from the accused products "is allocated to components

that are specifically called out by the Asserted Claims" and used that portion as his royalty base. *See* Dkt. 345 at 59-61 (adopting a royalty base of ███████████ █████████████████). Any other revenue—such as Dell's total revenue, its revenue from unaccused products, or its revenue from unaccused components of the accused products—is thus irrelevant and would confuse the jury and prejudice Dell because such revenue "cannot help but skew the damages horizon for the jury." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011).

Acceleron should therefore be precluded from presenting any argument or evidence regarding Dell's "overall revenues, which have no demonstrated correlation to the value of the patented feature alone, [would] only serve to make [Acceleron]'s proffered damages amount appear modest by comparison, and [would] artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'" *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012). For the same reasons, Acceleron should not be allowed to offer evidence or argument regarding Dell's revenue from entire classes of products, such as servers or blade servers. Moreover, because there is an "'important evidentiary principle' that 'care must be taken to avoid misleading the jury by placing undue emphasis on the value of the entire product,'" Acceleron should also not be allowed to present argument or evidence about revenue from the accused products beyond the amount Mr. Milani adopted as his royalty base. *Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*, 809

F.3d 1295, 1301 (Fed. Cir. 2015) (quoting *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014)).

Thus, the Court should preclude any argument, evidence, or suggestion regarding: Dell's total revenue; its overall revenue from servers, blade servers, or any product other than the specific products accused in this case; and any revenue from the accused products above the amount Mr. Milani opined is "allocated to components that are specifically called out by the Asserted Claims."

**MIL 6.** ███████████████████

Acceleron should be precluded from presenting ████████████ or any related testimony or argument at trial. ███████████████████ ████████████████████████████████

████ Dkt. 345 at 76–77. It poses a substantial danger of "unfair prejudice, confusing the issues, [and] misleading the jury" that outweighs its minimal probative value, *see* Fed. R. Evid. 403, for several reasons.

First, because ████████████████████████████ ████████████████████, it indicates at most a nuisance settlement rather than the value of the technology. Dkt. 186-18; *see Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1370 (Fed. Cir. 2017) (for early settlements, "of course, the litigation costs still to come at the time of settlement may loom large in parties' decisions to settle"). Second, the Agreement is not a comparable agreement because of ████████████████████████

6

██████████████████████████████████████████████████

████████████████████ Dkt 501-1 at Sch. 2.4. Third, the Agreement was signed on

██████████████████████████████████████████████████

███████████████████████). *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1332–33 (Fed. Cir. 2012) (affirming exclusion of an agreement because it "post-dated the hypothetical negotiation by four years"); *Odetics, Inc. v. Storage Tech. Corp.,* 185 F.3d 1259, 1276–77 (Fed. Cir. 1999) (affirming exclusion of licenses executed four and five years after the date of first infringement because "the age of the license agreements, in the context of the changing technology and 'financial landscape' at issue, made those agreements irrelevant for the hypothetical negotiation analysis").

Moreover, ███████████████████ would prejudice Dell and confuse the jury because it contains extraneous, confusing, and self-serving references to ████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████



Dkt. 186-18 § 4.1 (red underlining added). ██████████████████

████████████████████████████████████████████

███████████████████████. *Id.* § 4.2. But the accuracy and reliability of that

gratuitous statement is further undermined by the ██████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

*Id.* (red underlining added). The ████████████████████ serves no

legitimate purpose and is divorced from the actual obligations recited in the

Agreement. It is likely to mislead the jury by causing jurors to believe that the

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████. Regardless, any probative value of the ████████████████ is outweighed by its substantial prejudice to Dell. ████████ ██████ and any related testimony should therefore be excluded.

## MIL 7.   CONTESTING THAT THE PTAB INVALIDATED CLAIMS 1 AND 2 OF THE '021 PATENT BASED ON THE HIPP REFERENCE IN AN *INTER PARTES* REVIEW

The Court should preclude Acceleron from presenting any argument or evidence that contests the invalidity of Claims 1 and 2 of the '021 Patent as anticipated by U.S. Patent No. 6,757,748 ("Hipp"), as determined by the Patent Trial and Appeal Board ("PTAB") in IPR2013-00440, because it would be misleading to the jury regarding the status of those claims. *See* Fed. R. Evid. 403. The invalidity of Claims 1 and 2 is relevant to the case because asserted Claim 3 is a dependent claim that refers back to Claim 2, which itself depends from Claim 1, and asserted Claims 14–16 also depend from Claim 1. In the Final Written Decision in IPR2013-00440, the PTAB found, *inter alia*, that Claims 1 and 2 were anticipated by Hipp. Dkt. 260-66 at 26. On appeal, Acceleron did not challenge the PTAB's findings as to Claims 1 and 2. *See Dell, Inc. v. Acceleron, LLC*, 818 F.3d 1293, 1294–95 (Fed. Cir. 2016). All appeals of IPR2013-00440 have been exhausted and on January 10, 2019, the U.S. Patent and Trademark Office issued an *Inter Partes* Review Certificate canceling Claims 1 and 2 of the '021 Patent. Ex. 1 at 2. Additionally, Acceleron's discovery responses admit that the PTAB found Claim 1 anticipated by Hipp in IPR2013-00440. Dkt. 260-67 at 8 (RFA 921).

Therefore, any argument, evidence, or suggestion that Claims 1 and 2 were not found invalid as anticipated by Hipp by the PTAB would be misleading to the jury and should be precluded. Fed. R. Evid. 403.

## MIL 8.   NON-INSTITUTION OF *INTER PARTES* REVIEW OF CERTAIN CLAIMS OF THE '021 PATENT

The Court should preclude Acceleron from suggesting or presenting any argument or evidence regarding the PTAB's decision not to institute *inter partes* review ("IPR") on Claims 22–24 of the '021 Patent in IPR2013-00440 or its decision not to institute on any ground in IPR2013-00443, because it would be irrelevant, unduly prejudicial, and confusing to the jury. Fed. R. Evid. 402, 403. Such non-institution decisions are irrelevant because "[t]he PTAB's decision is not a final decision on validity, is based on different legal standards, and has no estoppel effect." *Andover Healthcare, Inc. v. 3M Co.*, No. CV 13-843-LPS, 2016 WL 6404111, at *2 (D. Del. Oct. 27, 2016); *see Wis. Alumni Research Found. v. Apple, Inc.*, 135 F. Supp. 3d 865, 874–75 (W.D. Wis. 2015); *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *5 (E.D. Tex. Jan. 31, 2015). Moreover, because the PTAB's decision not to institute is nonappealable, no court has reviewed the findings. 35 U.S.C. § 314(d). The decision not to institute IPR therefore has little, if any, probative value.

In addition, under Rule 403, the "marginal relevance [of non-institution decisions] . . . is greatly outweighed by the expenditure of time that would be required to give the jury the full context necessary to fairly evaluate the evidence.

10

Further, because of the complexity involved in giving the full context, there would also be a significant risk of confusion of the issues." *Interdigital Commc'ns Inc. v. Nokia Corp.*, No. CV 13-10-RGA, 2014 WL 8104167, at \*1 (D. Del. Sept. 19, 2014); *see Finjan, Inc. v. Sophos, Inc.*, No. 14-CV-01197-WHO, 2016 WL 4560071, at \*14 (N.D. Cal. Aug. 22, 2016). Here, any discussion of the irrelevant non-institution decisions would confuse the jury and prejudice Dell.

## MIL 9.   ARGUMENT CHARACTERIZING THE BURDEN OF PROOF FOR THE CLEAR AND CONVINCING STANDARD

The Court should preclude Acceleron from making any characterizations of the clear and convincing standard, as the standard will be addressed in the Court's jury instructions and any further characterization could confuse or mislead the jury. *See* Fed. R. Evid. 403. For example, Acceleron should be prohibited from asserting that this burden of proof for invalidating a patent claim is the same burden that is applied in Georgia for revoking parental custody of a child (Ga. Code Ann. § 15-11-303 (2019)), or using other analogies such as calling it the "red zone." *See, e.g.*, *Elbit Sys. Land & C4I Ltd. Hughes Network Sys., LLC*, No. 2:15-cv-00037-RWS-RSP, Dkt. 450, at 5 (E.D. Tex. July 25, 2017) (granting MIL regarding "argument concerning the burden of proof in a different area of law, e.g. the burden of proof required to commit an individual to an institution, revoke parental rights, or terminate life support" and "any analogy" of the same); *Carrier Corp. v. Goodman Glob., Inc.*, 162 F. Supp. 3d 345, 368–69 (D. Del. 2016) (declaring mistrial because counsel argued that clear and convincing was the burden to "take away

11

someone's kid," despite jury instruction to disregard). Such inflammatory statements should be precluded under Rule 403 because in light of the Court's instructions, the probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury.

**MIL 10. ARGUMENT OR EXPERT TESTIMONY THAT CLAIM 3 OF THE '021 PATENT REQUIRES AIR FLOW FROM THE FRONT TO THE REAR OF THE CADDIES**

The Court should preclude Acceleron and its technical expert, Mr. Putnam, from providing argument or testimony that Claim 3 of the '021 Patent requires air flow from the front to the rear of the caddies, as no such limitation exists in the claim and any argument or testimony to that effect would have no probative value and would instead mislead the jury.[2] *See* Fed. R. Evid. 402, 403. Claim 3 requires that the "caddies provid[e] air flow from the front to the rear *of the chassis*."[3] Dkt. 262-12 at 9:20–22 (emphasis added). Mr. Putnam opines that the prior art Ketris system does not satisfy that limitation, based on his conclusion that air flows vertically through—not from the front to the rear of—the Ketris *caddies*. Dkt. 264-12 ¶¶ 98–101, 108–09, 117–18, 129, 144, 150, 191–93. But, contrary to Mr. Putnam's opinion, Claim 3 does not require any specific direction of air flow

---

[2] Dell has also moved to exclude Mr. Putnam's opinions on this issue in a *Daubert* motion. *See* Dkt. 451 at 19–20.

[3] The Court recently held that "providing air flow" does not require the active provision of air flow, meaning that a ventilated enclosure that allows for, or directs, air flow meets the claim limitation. *See* Dkt. 482 at 12.

through the *caddies*. It requires that the air flows from the front to the rear of the *chassis*. Mr. Putnam thus contradicts the claim language by importing a new limitation that is not recited in the claim. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (en banc) ("[A] court should discount any expert testimony 'that is clearly at odds with the claim construction mandated by the claims themselves'"); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1584 (Fed.Cir.1996) (expert testimony may not "vary or contradict the claim language").

Because Claim 3 places no restriction on the direction of air flow through the *caddies*, Mr. Putnam's attempt to import such a restriction into the claims is irrelevant and likely to mislead the jury. Fed. R. Evid. 402, 403.

## MIL 11. TESTIMONY BY ERIKA NORWOOD AND LAURA PUTZ

The Court should preclude any testimony at trial by Erika Norwood and Laura Putz under Fed. R. Civ. P. 37(c)(1) because Acceleron did not identify either of these witnesses as required under Rule 26(a)(1)(A). Neither Acceleron's February 27, 2013 initial disclosures nor its December 20, 2018 supplemental initial disclosures list Ms. Norwood or Ms. Putz as individuals likely to have discoverable information. *See* Dkt. 150-5 at 4–6; Dkt. 327-9 at 4–6. Ms. Norwood was first identified as a potential trial witness in Acceleron's April 7, 2020 Pretrial Disclosures. Ex. 2 at F-1-1 (excerpt of pretrial disclosures). Ms. Putz was not identified as a potential witness until Acceleron served a Corrected Witness List on April 9, 2020—two days *after* the deadline for pretrial disclosures (Dkt. 462 at 2).

*See* Ex. 3 at F-1-2. Dell timely objected to both witnesses. *See* Ex. 4 at 2–3.

Because Acceleron did not list Ms. Norwood or Ms. Putz in its initial disclosures, those witnesses should be precluded from testifying at trial. Where, as here, "a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Precluding undisclosed witnesses is a "self-executing sanction for failure to make a disclosure." Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment; *see also Barron v. Fed. Reserve Bank of Atlanta*, 129 F. App'x 512, 519 (11th Cir. 2005) (noting the Rule is an effective enforcement mechanism of the disclosure requirement). This district has consistently applied Rule 37 to preclude testimony from witnesses not timely identified in Rule 26(a)(1)(A) initial disclosures. *See, e.g.*, *United States v. An Easement & Right-of-Way Over 1.58 Acres of Land*, 343 F. Supp. 3d 1321, 1339–41 (N.D. Ga. 2018).[4] Acceleron's failure to identify Ms. Norwood and Ms. Putz in its initial disclosures denied Dell the information it needed to efficiently and fairly litigate this case, and precluding these undisclosed witnesses from testifying at trial is the appropriate remedy. *See id.* at 1340.

---

[4] *See also Dodgson v. First Advantage Background Servs. Corp.*, No. 1:16-CV-1894-ODE, 2019 WL 2306131, at *11–12 (N.D. Ga. Mar. 7, 2019); *Godwin v. Wellstar Health Sys., Inc.*, No. 1:12-cv-3752-WSD, 2015 WL 7313399, at *2 (N.D. Ga. Nov. 19, 2015); *Davis v. Green*, No. 1:12-cv-3549-WSD, 2015 WL 3604891, at *2 (N.D. Ga. June 8, 2015); *Chemence Med. Prods., Inc. v. Quinn*, No. 1:11-CV-1366-CAP, 2014 WL 12538886, at *2–3 (N.D. Ga. Dec. 30, 2014), *aff'd*, 685 F. App'x 701 (11th Cir. 2017).

Acceleron cannot show that its failure to disclose Ms. Norwood and Ms. Putz in its Rule 26 disclosures was either "substantially justified or harmless," as it must to present them at trial. Fed. R. Civ. P. 37(c)(1); *Mitchell v. Ford Motor Co.*, 318 F. App'x. 821, 824 (11th Cir. 2009) ("The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party."). The nondisclosure of these witnesses was certainly not harmless. Because the Court's rules do not require parties to identify the subject of trial testimony in their pretrial disclosures, Acceleron's failure to identify Ms. Norwood and Ms. Putz in its initial disclosures under Rule 26 (which requires identifying the subject of discoverable information possessed by witnesses) leaves Dell guessing as to what these witnesses will testify about at trial. Such trial-by-ambush is clearly prejudicial to Dell. Fed. R. Evid. 403.

Acceleron may argue that its failure to include Ms. Norwood and Ms. Putz in its initial disclosures was justified because their names came up in other contexts in this case. Mere familiarity with these witnesses, however, cannot "justify [Acceleron's] failure to comply with [its] discovery obligations" to put Dell "on notice of the evidence that it must understand and with which it may have to contend at trial." *Davis v. Green*, No. 1:12-cv-3549-WSD, 2015 WL 3505665, at *2 (N.D. Ga. June 8, 2015). Indeed, what little information Acceleron and its witnesses provided about Ms. Norwood and Ms. Putz during discovery indicated that they were unlikely to have useful information. Although Acceleron ████

15

███████████████████████████████████████████████ in its Third Supplemental Response to Dell's Interrogatory No. 22 (Dkt. 327-18 at 9–10), it described the information in that supplemental response as "marginally relevant" and "low-yield" (Dkt. 233 at 1). Acceleron further underscored Ms. Norwood's lack of relevance to this case when Scott Wharton, Acceleron's President and sole 30(b)(6) witness, testified that ██████████████████████████████████ ████████ (Dkt. 327-11 at 89:24–91:3), and Acceleron's owner, Robert Pattillo, testified that ██████████████████████████████████ (Dkt. 327-1 at 209:15–16).

Unlike Ms. Norwood, Ms. Putz's name does not appear in any Acceleron discovery response. Dell's familiarity with her is limited to one letter from counsel ████████████████████████████████████████ (Dkt. 327-20 at 1) and two depositions, in which Acceleron witnesses described Ms. Putz as ████████ ████████████████████████████████████████ (Dkt. 327-1 at 14:23–15:2, 16:5–25, 157:20–158:1 (████████████ ████████████████████████████████████████ ████████████████████████████ ); Dkt. 327-11 at 58:20–24, 109:15–110:9, 114:5–116:24 (████████████████████████████ ████████████████████████████████████████ ████████ )). The scant, unremarkable references to Ms. Norwood and Ms. Putz during discovery provided Dell with no reason to believe either possessed

16

"evidence that [Dell] must understand and with which it may have to contend at trial." *Davis*, 2015 WL 3505665, at *2.

Acceleron indisputably failed to disclose either Ms. Norwood or Ms. Putz in its initial disclosures and that failure was neither justified nor harmless. Acceleron cannot cure the surprise and prejudice that would result from its disregard for the Rules of Civil Procedure. The Court should therefore preclude Acceleron from calling Erika Norwood and Laura Putz as witnesses at trial.

## MIL 12. ARGUMENT, EVIDENCE, OR SUGGESTION THAT DELL WILLFULLY INFRINGED

The Court should preclude Acceleron from suggesting or presenting any argument or evidence that Dell willfully infringed the '021 Patent. A suggestion that Dell's alleged infringement was willful would prejudice Dell in the eyes of the jury. Because Acceleron has insufficient evidence to support a finding of willful infringement under the *Halo* standard, any reference to willful infringement by Dell would be more prejudicial than probative. Fed. R. Evid. 403.

Acceleron asserts that Dell willfully infringed: (a) post-suit, by "manufacturing, selling, and/or offering to sell each of the products identified in Acceleron's infringement contentions . . . [and] introduc[ing] new products" after service of the complaint in this case; and (b) pre-suit, by "continu[ing] to make, use, sell, and offer to sell one or more of the Accused Products" after receiving letters from Acceleron in September and October of 2007 (Dkts. 264-35, 264-36) (the "2007 Letters"). Ex. 5 at 12–15. As discussed below, Acceleron's allegations

17

and evidence are insufficient to support a finding of willful infringement. For that reason, any mention of willful infringement at trial would be irrelevant, unduly prejudicial, and likely to confuse the jury. Fed. R. Evid. 402, 403.

### A.  This District Does Not Recognize Post-Suit Willful Infringement

Acceleron's post-suit willful infringement theory should be excluded as irrelevant and prejudicial, because Acceleron's allegations are insufficient as a matter of law. The Supreme Court explained that enhanced damages for willful infringement "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). That Dell continued to sell its products while defending itself against Acceleron's allegations is not extreme or egregious but is instead the typical response to a patent lawsuit. Finding willful infringement based on post-suit activity, as Acceleron asks the Court to do in this case, "could result in enhanced damages in *every* patent infringement suit." *Swipe Innovations, LLC v. NCR Corp.*, No. 1:13-CV-2219-TWT, 2013 WL 6080439, at *2 (N.D. Ga. Nov. 18, 2013) (emphasis in original). For that reason, at least two courts in this district have held that willful infringement cannot be based on post-filing conduct. *Id.* (holding that willful infringement "must necessarily be grounded exclusively in the accused infringer's *pre-filing conduct*"); *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-CV-2669-MHC, 2017 WL 3469535, at *3 (N.D. Ga. Apr. 6, 2017) ("Plaintiff's

18

willful infringement claim, which is based solely on Defendants' post-filing conduct, fails as a matter of law.").[5]

Acceleron's claim that Dell willfully infringed by continuing to sell the accused products post-suit is contrary to both the *Halo* standard and case law in this district rejecting post-suit willful infringement as a matter of law. And such unfounded allegations that Dell's alleged infringement was willful would certainly prejudice Dell before the jury. The Court should therefore exclude any argument, evidence, or suggestion by Acceleron that Dell willfully infringed after the filing of this suit, because it would be irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

### B. Acceleron's Pre-Suit Willfulness Claim Falls Far Short of the *Halo* Standard

Acceleron's pre-suit willful infringement theory should also be excluded as irrelevant and prejudicial because Acceleron's allegation that Dell continued to market its products after receiving the 2007 Letters cannot, as a matter of law, show willful infringement. First, the 2007 Letters are the type of "barebones assertions" courts have found insufficient to support a willfulness finding or even

---

[5] Other courts have reached the same conclusion. *See, e.g.*, *Välinge Innovation AB v. Halstead New England Corp.*, No. CV 16-1082-LPS-CJB, 2018 WL 2411218, at *10–12 (D. Del. May 29, 2018); *Adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:16-CV-1400-SI, 2017 WL 2543811, at *4 (D. Or. June 12, 2017); *CG Tech. Dev., LLC v. FanDuel, Inc.*, No. 2:16-CV-00801-RCJ-VCF, 2017 WL 58572, at *6 (D. Nev. Jan. 4, 2017); *Dorman Prods., Inc. v. Paccar, Inc.*, 201 F. Supp. 3d 663, 681 (E.D. Pa. 2016).

to send the issue of willfulness to the jury. *See, e.g., Hypermedia Navigation LLC v. Google LLC*, No. 18-cv-06137-HSG, 2019 WL 1455336, at *4 (N.D. Cal. Apr. 2, 2019) (dismissing willful infringement claim because even if a letter from plaintiff listing the asserted patents and the defendant's accused products "demonstrated pre-suit knowledge—which the Court does not conclude here—it is too far a stretch to convert [that letter] into a basis for willful infringement"); *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 2190055, at *1–2 (E.D. Tex. May 18, 2017) (granting defendant's Rule 50(a) motion of no willful infringement). At most, the 2007 Letters merely recited the patent number and invited Dell to discussions. *See* Dkt. 264-35 at ACC-0099454; Dkt. 264-36 at ACC-0099455. As the Court determined, the 2007 Letters "do not identify specific products or make any affirmative communication of a charge of infringement" and "do not contain . . . anything that even approximates [an] 'affirmative communication of a specific charge of infringement by a specific accused product or device.'" Dkt. 413 at 10, 12 (quoting *Armsted Indus. Inc. v. Buckeye Steel Castings, Inc.*, 24 F.3d 178, 187 (Fed. Cir. 1994)); *see* Dkt. 481 at 6.

Second, Acceleron does not accuse Dell of any conduct that rises to the level of egregiousness required to find willful infringement. At most, Acceleron alleges that Dell "continued to make, use, sell, and offer to sell one or more of the Accused Products" after it received the 2007 Letters. Ex. 5 at 12–15. Such a pedestrian allegation cannot support a finding of willful infringement. *See Halo*, 136 S. Ct. at

1932 ("[Enhanced] damages are generally reserved for ***egregious cases*** of culpable behavior." (emphasis added)). "The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Id.*; *also SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019). The pre-suit conduct Acceleron alleges does not rise to that extreme level. *Halo*, 136 S. Ct. at 1936 ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more*." (Breyer, J., concurring)).[6]

The *UroPep* case is instructive. In that case, the plaintiff alleged willful infringement based on the defendant's continued sale of the infringing Cialis products after receiving a letter that identified the asserted patent and stated that Cialis required a license for the accused product. *UroPep*, 2017 WL 2190055, at

---

[6] *See also Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510–11 (Fed. Cir. 1990) (There is no "universal rule that to avoid willfulness one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of suit."); *Universal Elecs. Inc. v. Roku, Inc.*, No. SACV 18-1580 JVS (ADSx), 2019 WL 1877616, at *14 (C.D. Cal. Mar. 5, 2019) (noting that the majority of district courts in the Ninth Circuit have held that "knowledge and continued infringement alone" are insufficient to support a claim for willful infringement); *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-CV-01161-HSG, 2017 WL 4354999, at *1–2 (N.D. Cal. Sept. 29, 2017) (holding that making and selling 14 new products after receiving notice of infringement was not willful infringement without further evidence of subjective intent).

*2. The court found the plaintiff's allegations insufficient to justify submitting the issue of willful infringement to the jury, noting that: the letter "was a barebones assertion of infringement" that did not "set out the strength of UroPep's infringement case or addressed the issue of validity"; plaintiff did not follow up on its initial letter; the defendant offered "substantial arguments as to the validity of the" asserted patent at trial; and the defendant had already developed the accused products before receiving the letter and, thus, had not copied the patent. *Id.* at *1–2. The case for pre-suit willfulness is even weaker here. The 2007 Letters not only did not set out the strength of Acceleron's infringement case or address the issue of validity, they ***did not even identify any accused Dell product***. As in *UroPep*, Dell's invalidity defenses are substantial (many have already proved successful at the PTAB), Dell received the barebones 2007 Letters only after it was marketing accused products, and Acceleron does not accuse Dell of copying its patent. Although Acceleron sent two letters, both lacked detail and implied that Acceleron did not intend to use them "for any litigation purposes whatsoever." Dkt. 264-35 at ACC-0099454 ("[W]e ask that you agree that all information exchanged between the parties will not be used for any litigation purposes whatsoever, including but not limited to any claim that Acceleron has asserted any rights against any of your ongoing or planned activities . . . ."); Dkt. 264-36 at ACC-0099455 ("By signing below, you agree that all information exchanged between the parties will not be used for any litigation purposes whatsoever . . . .").

Because Acceleron's allegations are insufficient to support a finding of pre-suit willful infringement, any evidence, argument, or suggestion regarding pre-suit willful infringement should be excluded from trial as irrelevant and more prejudicial than probative. Fed. R. Evid. 402, 403.

## MIL 13. THE 2007 LETTERS AND DELL'S RESPONSE

The Court should preclude Acceleron from introducing as evidence at trial, or otherwise making any argument or suggestion regarding, the 2007 Letters (Dkts. 264-35, 264-36) and Dell's response to the first 2007 Letter (Dkt. 309-10). Permitting Acceleron to introduce its correspondence with Dell would be of limited probative value, unduly prejudicial, and likely to cause confusion to the jury. *See* Fed. R. Evid. 402, 403.

Acceleron's letters could only serve two purposes at trial: (1) to show notice as a substitute for the marking requirement of 35 U.S.C. § 287(a); and/or (2) to support Acceleron's willful infringement claim. The Court already determined, however, that Acceleron's letters were "not sufficient to put Dell on notice" for purposes of 35 U.S.C. § 287. Dkt. 481 at 6. And as discussed in MIL 12, above, Acceleron cannot establish willful infringement and should be precluded from discussing it at trial. The letters thus have little or no probative value at trial and would only serve to confuse the jury and prejudice Dell. Fed. R. Evid. 402, 403. Therefore, the Court should preclude Acceleron from entering the letters into evidence at trial or making any argument or suggestion regarding the letters.

## MIL 14. SUGGESTION OF COPYING OR THEFT OF THE PURPORTED INVENTION BY DELL

The Court should preclude Acceleron from providing any argument, evidence, or suggestion at trial that Dell copied or stole the purported invention of the '021 Patent, because there is no evidence to support such an allegation and because the use of such inflammatory words would cause undue prejudice and mislead the jury. *See* Fed. R. Evid. 403. Acceleron has not alleged that Dell copied or stole from the '021 Patent. Indeed, Acceleron alleges in Mr. Milani's initial damages report that Dell first began selling infringing products in 2005 or 2006, well before Acceleron alleges Dell first knew of the '021 Patent in late 2007. *See* Dkt. 345 at 62; Ex. 5 at 12–15. Accordingly, Acceleron should be precluded from presenting argument, evidence, or suggestion that Dell copied or stole the purported invention of the '021 Patent because such inflammatory language is unsupported by the record and would confuse the jury and unduly prejudice Dell.

## MIL 15. ANY SUGGESTION THAT DELL DID NOT OFFER TO SETTLE THIS CASE

The Court should preclude Acceleron from introducing as evidence at trial, or otherwise making any argument or suggestion, that Dell has not entered into settlement negotiations with Acceleron or offered to settle this case. Evidence regarding settlement negotiations is generally not admissible. Fed. R. Evid. 408. Moreover, Dell **has** mediated with Acceleron and offered to settle this case, and any suggestion to the contrary would thus be inaccurate and should be excluded as prejudicial to Dell and confusing to the jury. Fed. R. Evid. 403.

**MIL 16.   ANY   SUGGESTION   REGARDING   SOCIAL   IMPACT INVESTING   OR   ANY   CHARITABLE,   HUMANITARIAN,   OR SOCIALLY BENEFICIAL ENDEAVORS**

The Court should preclude Acceleron from introducing any evidence at trial, or otherwise making any argument or suggestion, regarding social impact investing or any charitable, humanitarian, or socially beneficial endeavors by Acceleron, its corporate parents, or anyone associated with Acceleron, including Robert Pattillo, Erika Norwood, Laura Putz, or anyone else associated with WWV Holdings, LLC or Gray Matters Capital. These issues are irrelevant to the issues to be tried by the jury and are likely to lead to unfair prejudice and jury confusion by biasing the jury or giving the jury a belief or impression that any damages awarded to Acceleron might be used for a charitable purpose. *See* Fed. R. Evid. 402, 403. Other courts to consider this issue have excluded evidence and argument relating to charitable giving as irrelevant and unfairly prejudicial, and the Court should do the same. *See, e.g.*, *Lewis v. United States*, No. 02-2958-STA-EGB, 2014 WL 3878894, at *1 (W.D. Tenn. Mar. 25, 2014) (precluding evidence of involvement in charitable organizations and donations as irrelevant and "unfairly prejudicial because it could mislead the jury"); *Habersham Plantation Corp. v. Molyneux*, No. 10-61526-CIV-DIMITROULEAS, 2011 WL 13216995, at *10 (S.D. Fla. Dec. 5, 2011) (granting motion to exclude evidence of plaintiff's charitable or good acts).

Dated: May 1, 2020                    Respectfully submitted,

                                      /s/ Kevin J. Meek
                                      Kevin J. Meek

                                      Scott E. Taylor (Georgia Bar No. 785596)
                                      Andrew B. Flake (Georgia Bar No. 262425)
                                      Anuj Desai (Georgia Bar No. 193889)
                                      **ARNALL GOLDEN GREGORY LLP**
                                      171 17th Street Northwest, Suite 2100
                                      Atlanta, Georgia 30363
                                      Telephone: (404) 873-8728
                                      Facsimile: (404) 873-8729
                                      scott.taylor@agg.com
                                      andrew.flake@agg.com
                                      anuj.desai@agg.com

                                      William M. Ragland, Jr.
                                      Georgia Bar No. 591888
                                      Preston H. Heard
                                      Georgia Bar No. 476319
                                      **WOMBLE BOND DICKINSON (US) LLP**
                                      271 17th Street NW, Suite 2400
                                      Atlanta, GA 30363
                                      Telephone: 404-888-7466
                                      bill.ragland@wbd-us.com
                                      preston.heard@wbd-us.com

                                      *Of Counsel:*

                                      Kevin J. Meek (admitted *pro hac vice*)
                                      Paula D. Heyman (admitted *pro hac vice*)
                                      Nick Schuneman (admitted *pro hac vice*)
                                      Jennifer L. Nall (admitted *pro hac vice*)
                                      Valerie K. Barker (admitted *pro hac vice*)
                                      Tecuan Flores (admitted *pro hac vice*)
                                      Bailey P. Morgan (admitted *pro hac vice*)
                                      Ryan Clark *(*admitted *pro hac vice*)

26

**BAKER BOTTS L.L.P.**
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4078
Telephone: (512) 322-2500
Facsimile: (512) 322-2501
kevin.meek@bakerbotts.com
paula.heyman@bakerbotts.com
nick.schuneman@bakerbotts.com
jennifer.nall@bakerbotts.com
valerie.barker@bakerbotts.com
tecuan.flores@bakerbotts.com
bailey.watkins@bakerbotts.com
ryan.clark@bakerbotts.com

Roger Fulghum (admitted *pro hac vice*)
**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
roger.fulghum@bakerbotts.com

***ATTORNEYS FOR DEFENDANT/
COUNTERCLAIMANT DELL INC.***

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1</u>

The undersigned counsel hereby certifies that the foregoing **BRIEF IN SUPPORT OF DEFENDANT DELL INC.'S MOTIONS *IN LIMINE*** was prepared using 14-point Times New Roman font and a top margin of 1½ inches in accordance with Northern District of Georgia Local Rule 5.1 (C) and (D).

Dated: May 1, 2020

*/s/ Kevin J. Meek*
Kevin J. Meek

28