# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ACCELERON, LLC,<br>        Plaintiff,<br><br>v.<br><br>DELL INC.,<br>        Defendant. | Civil Action File No.:<br><br>1:12-cv-04123-TCB<br><br>JURY TRIAL DEMANDED |

# DELL'S RESPONSE TO ACCELERON'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION RE: <u>DELL'S MOTIONS *IN LIMINE*</u>

# **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| MIL 2. | ARGUMENT, EVIDENCE, OR EXPERT TESTIMONY ON INDIRECT INFRINGEMENT UNDER 35 U.S.C. §§ 271(B), (C), OR (F) | 1 |
| MIL 7. | CONTESTING THAT THE PTAB INVALIDATED CLAIMS 1 AND 2 OF THE '021 PATENT BASED ON THE *HIPP* REFERENCE IN AN IPR | 1 |
| MIL 8. | NON-INSTITUTION OF IPR OF CERTAIN CLAIMS OF THE '021 PATENT | 5 |
| MIL 9. | ARGUMENT CHARACTERIZING THE BURDEN OF PROOF FOR THE CLEAR AND CONVINCING STANDARD | 6 |
| MIL 16. | ANY SUGGESTION REGARDING SOCIAL IMPACT INVESTING OR ANY CHARITABLE, HUMANITARIAN, OR SOCIALLY BENEFICIAL ENDEAVORS | 7 |

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Andover Healthcare, Inc. v. 3M Co.*,
  No. CV 13-843-LPS, 2016 WL 6404111 (D. Del. Oct. 27, 2016)...................4, 5

*Carucel Invs., L.P. v. Novatel Wireless, Inc.*,
  No. 16-CV-118-H-KSC, 2017 WL 1215838 (S.D. Cal. Apr. 3, 2017)...............10

*CIBA Vision Corp. v. Bausch & Lomb, Inc.*,
  No. 2:99-CV-0034-RWS, 2003 WL 25774307 (N.D. Ga. Dec. 22, 2003)..........6

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632, 135 S. Ct. 1920 (2015).................................................................1

*Dell Inc. v. Acceleron, LLC*,
  IPR2013-00440, Paper 43 (PTAB Feb. 20, 2015)................................................3

*Dell Inc. v. Acceleron, LLC*,
  No. IPR2013-00440, 2014 WL 7326580 (PTAB Dec. 22, 2014)................1, 2, 3

*Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*,
  370 F. Supp. 3d 251 (D. Mass. 2019)..................................................................2

*Interdigital Commc'ns Inc. v. Nokia Corp.*,
  No. CV 13-10-RGA, 2014 WL 8104167 (D. Del. Sept. 19, 2014).......................5

*Koito Mfg. Co., Ltd. v. Turn-Key-Tech, L.L.C.*.........................................................8

*Old Chief v. United States*,
  519 U.S. 172 (1997). Dkt. 615.............................................................................8

*Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*,
  924 F.3d 1243 (Fed. Cir. 2019) .................................................................2, 3, 4

*Wis. Alumni Research Found. v. Apple, Inc.*,
  135 F. Supp. 3d 865 (W.D. Wis. 2015)...............................................................5

*XY, LLC v. Trans Ova Genetics*,
  890 F.3d 1282 (Fed. Cir. 2018) ..........................................................................2

**OTHER AUTHORITIES**

FED. R. EVID. 401 ................................................................................................8

FED. R. EVID. 403 ................................................................................................5

Defendant Dell Inc. ("Dell") submits the following responses to Acceleron's Objections (Dkt. 615) to the Special Master's Report and Recommendation Re: Dell's Motions *in Limine* (Dkt. 605, or "R&R").

**MIL 2. ARGUMENT, EVIDENCE, OR EXPERT TESTIMONY ON INDIRECT INFRINGEMENT UNDER 35 U.S.C. §§ 271(B), (C), OR (F)**

The sole basis for Acceleron's objection to the R&R regarding MIL 2 is the Court's recent determination to admit the untimely opinions of Acceleron's expert because they are harmless. Dkt. 615 at 1–2 (citing Dkt. 611 at 17). Dell respectfully submits that the late disclosure was not "harmless" under Rule 37(c)(1)—as evidenced most recently by the Special Master's recommendation that *Dell's* damages expert not be allowed to testify on indirect infringement. Dkt. 607 at 8–9.

But aside from Mr. Putnam's late disclosure, the Court should preclude Acceleron from presenting any argument, evidence, or testimony regarding *pre-suit* indirect infringement. As explained in both Dell's briefing in support of MIL 2 (Dkt. 547 at 2–3), and Dell's Objections to the R&R (Dkt. 613 at 1–2), Acceleron has no basis to allege that Dell had the required knowledge of the alleged infringement before filing of the complaint. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 135 S. Ct. 1920, 1926 (2015) (Indirect infringement "requires … knowledge of patent infringement."). Without this predicate, Acceleron should not be permitted to present any argument, evidence, or testimony about *pre-suit* indirect infringement.

**MIL 7. CONTESTING THAT THE PTAB INVALIDATED CLAIMS 1 AND 2 OF THE '021 PATENT BASED ON THE *HIPP* REFERENCE IN AN IPR**

Dell moved to prevent Acceleron from contesting the invalidity of Claims 1

and 2 of the '021 Patent based on collateral estoppel resulting from the prior IPR. While the Special Master overemphasizes prejudice and jury confusion, he reaches the correct conclusion "to preclude Acceleron from presenting any argument or evidence that contests the invalidity of Claims 1 and 2 of the '021 Patent as anticipated by the Hipp patent." R&R at 11–12.[1] Acceleron's objection, however, wrongly focuses on what arguments and information from the IPR may be presented to the jury. Dkt. 615 at 2–5. Acceleron even suggests that MIL 7 should be construed as a ruling that *Dell* cannot discuss aspects of the IPR. *Id.* at 4. These arguments are more applicable to Acceleron's MIL 4, and do not warrant overturning the Special Master's recommendation for MIL 7.

The PTAB found Claims 1 and 2 of the '021 Patent invalid as being anticipated by U.S. Patent No. 6,757,748 ("*Hipp*") (*Dell Inc. v. Acceleron, LLC*, No. IPR2013-00440, 2014 WL 7326580, at *5–6 (PTAB Dec. 22, 2014)), and the USPTO issued an IPR Certificate cancelling those and other claims.[2] Because all appeals have been exhausted, it is settled law that an IPR Final Written Decision triggers collateral estoppel in a future district court litigation, ***regardless*** of the different burdens and standards. *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282,

---

[1] Acceleron's technical expert, Mr. Putnam, did not include any opinions in his report that *Hipp* fails to satisfy a limitation that the asserted claims share with Claims 1 and 2. As such it is unclear what evidence from Acceleron is even in dispute.

[2] Dkt. 506-2 at 1:6; *U.S. Patent No. 6,948,021 Patent Images*, USPTO, https://pdfpiw.uspto.gov/
.piw?PageNum=0&docid=06948021&IDKey=&HomeUrl=%2F (last visited Aug. 5, 2020) (including IPR certificate as last two pages of '021 Patent).

1294 (Fed. Cir. 2018) ("[A]n affirmance of an invalidity finding, whether from a district court or the Board, has a collateral estoppel effect on all pending or co-pending actions."). As recognized by another district court, the Federal Circuit's holding in *XY* "rejected the argument, articulated in the dissent [in *XY*], that PTAB opinions should not have preclusive effect in district courts because of the tribunals' different standards of validity, different burdens of proof, and different standards of appellate review." *Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*, 370 F. Supp. 3d 251, 256 (D. Mass. 2019) (citing *XY*, 890 F.3d at 1300 (Newman, J., dissenting)).

Critically, under controlling Federal Circuit precedent, collateral estoppel from the PTAB's decision on Claims 1 and 2 also extends to **other claims** with the same limitations.[3] *Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1250–53 (Fed. Cir. 2019) (applying collateral estoppel from PTAB's determination on a limitation-by-limitation basis); *see also* Dkt. 547 at 6 (citing same). In *Papst*, the Federal Circuit held that because the patentee declined to pursue its appeal of a Final Written Decision in an IPR finding that a prior art reference disclosed a certain limitation, collateral estoppel prevented the patentee from disputing in a separate IPR whether the same prior art reference disclosed an identical limitation. 924 F.3d at 1249, 1252–53. Like the patentee in *Papst*, Acceleron declined to pursue an appeal of the PTAB's decision that *Hipp* anticipated each limitation of Claims 1 and 2. *Dell Inc. v. Acceleron, LLC*, IPR2013-00440, Paper 43 at 1 (PTAB Feb. 20, 2015) (Patent Owner's Notice of Appeal). Thus, just

---

[3] Every remaining asserted claim includes a limitation that overlaps with Claim 1.

like the patentee in *Papst*, Acceleron is now prohibited from disputing that the same reference (*Hipp*) discloses the same limitations in the asserted claims. *Papst*, 924 F.3d at 1252–53; *see* Dkt. 615 at 4 (admitting Claim 3 incorporates Claims 1 and 2).

Acceleron's reference to IPR estoppel under 35 U.S.C. § 315(e) is a red herring. *See* Dkt. 615 at 5. The Court already ruled that statutory estoppel does not apply (Dkt. 478 at 13), and Dell is not relying on *Hipp* alone for Claims 3 and 14–16 (Dkt. 251-3 at 6–7 (summarizing invalidity opinions)). Just like Acceleron, Dell is bound by the IPR ruling on *Hipp*. But statutory estoppel under § 315(e) is a separate issue from whether ***Acceleron*** is bound by collateral estoppel. Statutory estoppel limits the invalidity ***grounds*** that Dell can raise, while the Federal Circuit has held that collateral estoppel applies to the PTAB's determination that a ***limitation*** is disclosed by the prior art. *See Papst*, 924 F.3d at 1252–53.

Lastly, Acceleron complains that this MIL is "a backdoor attempt by Dell to tie Acceleron's hands at trial on invalidity" and that "Dell's true motive . . . is to restrict Acceleron's ability to defend against Dell's invalidity attack of claim 3 at trial." Dkt. 615 at 5. These complaints are facile: the Federal Circuit's doctrine of collateral estoppel under *Papst*—not Dell—limits Acceleron's invalidity defenses. Under that controlling law, the only issue remaining for the jury to consider on Claim 3 is whether the added "caddies" limitation renders the claim valid. Acceleron cannot be allowed to distract the jury from this issue by re-raising disputes that have been conclusively resolved. Thus, the Court should grant MIL 7.

**MIL 8.   NON-INSTITUTION OF IPR OF CERTAIN CLAIMS OF THE '021 PATENT**

MIL 8 relates solely to the two non-institution decisions in IPR2013-00440 and IPR2013-00443.[4] Dell submits—and the Special Master recommends (R&R at 13)—that the PTAB's decision not to institute an IPR on any claim should not be presented to the jury. The PTAB's non-institution decisions do not trigger collateral estoppel and do not affect either party's substantive rights at trial. *Andover Healthcare, Inc. v. 3M Co.*, No. CV 13-843-LPS, 2016 WL 6404111, at *2 (D. Del. Oct. 27, 2016) ("The PTAB's [non-institution] decision is not a final decision on validity, is based on different legal standards, and has no estoppel effect.").

Acceleron does not address prejudice to Dell in its objection. Instead, Acceleron focuses solely on the purported relevance of the non-institution decision to Acceleron's allegation of willfulness. Dkt. 615 at 6–7. But Rule 403 requires balancing the relevance of evidence against the danger of unfair prejudice, confusing the issues, or misleading the jury. FED. R. EVID. 403. The potential prejudice from the two non-institution decisions on Claim 24 is well recognized by other courts: "there is a great risk that the jury would conclude, incorrectly, that the Patent Office has twice held the [challenged] patent is nonobvious over prior art. Such a conclusion would likely unfairly prejudice the jury against [the patent challenger] before being asked to decide the same question." *Wis. Alumni Research Found. v. Apple, Inc.*, 135 F. Supp. 3d 865, 875 (W.D. Wis. 2015); *see also Andover*, 2016

---

[4] Acceleron only objects regarding the exclusion of these decisions relating to Claim 24, and not the portions relating to Claims 22 and 23. Dkt. 615 at 6.

WL 6404111, at *2 ("[T]he minimal (if any) probative value of the PTAB's [non-institution] decision is far outweighed by the risk of jury confusion and unfair prejudice to [the patent challenger]."); *Interdigital Commc'ns Inc. v. Nokia Corp.*, No. CV 13-10-RGA, 2014 WL 8104167, at *1 (D. Del. Sept. 19, 2014) (holding "marginal relevance" of non-institution decision is "greatly outweighed" by time required to give jury appropriate context).

In addition, Acceleron's sole argument with respect to relevance of the non-institution decision is based on a new theory not disclosed during discovery. As Dell noted in its briefing in support of MIL 8, Dell served a contention interrogatory requesting Acceleron to identify "the factual basis for Your allegation that Dell's alleged infringement of the '021 Patent is willful." Dkt. 506-6 at 12; *see also* Dkt. 547 at 8. Acceleron *never* identified the non-institution decision as a basis for its willfulness allegations. Dkt. 506-6 at 12–15. Because Acceleron did not identify the non-institution decisions in response to Dell's interrogatory, Acceleron should not be permitted to rely on the decisions now. *See CIBA Vision Corp. v. Bausch & Lomb, Inc.*, No. 2:99-CV-0034-RWS, 2003 WL 25774307, *2–3 (N.D. Ga. Dec. 22, 2003) (excluding argument not disclosed in response to contention interrogatory). The Court should adopt the R&R and grant MIL 8.

**MIL 9.   ARGUMENT CHARACTERIZING THE BURDEN OF PROOF FOR THE CLEAR AND CONVINCING STANDARD**

Acceleron's entire opposition to MIL 9 stated: "Acceleron will refer to the burden of proof for invalidity as 'clear and convincing evidence' and characterize

that burden in a manner consistent with the jury instructions and controlling precedent." Dkt. 541 at 11. Acceleron did not explain its position or argue why MIL 9 was objectionable. Having previously not opposed, Acceleron should not now be permitted to raise new arguments in its objections.

It is further unclear what relief Acceleron seeks. First, Acceleron indicates that the basis for its objections is a dispute between the parties in the jury instructions about "clear and convincing evidence." Dkt. 615 at 7–8. That dispute should be resolved in the context of the jury instruction.[5] Second, Acceleron concedes that it "has no material objection to the core issue underlying this MIL 9." *Id.* at 8. Acceleron then pivots to ask the Court to enter a further motion *in limine* against Dell. *Id.* ("Acceleron simply requests that it apply equally to both parties."). This request is both improper and untimely. Thus, the Court should grant MIL 9.

**MIL 16. ANY SUGGESTION REGARDING SOCIAL IMPACT INVESTING OR ANY CHARITABLE, HUMANITARIAN, OR SOCIALLY BENEFICIAL ENDEAVORS**

The Special Master correctly recognized that Acceleron should not be allowed to tell the jury about "any charitable, humanitarian, or socially beneficial endeavors by Acceleron, its corporate parents, or anyone associated with Acceleron." R&R at 26. Such evidence is not only prejudicial to Dell, but wholly irrelevant to the merits of this case. Tellingly, Acceleron fails to address prejudice to Dell and fails to apply the balancing test required by Federal Rule of Evidence 403. As explained below, FRE 403 requires that this prejudicial evidence be excluded. Even more, the

---

[5] Notably, Acceleron knew about and understood the jury instruction dispute before making its single-sentence response to MIL 9. *See* Dkt. 513-20 at 40.

7

evidence that Acceleron seeks to introduce is not about itself. Instead, Acceleron seeks to tell the jury that its corporate parent, W.W.V. Holdings, LLC, has a charitable purpose "to help women in third world countries[.]" Dkt. 615 at 10 (quoting Dkt. 547-5 at 55:9–16). This contravenes Acceleron's own contention during discovery that information "concerning non-party individuals and entities that may have an interest in Acceleron . . . is not relevant to any party's claim or defense in this case." Dkt. 233-7 at 1.

The only probative value that Acceleron suggests for W.W.V. Holdings' alleged charitable purpose is a vague reference to "the importance of permitting parties to provide background information for contextual purposes as part of the parties' narrative presentations." Dkt. 615 at 9. This argument fails and does not explain how evidence of a **non-party's** charitable purpose will help the jury resolve any disputed fact in this patent case. *See* FED. R. EVID. 401 (defining relevance).

The cases Acceleron cites for this point fail to support its argument that such prejudicial information is admissible. For example, Acceleron quotes *Old Chief v. United States*, 519 U.S. 172, 183 (1997). Dkt. 615 at 9. But a review of the case shows that Acceleron takes the quote out of context. In *Old Chief*, the Supreme Court held that a district court abused its discretion under Rule 403 by admitting **too much** background, narrative information. 519 U.S. 172 at 191–92. The Supreme Court recognized that because the narrative information was "likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair

prejudice did substantially outweigh the discounted probative value of the [additional narrative information.]" *Id.* at 191. Similarly, while the district court in *Koito Mfg. Co., Ltd. v. Turn-Key-Tech, L.L.C.* did allow "limited background information about [the parties'] businesses to place the issues in context," Acceleron fails to include that the district court specifically ***cautioned against*** testimony that "ventures too far afield, either playing on jurors' sympathies or prejudices." No. 02-CV-0273 H JFS, 2003 WL 25674799, at *7 (S.D. Cal. Apr. 10, 2003). Neither *Old Chief* nor *Koito* actually held that a party's prejudicial background information survived scrutiny under FRE 403—and certainly not the prejudicial background information for a related non-party.

Weighed against this lack of probative value, there is an obvious risk of unfair prejudice to Dell. If the jury believes that money awarded to Acceleron will be used for a charitable purpose, then the jury may be more inclined to find in favor of Acceleron, or to award Acceleron more money. This prejudice is so plain that Dell will not belabor the issue.

Acceleron's complaint that it would be unfair to exclude "evidence produced from discovery that Dell sought and that the Court explicitly allowed" (Dkt. 615 at 11) is unsupported and ignores the applicable Federal Rules. The scope of discovery allowed under FRCP 26 is broader than admissibility under FRE 402 and 403—information that is produced in discovery may be excluded from trial for any number of reasons. Moreover, Dell made its arguments about how discovery into W.W.V.

9

Holdings *could* be relevant without the benefit of knowing what information would actually be discovered. In contrast, Acceleron was fully aware of its own corporate background when it asserted that information about such non-party entities is irrelevant. For all the foregoing reasons, the Court should grant MIL 16.

However, if the Court allows Acceleron to present evidence about its alleged charitable purpose, then Dell expects to counter with evidence showing that Acceleron's actions and purpose are not in fact charitable or praise-worthy. This would include evidence on what Acceleron actually does with its money (e.g., Dkt. 343-3), evidence concerning the self-dealing transaction whereby Acceleron acquired the '021 Patent (e.g., Dkt. 326-36), evidence of Acceleron's misuse of Racemi's confidential information, evidence of Acceleron's misconduct in enforcing the '021 Patent, and/or evidence generally about Acceleron's management (e.g., W.W.V. Holdings, LLC, and Robert Pattillo).[6] Similarly, Dell should also be allowed to present its own evidence about charitable, humanitarian, or socially-beneficial actions by Dell and its affiliates—there is no reason to prejudice the jury with evidence of charity and good works by only one party.[7]

---

[6] Such evidence also may be relevant to other issues at trial. Acceleron has agreed that use of this evidence for purposes other than unclean hands "is outside the scope of [its MIL 9] and can be addressed by objection at trial." Dkt. 550 at 13 n.11.

[7] Acceleron mischaracterizes the parties' dispute regarding Acceleron's MIL 8. Dell will not refer to Acceleron as a "patent troll." Dkt. 544 at 19. However, Dell submits that it is appropriate to refer to Acceleron with accurate terms like "non-practicing entity" or "patent assertion entity," which other Courts have allowed as neutral alternatives to "patent troll." *Id.* (citing *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, No. 16-CV-118-H-KSC, 2017 WL 1215838, at *14 (S.D. Cal. Apr. 3, 2017)).

Dated: August 7, 2020

Respectfully submitted,

*/s/ Kevin J. Meek*
Kevin J. Meek

Scott E. Taylor (Georgia Bar No. 785596)
Andrew B. Flake (Georgia Bar No. 262425)
Anuj Desai (Georgia Bar No. 193889)
**ARNALL GOLDEN GREGORY LLP**
171 17th Street Northwest, Suite 2100
Atlanta, Georgia 30363
Telephone: (404) 873-8728
Facsimile: (404) 873-8729
scott.taylor@agg.com
andrew.flake@agg.com
anuj.desai@agg.com

William M. Ragland, Jr.
Georgia Bar No. 591888
Preston H. Heard
Georgia Bar No. 476319
**WOMBLE BOND DICKINSON (US) LLP**
271 17th Street NW, Suite 2400
Atlanta, GA 30363
Telephone: 404-888-7466
bill.ragland@wbd-us.com
preston.heard@wbd-us.com

*Of Counsel:*

Kevin J. Meek (admitted *pro hac vice*)
Paula D. Heyman (admitted *pro hac vice*)
Nick Schuneman (admitted *pro hac vice*)
Jennifer L. Nall (admitted *pro hac vice*)

11

Valerie K. Barker (admitted *pro hac vice*)
Bailey P. Morgan (admitted *pro hac vice*)
Ryan Clark (admitted *pro hac vice*)
**BAKER BOTTS L.L.P.**
98 San Jacinto Boulevard, Suite 1500
Austin, Texas 78701-4078
Telephone: (512) 322-2500
Facsimile: (512) 322-2501
kevin.meek@bakerbotts.com
paula.heyman@bakerbotts.com
nick.schuneman@bakerbotts.com
jennifer.nall@bakerbotts.com
valerie.barker@bakerbotts.com
bailey.watkins@bakerbotts.com
ryan.clark@bakerbotts.com

Roger Fulghum (admitted *pro hac vice*)
**BAKER BOTTS L.L.P.**
One Shell Plaza
910 Louisiana Street
Houston, Texas 77002-4995
Telephone: (713) 229-1234
Facsimile: (713) 229-1522
roger.fulghum@bakerbotts.com

*ATTORNEYS FOR DEFENDANT/COUNTERCLAIMANT DELL INC.*

12

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned counsel hereby certifies that the foregoing **DELL'S RESPONSE TO ACCELERON'S OBJECTIONS TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATION RE: DELL'S MOTIONS *IN LIMINE*** was prepared using 14-point Times New Roman font and a top margin of 1½ inches in accordance with Northern District of Georgia Local Rule 5.1 (C) and (D).

Dated: August 7, 2020

*/s/ Kevin J. Meek*
Kevin J. Meek