IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ACCELERON, LLC,

     Plaintiff,

v.

DELL, INC.,

     Defendant.

CIVIL ACTION FILE

NO. 1:12-cv-4123-TCB

# **O R D E R**

This case comes before the Court on Defendant Dell, Inc.'s motion

[635] for reconsideration. Also before the Court are Acceleron's

outstanding motions [506] in limine.

## I.    **Legal Standards**

### A.    **Motion for Reconsideration**

The Federal Rules of Civil Procedure do not specifically authorize

motions for reconsideration. Local Rule 7.2(E) provides that motions for

reconsideration are not to be filed "as a matter of routine practice," but

only when "absolutely necessary." A party may move for reconsideration only when at least one of the following three elements exists: (1) the discovery of new evidence; (2) an intervening development or change in the controlling law; or (3) the need to correct a clear error or manifest injustice. *Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995).

A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court could have done it better the first time." *Id.* (internal punctuation omitted). In other words, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.,* 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); *see also Godby v. Electrolux Corp.*, Nos. 1:93-cv-0353-ODE, 1:93-cv-126-ODE, 1994 WL 470220, *1 (N.D. Ga. May 25, 1994) ("A motion for reconsideration should not be used to reiterate arguments that have previously been made. . . . [It is an improper use of] the motion to

reconsider to ask the Court to rethink what the Court has already thought through—rightly or wrongly.") (citation omitted); *In re Hollowell*, 242 B.R. 541, 542–43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal. Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued.") (citation omitted).

B.      **Review of Special Master's R&R on Motions in Limine**

The standard of review for a special master's report is set forth in Federal Rule of Civil Procedure 53, unless the Court has ordered or the parties have agreed otherwise. Here, they have not.

When reviewing a special master's factual conclusions, a "court must decide de novo all objections to findings of fact made or recommended by a master . . . ." FED. R. CIV. P. 53(f)(3). Factual findings not objected to will be reviewed for clear error. *See Martin v. Univ. of S. Ala.*, 911 F.2d 604, 608 (11th Cir. 1990) ("[F]indings of fact made by a Special Master must be accepted by the district court unless clearly erroneous."). Similarly, "[t]he court must decide de novo all objections to

3

conclusions of law made or recommended by a master." FED. R. CIV. P. 53(f)(4).

After reviewing the special master's factual and legal conclusions under the appropriate standard, the Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit [them] to the master with instructions." *Id.* at 53(f)(1).

## II.   Discussion

### A.   Motion for Reconsideration

Dell moves for reconsideration of this Court's July 24 order [611] denying its motion [451] to exclude the testimony of William Putnam. Specifically, Dell argues that the Putnam order is inconsistent with the Court's order [477] striking portions of the rebuttal invalidity report of Dell's technical expert, William Michalson, based on substantially the same facts. It asserts that the unequal treatment in considering the untimely opinions of Dell's expert relative to Acceleron's expert is a manifest injustice.

In particular, Dell's motion centers around the following. In the Michalson order, the Court determined that Acceleron was prejudiced

by a new, untimely opinion raised in Michalson's rebuttal invalidity report. The Court came to this decision despite Acceleron's opportunity to question Michalson about the untimely opinion at Michalson's deposition (which occurred after Dell received the rebuttal report).

In contrast, in the Putnam order, the Court determined that Dell was *not* prejudiced by a new, untimely opinion raised in Putnam's rebuttal infringement report because Dell could have addressed the opinion during his deposition and moved to submit a supplemental report earlier in the litigation.

Acceleron responds that the circumstances were different. Specifically, it asserts that Acceleron moved to strike Michalson's new opinions approximately two months after Dell served his rebuttal report and before the parties filed motions for summary judgment, whereas Dell moved to strike Putnam's opinions nine months after Acceleron served his rebuttal report and after the special master issued R&Rs on motions for summary judgment. Acceleron further highlights that Dell did not seek to strike the paragraphs of Putnam's report when it filed motions to strike other portions of his report for being untimely.

The Court has conducted a thorough review of the briefing on

Michalson and Putnam. The issue comes down to this: were the parties

prejudiced by the untimely disclosure of the new expert opinions despite

the opportunity to question the experts about the new opinions at their

depositions? The case law is in opposition. On one hand, Acceleron

previously cited *Witness Systems, Inc. v. Nice Systems, Inc.*, No. 1:04-cv-

2531-CAP, 2007 WL 9698278, at *2 (N.D. Ga. Oct. 12, 2007), which held

that the opportunity to depose the expert after receipt of a late report[1]

ameliorates any prejudice. On the other hand, Dell cited *Gaddy v. Terex*

*Corp.*, No. 1:14-cv-1928-WSD, 2017 WL 3276684, at *4 (N.D. Ga. Aug. 2,

2017), which rejected the argument that the opportunity to depose the

expert would cure any prejudice due to the late disclosure.

In this case, the Court declines to allow the testimony. Though

both parties had the opportunity to depose the witnesses in the case,

they were deprived of the opportunity to develop and introduce

competing evidence. The new opinions by the experts were substantive

---

[1] The analysis in *Witness Systems* applied to a supplemental report but applies equally here.

6

and may or may not have been addressed adequately during a deposition. Accordingly, the Court will not allow Putnam's testimony. The court will partially vacate section II.B of its order [611] and grants Dell's motion [451] to exclude paragraphs 268–270 of Putnam's rebuttal report.

> In light of this decision, Acceleron argues that the Court
>
> should reject Dell's back door attempts to remove indirect infringement from the case entirely and instead, make clear that (1) Mr. Putnam can still testify on all opinions of his initial report that serve as the foundation for the three summary statements; and (2) that striking paragraphs 268–270 does not prevent Acceleron from presenting its indirect infringement case.

[641] at 29.

Dell replies that Putnam should not be permitted to testify as to indirect infringement because the excluded paragraphs are the only portions of the expert reports that address indirect infringement.

The Court finds that all of Putnam's indirect infringement opinions have been excluded. To the extent Acceleron argues that portions of Putnam's expert reports support indirect infringement, it cannot argue that Putnam should be permitted to testify on all opinions

that serve as a foundation for his summary statements, but then preclude Dell from essentially doing the same as it relates to Claim 24, *see infra section II.B.2*. Therefore, Putnam may not testify as to indirect infringement at trial.

## B. Motions in Limine

### 1. Motion in Limine 3 – Andrien's Testimony on Indirect Infringement Damages

In light of the Court's decision on the motion for reconsideration, the motion is denied as moot.

### 2. Motion in Limine 11 – the Alleged Invalidity of Claim 24 as an Issue to Be Decided at Trial

The R&R recommends granting Acceleron's motion to preclude Dell from offering any testimony or evidence on the alleged invalidity of claim 24. Dell objects because it "has invalidity arguments for Claim 24 that were neither challenged by nor eliminated as a result of Acceleron's motion to strike certain portions of Dr. Michalson's rebuttal report related to limitation 24[e]." [620] at 15. Dell also argues that any

late disclosure was harmless because Acceleron could have addressed Michalson's opinion during his deposition. [2]

Acceleron responds that the only remaining paragraph supporting Michalson's invalidity opinion is a conclusion paragraph and that the claim charts are not expert opinions. Acceleron also argues that it would be prejudiced if Michalson is permitted to testify.

The Court finds that Michalson's rebuttal report is void of any opinions that support the invalidity of claim 24[e]. Moreover, the Court has already taken exception to its previous order that any late disclosure is harmless—here, the late disclosure was not harmless. Acceleron was deprived of the opportunity to respond to Michalson's opinions. The special master properly concluded that the intent of the Court's previous order was to preclude Michalson from opinion about claim element 24[e], and Dell's objection will be overruled.

---

[2] Dell again argues that the Court held that Michalson could testify to all opinions not stricken and ignores that the Court also held that it could further limit Michalson's testimony.

## III. Conclusion

For the foregoing reasons, Dell's motion [635] for reconsideration is granted. The Court overrules Dell's objections [620] to the R&R [607] and adopts as its order the R&R as to motions in limine 3 and 11. Acceleron's motions [506] in limine are granted in part.

IT IS SO ORDERED this 14th day of September, 2020.


_____
Timothy C. Batten, Sr.
United States District Judge