**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ACCELERON, LLC,<br><br>         Plaintiff,<br>   v.<br><br>DELL INC.,<br>         Defendant. | Civil Action File No.<br>1:12-CV-04123-TCB |

**PLAINTIFF ACCELERON, LLC'S OPENING BRIEF IN SUPPORT OF
ITS MOTION TO ALTER OR AMEND JUDGMENT TO INCLUDE
<u>PRE- AND POST-JUDGMENT INTEREST</u>**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 1

II.     SUMMARY OF THE ARGUMENT .................................................... 2

III.    ARGUMENT ........................................................................................ 2

        A.      Acceleron is Entitled to Pre- and Post-Judgment Interest .................... 2

                1.      Pre-judgment Interest is Warranted. ........................................ 2

                2.      Post-Judgement Interest is Warranted. ..................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*,
  807 F.2d 964 (Fed. Cir. 1986)...........................................................................4, 5

*Brunswick Corp. v. United States*, 36 Fed. Cl. 204 (Fed. Cl. 1996).........................5

*Comcast IP Holdings I LLC v. Spring Commc'ns Co., L.P.*,
  850 F.3d 1302 (Fed. Cir. 2017)..................................................................................3

*Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, No. 8:10CV187,
  2016 U.S. Dist. LEXIS 62346 (D. Neb. May 11, 2016)....................................5, 6

*Gen. Motors Corp. v. Devex Corp.*,
  461 U.S. 648 (1983) ....................................................................................................3

*Goodwall Constr. Co. v. Beers Constr. Co.*,
  824 F. Supp. 1044 (N.D. Ga. 1992) ......................................................................3, 5

*Hologic, Inc. v. Minerva Surgical, Inc.*,
  No. 1:15-cv-1031, 2019 U.S. Dist. LEXIS 74204 (D. Del. May 1, 2019)............5

*Intervet Am. Inc. v. Kee-Vet Labs.*,
  No. 2:86cv73, 1991 U.S. Dist. LEXIS 19831 (N.D. Ga. Oct. 31, 1991) ..............5

*John Mezzalingua Assocs. v. Antec Corp.*,
  No. 3:01-CV-482-J-25HTS, 2002 U.S. Dist. LEXIS 26294 (M.D. Fla. Oct. 21,
  2002)...............................................................................................................................2

*Nickson Indus., Inc. v. Rol Mfg. Co.*,
  847 F.2d 795 (Fed. Cir. 1988)...................................................................................3

*Schwendimann v. Arkwright Advanced Coating*,
  959 F.3d 1065 (Fed. Cir. 2020)..................................................................................3

*Sensonics, Inc. v. Aerosonic Corp.*,
  81 F.3d 1566 (Fed. Cir. 1996)...................................................................................3

*Transmatic, Inc. v. Gulton Industries, Inc.*,

180 F.3d 1343 (Fed. Cir. 1999)...........................................................................2

*Unilin Beheer B.V. v. US Wood Flooring, Inc.*,
   No. 2:15cv553, 2018 U.S. Dist. LEXIS 244511 (M.D. Fla. Dec. 21, 2018).........6

*Uniroyal, Inc. v. Rudkin-Wiley Corp.*,
   939 F.2d 1540 (Fed. Cir. 1991).........................................................................5

**Statutes**

28 U.S.C. § 1961 ...........................................................................................6, 7

35 U.S.C. § 284 ...................................................................................................2

O.C.G.A. § 51-12-14(c) .......................................................................................6

Pursuant to Fed. R. Civ. P. 59(e), a party may move the Court to amend a judgment following a trial. Accordingly, Plaintiff Acceleron, LLC ("Acceleron") hereby submits its brief in support of its Motion to Alter or Amend Judgment to Include Pre- and Post-Judgment Interest.

## I.   INTRODUCTION

Acceleron filed this case on November 28, 2012, alleging that Defendant Dell willfully infringed one or more claims of U.S. Patent No. 6,948,021 ("the '021 Patent"). Following an 8-day jury trial, the jury returned a verdict finding that Dell directly and indirectly infringed the '021 Patent. *See* Doc. 742. As a result of Dell's infringement of Claim 3, the jury awarded Acceleron a lump sum of $2,100,000.00.

On September 23, 2021, the Court entered judgment in favor of Acceleron and awarded Acceleron $2,100,000.00 in damages for Dell's infringement of Claim 3 of the '021 Patent. Doc. 738. On September 28, 2021, the Court entered an amended judgment to state that Claims 20 and 24 were invalid and Claim 24 was not infringed. Doc. 750. However, neither the original nor the amended judgment provide for the recovery of interest. *Id.*

Therefore, for the foregoing reasons and as explained in more detail below, Acceleron requests that the Court amend its judgment to award Acceleron post-judgment interest on Dell's infringing sales. Acceleron also requests that the Court award pre-judgment interest on the total damages award.

## II.   SUMMARY OF THE ARGUMENT

1.   Acceleron should be awarded pre-judgment interest calculated at the Georgia state statutory rate, but in no event less than the prime rate, and compounded quarterly on the damages award.

2.   Acceleron should be awarded post-judgment interest on the total unpaid damages owed to Acceleron and the pre-judgment interest awarded by the Court.

## III.   ARGUMENT

Courts in the Eleventh Circuit have invoked Rule 59(e) to correct damage awards that were improperly calculated, and to include prejudgment interest to which a party was entitled. *See John Mezzalingua Assocs. v. Antec Corp.*, No. 3:01-CV-482-J-25HTS, 2002 U.S. Dist. LEXIS 26294 (M.D. Fla. Oct. 21, 2002) (citing *Transmatic, Inc. v. Gulton Industries, Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999)).

### A.   Acceleron is Entitled to Pre- and Post-Judgment Interest.

The jury found that Dell infringed the '021 Patent and awarded Acceleron a lump sum of $2,100,000.00. Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Court should amend the judgment to enter an award of both pre-judgment and post judgment interest.

### 1.   Pre-judgment Interest is Warranted.

"Prejudgment interest on a damages award for patent infringement 'is the rule' under 35 U.S.C. § 284." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574

(Fed. Cir. 1996). The purpose of prejudgment interest is "to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). An award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole, since damages consist not only of the value of the royalty payments but also of the foregone use of the money between the time of infringement and the date of the judgment. *Id.* at 655-56; *see also Sensonics*, 81 F.3d at 1574 (prejudgment interest "serves to make the patent owner whole, for damages properly include the forgone use of money of which the patentee was wrongly deprived").

"Any award of prejudgment interest should generally cover the time period from the beginning of the infringement to the date of the judgment." *Goodwall Constr. Co. v. Beers Constr. Co.*, 824 F. Supp. 1044, 1058 (N.D. Ga. 1992) (citing *Nickson Indus., Inc. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988)). "Where a jury awards a lump-sum amount as compensation for infringement, the prejudgment interest is properly applied to the entire amount beginning on the first date of infringement." *Schwendimann v. Arkwright Advanced Coating*, 959 F.3d 1065, 1076 (Fed. Cir. 2020); *see also Comcast IP Holdings I LLC v. Spring Commc'ns Co., L.P.*, 850 F.3d 1302, 1315 (Fed. Cir. 2017) (affirming the "district court's assessment of prejudgment interest against [an infringer] based on the entire royalty award" where the jury awarded a lump-sum amount).

3

Here, there is no dispute that the first date of infringement was September 20, 2005, the date of issuance of the '021 Patent. Dell's damages expert, Jeffrey Andrien, testified at trial: ███████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████ Ex. A, Trial Tr. (Rough) Day 7, 210:8-22. Moreover, the instruction to the jury stated that: "A reasonable royalty is the royalty that would have resulted from a hypothetical license negotiation…in September 2005…." Doc. 740 at 44. As such, prejudgment interest is properly applied to the entire amount of the jury's award of $2,100,000.00 beginning on September 20, 2005.

"The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986). In exercising its discretion, the court "must be guided by the purpose of prejudgment interest, which is to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement." *Id.* Further, "'the merits of the infringer's challenges to the patent are immaterial,'" because the purpose of such interest is to 'adequately compensate' the patent holder for the forgone use of the money it was entitled to." *Goodwall Constr. Co.*, 824 F. Supp. at 1058 (citing *Bio-Rad Labs*, 807 F.2d at 969).

"The court 'may award interest at or above the prime rate.'" *Id.* at 1058 (citing *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 939 F.2d 1540, 1545 (Fed. Cir. 1991). Further, courts most often compound interest, as compounding is more likely to place the patentee in the same financial position it otherwise would have held had royalties been timely paid. *Brunswick Corp. v. United States*, 36 Fed. Cl. 204, 219 (Fed. Cl. 1996); *see also Bio-Rad Labs*, 807 F.2d at 969 ("courts have approved annual compounding and even daily compounding."). In a patent case, "[g]enerally, the interest rate should be fixed as of the date of infringement, with interest then being awarded from that date to the date [the judgment is actually paid.]" *Hologic, Inc. v. Minerva Surgical, Inc.*, No. 1:15-cv-1031, 2019 U.S. Dist. LEXIS 74204 at *18 (D. Del. May 1, 2019) (vacated on other grounds) (quoting *Exmark Mfg. Co. v. Briggs & Stratton Power Prods. Grp., LLC*, No. 8:10CV187, 2016 U.S. Dist. LEXIS 62346 (D. Neb. May 11, 2016)).

This court, as well as other courts in the Eleventh Circuit, have awarded prejudgment interest at or above the prime rate, or at the state statutory rate, in patent infringement cases. *See, e.g., Goodwall Constr. Co.*, 824 F. Supp. at 1058 (Forrester, J.) (awarding prejudgment interest at the prime rate plus two percent compounded annually in patent infringement case); *Intervet Am. Inc. v. Kee-Vet Labs.*, No. 2:86cv73, 1991 U.S. Dist. LEXIS 19831, at *4 (N.D. Ga. Oct. 31, 1991) (O'Kelley, J.) (awarding prejudgment interest at Georgia state statutory rate in patent infringement case); *Unilin Beheer B.V. v. US Wood Flooring, Inc.*, No. 2:15cv553,

2018 U.S. Dist. LEXIS 244511, at *18 (M.D. Fla. Dec. 21, 2018) (awarding prejudgment interest at Florida state statutory rate in patent infringement case).

Acceleron respectfully requests the Court to order prejudgment interest on the lump sum award of $2,100,000.00 from September 20, 2005 to September 23, 2021, at the Georgia state statutory rate – but no less than the prime rate – compounded quarterly, as of the date infringement. *See Exmark Mfg. Co.,* 2016 U.S. Dist. LEXIS 62346, at *2 ("the interest rate should be fixed as of the date of infringement"). Exhibit B hereto provides exemplary prejudgment interest calculations at both the Georgia state statutory rate of 9.75% (*see* O.C.G.A. § 51-12-14(c)) as of the date of infringement [$7,708,293 in interest, for total damages of $9,808,293] and the prime rate of 6.75%[1] as of the date of infringement [$4,018,718 in interest, for total damages of $6,118,718], compounded quarterly, for the Court's reference.[2]

## 2. Post-Judgement Interest is Warranted.

Post-judgment interest is required under 28 U.S.C. § 1961, which provides "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant

---

[1] *See* Exhibit C, report from the Federal Reserve indicating a prime rate of 6.75% as of September 20, 2005. Downloaded from
https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15

[2] Acceleron will also provide a live Excel spreadsheet version of this document to the Court and to Dell for their consideration.

maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." *Id*. That rate as of the week of September 13, 2021 was .07%. *See* https://www.federalreserve.gov/release/h15/. Further, post-judgment interest on judgments is "computed daily to the date of payment." 28 U.S.C. § 1961(b). Accordingly, Acceleron respectfully requests the Court to order post-judgment interest, computed daily, at a rate equal to the weekly average 1-year constant maturity Treasury yield.

Respectfully submitted this 21st day of October, 2021.

/s/ *N. Andrew Crain*
N. Andrew Crain
Georgia Bar No. 193081
*a.crain@thip.law*
Cynthia J. Lee
Georgia Bar No. 442999
*c.lee@thip.law*
Dan R. Gresham
Georgia Bar No. 310280
*d.gresham@thip.law*
Eric G. Maurer
Georgia Bar No. 478199
*e.maurer@thip.law*
Robert D. Gravois
Georgia Bar No. 600183
*r.gravois@thip.law*
Andrea P. Nguyen
Georgia Bar No. 306931

_a.nguyen@thip.law_
**THOMAS | HORSTEMEYER, LLP**
3200 Windy Hill Rd SE
Suite 1600E
Atlanta, Georgia 30339
Telephone:  770.933.9500
Facsimile:  770.951.0933

_Attorneys for Plaintiff Acceleron, LLC_

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

The undersigned hereby certifies that the foregoing was prepared in Times New Roman 14 point, which is one of the font and point selections approved by the Court under Local Rule 5.1B.

*/s/ N. Andrew Crain*

N. Andrew Crain
Georgia Bar No. 193081
*Attorney for Plaintiff Acceleron, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ACCELERON, LLC,<br><div align="center">Plaintiff,</div><br>v.<br><br>DELL INC.,<br><div align="center">Defendant.</div> | Civil Action File No.<br>1:12-CV-04123-TCB |

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 21, 2021, the foregoing was filed using the Court's ECF system, which will automatically send electronic notice of such filing to all attorneys of record.

<div align="right">

*/s/ N. Andrew Crain*
N. Andrew Crain
Georgia Bar No. 193081
*Attorney for Plaintiff Acceleron, LLC*

</div>